1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

NYLYSHA STARVION BELAFON
ARADON, CAREY ALLEN HAYES, A.H., a
minor, A.L., a minor,

                         Plaintiffs,

    v.

SNOHOMISH COUNTY and its
SNOHOMISH COUNTY SUPERIOR
COURT, and the SNOHOMISH COUNTY
VOLUNTEER GUARDIAN AD LITEM
PROGRAM; SUSAN WALKER and JOHN
DOE WALKER, individually and the marital
community; KIRSTEN HAUGEN and JOHN
DOE HAUGEN, individually and the marital
community; and, SARA DI VITTORIO and
JOHN DOE DI VITTORIO, individually and
the martial community,

                         Defendants.

CASE NO.   20-2-15374-5 SEA

**COMPLAINT FOR DAMAGES**

Plaintiffs, through Patrick A. Trudell, P.S., WSBA #11363, Scott Bowen, P.S.,

WSBA #10605, Kornfeld, Trudell, Bowen & Lingenbrink, PLLC, and Michael Withey,

WSBA #4787, Law Office of Michael Withey, allege the following:

COMPLAINT FOR DAMAGES - 1

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822.2200 Telephone
425.822-0783 Fax

## I. JURISDICTION AND VENUE

1.1     This action is brought pursuant to Article I, Section 3 of the Washington State Constitution, and pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments of the Constitution of the United States.

1.2     The jurisdiction of the court is pursuant to Article IV, Section 6 of the Washington State Constitution.

1.3     Venue is proper at the King County Superior Court pursuant to RCW 36.01.050 as it is the nearest judicial district to Snohomish County.

1.4     A Claim for Damages form was filed with Snohomish County on June 19, 2020.

1.5   The related case of *Dependency of A.E.T.H.*, Cause No:  20-7-00809-3 SEA, has been assigned to a judge  of this court and involves the same parties, relevant facts, legal issues and controlling law as in that case as stated by the Washington State Court of Appeals at  9 Wn. App. 2d. 502, 509, 446 P.3d 667, 672 (Div. One 2019).  Judicial efficiency justifies assigning this case to the judge in the related case.

## II. PARTIES

2.1     Plaintiff Nylysha Starvion Belafon Aradon (Aradon) is a resident of Snohomish County, Washington.  Aradon is the mother of A.H., born on February 24, 2013. She has been separated from A.H. with limited visitation since February 28, 2013.  Aradon is also the mother of A.L. born January 6, 2016.  A.L. resides with Aradon and Hayes.  Aradon will petition the court for appointment of a Guardian Ad Litem to articulate the best interest of A.H.

COMPLAINT FOR DAMAGES - 2

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

2.2     Plaintiff Carey Allen Hayes (Hayes) is a resident of Snohomish County, Washington.  Hayes is the father of A.H.  He has been separated from his daughter with limited visitation since February 28, 2013.  Hayes is also the father of A.L.

2.3     Plaintiff A.H. is the daughter of plaintiffs Aradon and Hayes, who was born on February 24, 2013.  She has been separated from her parents with limited visitation since four days after birth, and from her brother since his birth.  The separation of A.H. from her parents led to the dependency and termination action giving rise to this case.

2.4     Plaintiff A.L. is the son of Aradon and Hayes, and the younger brother of A.H.  Although A.L. resides with his parents, he has been unable to know his sister and bond with her since his birth and continuing.

2.5     Defendant Snohomish County through the Snohomish County Superior Court and its VGAL Program (Court Program) recruits, trains, supervises and maintains volunteer Guardian Ad Litem's who investigate, file reports and make recommendations in parental dependency and termination cases.  The Court Program often acts as a second GAL in a Snohomish County parental dependency and termination case.

2.6     Defendant Susan Walker (Walker) is a citizen of Washington and was a Snohomish County VGAL Program Coordinator at all relevant times in this action.  She is a defendant in her individual capacity and as an employee of Snohomish County.   When the initial VGAL in this action died in January of 2015 Walker was appointed by the court as the GAL for A.H.   All acts and omissions of Susan Walker alleged herein were performed on behalf of Susan Walker individually, and on behalf of her marital community with John Doe Walker, and on behalf of Snohomish County.

2.7     Defendant Kirsten Haugen (Haugen) was at all relevant times a staff attorney for the Snohomish County Superior Court VGAL Program.  She is a defendant in her

COMPLAINT FOR DAMAGES - 3

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

individual capacity and as an employee of Snohomish County.  Haugen represented Walker in the termination action.  Haugen engaged in and conducted discovery matters with Sara Di Vittorio.   All acts and omissions of Kirsten Haugen were performed on behalf of Kirsten Haugen individually, on behalf of her marital community with John Doe Haugen and on behalf of Snohomish County.

2.8     Defendant Sara Di Vittorio (Di Vittorio) was at all relevant times the Deputy Snohomish County Prosecutor who represented the Snohomish County Superior Court. She is a defendant in her individual capacity and as an employee of Snohomish County.  Di Vittorio provided legal advice to the VGAL Program, engaged in discovery matters on behalf of the Court Program, and represented the Court Program in court.   All acts and omissions of Sara Di Vittorio were performed on behalf of Sarah Di Vittorio individually, on behalf of her marital community with John Doe Di Vittorio and on behalf of Snohomish County.

### III. STATEMENT OF FACTS

3.1     Nylysha Aradon is a recovering drug addict who entered a medically supervised drug rehabilitation methadone program in October 2012.

3.2     In February 2013 Aradon remained on the methadone program while she was expecting a child in February.

3.3     On February 24, 2013 A.H. was born to Aradon and Hayes.

3.4     Four days after the birth of A.H., the Washington Department of Social and Health Services (DSHS) removed A.H. from Aradon's custody and placed her with a foster parent where she has resided since her removal.

3.5     On February 28, 2013 DSHS filed a dependency petition in Snohomish County placing A.H. within the Snohomish County Superior Court dependency process.

COMPLAINT FOR DAMAGES - 4

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

3.6     On May 23, 2013 A.H. was found dependent by Snohomish County Superior Court Presiding Judge Linda Krese.   Judge Krese ordered the parents to engage in services and gave each parent four hours of supervised visitation per week.

3.7     Successful parental visitation is essential in navigating through the dependency process.

3.8     Judge Krese appointed Denise T. Estabrook (Brook) as the Volunteer Guardian ad Litem (VGAL), along with the VGAL Court Program.   Court Program staff members are Snohomish County employees.

3.9     During her time in the case Brook committed breaches of her duty of care.

3.10    Although Program Coordinator Susan Walker knew Brook was giving adoption assurance to the foster mother, in violation of program protocol, Walker took no action to halt the assurance practice, to reprimand Brook, or inform the parties in the termination action.

3.11    Brook communicated with the foster mother using her personal email rather than the county email supplied by the Court Program.

3.12    Brook's use of her personal email for Court Program purposes rendered the emails unavailable for discovery.

3.13    Court Program coordinator Walker knew that Brook used her personal email for case related communication but took no action to stop the practice or provide the communications to the parties.

3.14    Brook emailed the foster mother unredacted department reports with confidential information.

COMPLAINT FOR DAMAGES - 5

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

3.15    Brook called Court Program coordinator Walker and told her she had been caught by DSHS sharing confidential information with multiple parties. Despite the fact sharing of this confidential information violated Court Program rules, Walker took no action, and chose not to contact DSHS to investigate the specifics of Brook's unauthorized conduct.

3.16    Aradon desired to attend A.H.'s medical appointments, as such attendance assists in parent reunification, but the Court Program withheld and concealed the identity of A.H.'s medical providers.

3.17    At the foster mother's request the Court Program did not allow Aradon to attend any of her daughter's medical appointments.

3.18    Aradon and Hayes were not permitted to know the name of A.H.'s doctor, the clinic where she treated, or the pharmacy where A.H.'s prescriptions were filled.

3.19    VGAL Brook urged the foster mother to make a restrictive food list for A.H. during visits.  The foster mother created a restrictive food list saying it was based on allergy concerns of A.H.'s doctor.

3.20    In fact the restrictive food list for A.H. was false.  A.H. was never considered medically fragile with allergy problems.

3.21    The Court Program supported the foster mother's false restrictive food list.  Court Program Walker claimed the food list was made in conjunction with medical staff because Brook was a retired nurse.

3.22    The Court Program pushed the restrictive food diet for A.H. knowing there was no support for the restricted food list in A.H.'s medical records.

3.23    The Court Program asked to have the parents' visitation terminated if the parents failed to adhere to the restrictive list.  At the Court Program's urging the restrictive

COMPLAINT FOR DAMAGES - 6

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

food list was included in the court's parental visitation order.  This was done after the Court Program learned A.H. had no food allergies.

3.24    Brook died in January of 2015.  In February 2015 the superior court appointed Brook's Court Program coordinator, Susan Walker, as Brook's replacement.

3.25    After her appointment Walker breached the standard of care of a GAL. During her seven month tenure as GAL in A.H.'s case, Walker contacted one service provider for one parent, observed one parent during one visit with A.H., chose not to speak with either parent, failed to contact any of A.H.'s medical providers and chose not to inform either parent that A.H. no longer had a restricted diet.

3.26    On August 26, 2015 A.H's six day parental termination trial started with Snohomish County Superior Court Judge Anita Farris presiding.  GAL Walker testified at the trial.

3.27    Judge Farris found GAL Walker's termination trial testimony to be "uninformed, inconsistent, dishonest, and biased." *Dependency of A.E.T.H.*, 9 Wn. App. 2d. 502, 509, 446 P.3d 667, 672 (Div. One 2019).

3.28    GAL Walker testified at the termination trial that she could not recall if VGAL Brook sent the parents' criminal records to the foster parent's adoption agency.  In Walker's cross examination Aradon's attorney introduced an email obtained from the VGAL program during discovery that referenced an attachment appearing to be criminal records. Judge Farris ordered the VGAL program to produce the attachment.

3.29    The attachment revealed that GAL Walker was the person who requested and sent the criminal records to VGAL Brook.  VGAL Brook then illegally sent the criminal records to the foster parent's adoption agency.

COMPLAINT FOR DAMAGES - 7

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

3.30    Judge Farris determined GAL Walker was deliberately untruthful about her knowledge of the email attachment.

3.31    Shortly after the termination trial, Aradon's attorney filed a formal complaint against GAL Walker.

3.32    In October of 2015 Aradon's attorneys filed a motion to remove Walker as GAL based on her misconduct.

3.33    Following the filing of the Walker removal motion, Sara Di Vittorio, the lead counsel with the civil division of the Snohomish County Prosecutor's Office, wrote a threatening letter on behalf of the Court Program to Aradon's attorneys.  In the letter Di Vittorio demanded they "cease disclosing" confidential information about VGALs in court filings, and in conversations with other members of the legal community, or the Court Program would "consider further legal steps."

3.34    Kristen Haugen, a staff attorney for the VGAL program, who also represented Walker, met with Di Vittorio and other lawyers and administrators for the superior court and discussed Aradon's motion to remove Walker.

3.35    Di Vittorio advised Haugen to oppose Aradon's motion to remove Walker by filing a motion to strike and redact based on CR 11 and mischaracterization of a local confidentially rule.  Di Vittorio's assistance to Haugen, who represented a party adverse to the parents of A.H., was not disclosed to the parents' attorneys or the court.

3.36    In February of 2016 Judge Farris held hearings on discovery and GAL misconduct.

3.37    Judge Farris found VGAL staff attorney Haugen offered untruthful testimony during the hearings.

COMPLAINT FOR DAMAGES - 8

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

3.38    Judge Farris found VGAL program attorneys engaged in abusive litigation tactics for improper purposes during the parental termination proceedings. In this regard, VGAL Brook's entire hard copy file mysteriously disappeared without a trace or any explanation during post-trial proceedings about VGAL misconduct during the parental termination process.

3.39    During the parental termination proceedings the VGAL program engaged in document dumps, destroyed or withheld case-related emails, and made false or misleading statements to cover up misconduct.

3.40    The head administrator for the Snohomish County Superior Court advised attorney Haugen to place blanket objections on any discovery request, and to refuse to produce documents prior to a discovery conference at VGAL offices.

3.41    Judge Farris found the way the VGAL program was operated, denied the parties the due process right to an impartial judge.

3.42    On May 17, 2017 Judge Farris recused herself finding that as a Snohomish County Superior Court Judge she cannot be impartial because there is no ethical boundary, protocol or firewall separating the superior court and its judges from the Court Program and the termination action.

3.43    Despite recusing herself Judge Farris entered an order terminating the parental relationship between A.H. and her parents.

3.44    In *Dependency of AETH*, the Washington State Court of Appeals reversed the termination order of Judge Farris. (*See* Paragraph 3.27).

3.45    Defendants violated the appearance of fairness doctrine and the procedural and substantive due process rights of A.H.'s parents because the dependency, the

COMPLAINT FOR DAMAGES - 9

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

termination trial and the post-trial proceedings occurred in a biased tribunal where the superior court advocated against the parents.

3.46    Defendants are collaterally estopped to deny the findings of fact stated in the *Dependency of AETH* opinion for all causes of actions stated in this Complaint.

3.47 Defendants are collaterally estopped to deny the holdings of the court of appeals in its opinion that defendants violated the substantive and procedural due process rights of plaintiffs.  (See Paragraphs 3.27).

3.48 The Washington State Court of Appeals ruling meets all of the criteria for the application of collateral estoppel in this matter, including that:

3.48.1 The factual and legal issues decided by the court of appeals are identical with the ones presented in this case.  The court of appeals, in finding that defendants violated the due process rights of plaintiffs applied the same legal standard as is presented in the 42 USC Section 1983 claims and other claims in this case brought by plaintiffs;

3.48.2 The prior adjudication ended in a final judgment on the merits in that the Washington State Supreme Court denied review of the court of appeals opinion and  the case was remanded to this court;

3.48.3 Defendants were parties, in privity with parties to the prior adjudication; and/or were witnesses in the case and were fully acquainted with the proceedings' character and object and were interested in its results;

3.48.4 Application of the collateral estoppel doctrine in this case is just and does not serve an injustice.

COMPLAINT FOR DAMAGES - 10

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

3.49   Snohomish County's VGAL Court Program was a party and Snohomish County was in privity with the VGAL Court Program in *Dependency of AETH*.

## IV.  FIRST CAUSE OF ACTION

## SNOHOMISH COUNTY

## NEGLIGENT ADMINISTRATION OF THE PARENTAL

## DEPENDENCY AND TERMINATION PROGRAM

Plaintiffs incorporate by reference Paragraph 1.1 through 3.49.

4.1   In 1977 the Washington State Legislature passed the Juvenile Court Act in cases relating to the dependency of a child and the termination of the parent-child relationship.

4.2   In the act the legislature declares the family unit is a fundamental resource of American life which should be nurtured.

4.3   Jurisdiction for a dependency/termination action lies in the superior court in the county where the alleged dependent child resides.

4.4   In a dependency/termination action the county superior court must appoint a Guardian ad Litem (GAL) for a child.  This requirement is satisfied if the child is represented by an independent attorney.

4.5   A Guardian ad Litem is a person appointed by the county superior court to represent the best interests of the child.  The GAL's investigation and report are intended to ensure the county superior court's decision is in the best interest of the child.

4.6   The GAL's role is to investigate and collect relevant information about the child's situation, bring forward any changes in circumstances, and make recommendations based on an independent investigation regarding the best interests of the child.

COMPLAINT FOR DAMAGES - 11

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

4.7     A GAL must maintain independence, objectivity and the appearance of fairness in dealing with parties and professionals, both in and out of the courtroom.

4.8     The Juvenile Court Act allows county superior courts to establish and maintain a Guardian ad Litem program. RCW 13.34.030(12). Snohomish County established a Volunteer Guardian ad Litem (VGAL) program. The program is coordinated by the Snohomish County Superior Court Administrator. Pursuant to its program the Snohomish County Superior Court Administrator and the Chief Judge are administratively responsible for the recruitment, training and supervision of VGALs.

4.9     The Snohomish County VGAL program has developed into a Court Program that has approximately seven program coordinators who train, supervise and support VGALs.

4.10     The program is run by Snohomish County employees who manage the program with two Snohomish County staff attorneys.

4.11     Although reunification and preservation of families is what the dependency system is designed to do, the Snohomish County Court Program fails to adequately train, supervise, and maintain its VGALs. The Court Program fails to create any separation or division between the VGAL program and the Snohomish County Superior Court Juvenile division that hears dependency and parental termination cases.

4.12     Snohomish County through its VGAL Court Program breached its statutory duties to plaintiffs Aradon, Hayes, A.H. and A.L. These breaches include:

4.12.1 Failing to establish, train and maintain a VGAL program in accordance with Washington statutes, court rules, and GAL rules.

4.12.2 Failing to properly and fairly investigate the suitability of Aradon and Hayes to regain custody of their daughter.

COMPLAINT FOR DAMAGES - 12

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

4.12.3   Failing to properly and fairly investigate the suitability of A.H. to return to her parents.

4.12.4   Failing to properly report to the court facts revealed during the seven plus years of dependency issues such as Brook's sharing of confidential information (Paragraph 3.15), Court Program withholding and concealing the identity of A.H.'s medical providers (Paragraphs 3.16 - 3.17), and the false restrictive food list (Paragraphs 3.19-3.21)

4.12.5   Failing to supervise, investigate and terminate offending VGALs to insure they comply with the statutory mandate of RCW 13.34 and standards of dependency case management and ethics in a dependency and termination case.

4.13   These breaches proximately caused Aradon and Hayes to lose the care, custody and control of their daughter for seven years and continuing.

4.14   These breaches proximately caused A.H. to be away from her parents and brother during her dependency and termination case.

4.15   Plaintiffs Aradon, Hayes, A.H. and A.L. seek money damages as articulated below and at the time of trial, including, but not limited to damages for the loss of the care, custody, and consortium of A.H. since four days after birth and continuing, and A.H. and A.L.'s consortium losses.

## V.  SECOND CAUSE OF ACTION

## SNOHOMISH COUNTY AND SUSAN WALKER

## NEGLIGENT INVESTIGATION

Plaintiffs incorporate Paragraph 1.1 through 4.15.

5.1   RCW 13.34 emphasizes the paramount importance of the bond between parent and child.  The statutory goal is to reunify families to the extent possible consistent with the safety of the child.

COMPLAINT FOR DAMAGES - 13

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

5.2     A family court GAL must collect relevant information about the best interests of the child and make recommendations based on an independent investigation of the child's best interests.

5.3     Under established Washington law, case workers, including GALS, must carry out their statutory duty, follow procedures dictated by statute and court rules, and act in the best interests of the child.  GALs have a duty to act in good faith.

5.4     Susan Walker breached her GAL duties in several regards, including but not limited to her training and supervision of Brook.

5.5     After Brook's death, Walker assumed the primary Snohomish County GAL duties in A.H.'s case.

5.6     Walker did little to fulfill her statutory duties (Paragraph 3.25).

5.7     Walker breached her GAL duties, through her actions and inactions in A.H.'s case.

5.8     Walker's breaches of duty as a Snohomish County VGAL supervisor and as A.H.'s GAL, proximately caused A.H.'s dependency to be prolonged and prejudiced.

5.9     As a result of Walker's breaches of her VGAL supervisor and GAL duties, plaintiffs have sustained damages, as articulated below and at the time of trial, including, but not limited to, the loss of the parent-child relationship and family consortium for seven years and continuing.

COMPLAINT FOR DAMAGES - 14

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822.2200 Telephone
425.822.0783 Fax

## VI.   THIRD CAUSE OF ACTION

## SNOHOMISH COUNTY AND SUSAN WALKER

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs incorporate by reference Paragraphs 1.1 and 5.9.

6.1     The relationship of Snohomish County, Susan Walker and A.H. began shortly after DSHS's removal of A.H. from her parents (Paragraph 3.8).

6.2     The relationship between Snohomish County, Susan Walker and A.H. was in the nature of a Guardian and Ward.

6.3     Snohomish County and Susan Walker knew or should have known that a dependency action extending beyond seven years where A.H. was removed from her parents would cause A.H. past, present and future emotional distress.

6.4     Emotional distress is a reasonable reaction by A.H. as a result of her removal from her parents and brother during the dependency action extending over seven years.

6.5     The combination of Snohomish County's failure to operate its VGAL program in accordance with Washington statutory and rule requirements, and Susan Walker's VGAL supervision and GAL actions and inactions in A.H.'s dependency case, negligently caused A.H. past, present and future emotional distress (Paragraphs 4.12.1, 4.12.2, 4.12.3, 4.12.4 and 4.12.5).

6.6     As a result of the negligence of Snohomish County and Walker, A.H. seeks money damages as articulated below and at the time of trial, including but not limited to the cost of psychological counseling and treatment for past, present and future emotional distress.

COMPLAINT FOR DAMAGES - 15

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

## VII.  FOURTH CAUSE OF ACTION

## SNOHOMISH COUNTY

## VIOLATION OF THE FOURTHEENTH AMENDMENT – MONELL CLAIM

Plaintiffs incorporate Paragraph 1.1 through 6.6

7.1     The Snohomish County Superior Court VGAL program became enmeshed and intertwined with the superior court.  The VGAL program, the Snohomish County Superior Court and court employees became one such that VGAL Brook and GAL Walker became joint participants with and one and the same as the Snohomish County Superior Court.

7.2     The VGAL program withheld and destroyed evidence in Aradon's case. The VGAL program and its attorney Haugen made misleading and false statements in A.H.'s dependency and termination case.

7.3     The Snohomish County Superior Court through its VGAL program's negligent training and supervision created a custom, pattern and policy that prevented a fair dependency and termination adjudication in A.H.'s case.  The Chief Judge and the head Court Administrator knew or should have known that inadequate VGAL training and supervision, and failure to separate the VGAL program from the court, was substantially certain to result in procedural and substantive due process violations in a dependency case.

7.4     Snohomish County breached its duties and obligations to plaintiffs Aradon, Hayes, A.H. and A.L.  These breaches include failure to establish, implement and maintain a separate VGAL program from the court and follow the mandate of RCW 13.34. These breaches allowed the VGAL program to become the Court Program.

7.5     The practice of failing to separate the VGAL program from the court existed for years before A.H.'s case.  It became so well settled that it constituted a custom and

COMPLAINT FOR DAMAGES - 16

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822.2200 Telephone
425.822-0783 Fax

use with the force of law in Snohomish County Superior Court dependency and termination actions.

7.6     As a result of lack of training and supervision, the VGALs and the Court Program in Aradon's case worked against plaintiffs as both violated the due process rights of plaintiffs in striving for termination of their parental rights.  Both misrepresented facts, withheld information, participated in the destruction of evidence and violated court rules thereby violating the due process rights of plaintiffs.

7.7     The actions of the Snohomish County Superior Court VGAL program deprived plaintiffs Aradon, Hayes, A.H. and A.L. of their Fourteenth Amendment due process rights including:   A.H.'s Fourth Amendment right against prolonged seizure; the right of plaintiff parents to the care, custody and control of their daughter A.H. for seven years and continuing; the right of A.H. to have a continuing relationship with her parents and brother; and the right of A.L. to have a continuing sibling relationship with his sister.

7.8     Plaintiffs seek money damages as articulated below and at the time of trial.

## VIII.  FIFTH CAUSE OF ACTION

### SNOHOMISH COUNTY AND SUSAN WALKER

### VIOLATION OF FOURTEENTH AND FOURTH AMENDMENTS

Plaintiffs incorporate Paragraph 1.1 through 7.8.

8.1     Snohomish County has a custom, policy or practice of failing to properly train, supervise and maintain its VGAL Court Program.

8.2     Defendant Snohomish County either knew or should have known of this uncontrolled VGAL power as it had permeated the Snohomish County Superior Court VGAL program.

COMPLAINT FOR DAMAGES - 17

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

8.3     Walker as VGAL supervisor and as GAL acting under color of state law violated the due process rights of Aradon, Hayes and A.H.

8.4     The making of the restrictive food list was dishonest, against GAL rules and calculated to harm A.H.'s parents' chances of maintaining parental custody and control of their daughter.

8.5     Walker knew of the fake food restriction list and knew it could be used to harm the parents' chance of gaining the custody and control of their daughter.

8.6     When Brook died, and Walker assumed the GAL position in A.H.'s case, Walker continued Brook's efforts to work against A.H.'s parents.

8.7     Walker knew continuing restrictions on visitation and a long dependency phase would result in a higher likelihood of failure for A.H.'s parents.

8.8     At the termination trial in A.H.'s case Walker's sworn testimony was found to be uninformed, inconsistent, dishonest and biased (paragraph 3.27).

8.9     At all relevant times, Walker was acting under color of law as she actively worked for the termination of the parental rights of A.H.

8.10    At all relevant times Walker knew that participating in making a false and misleading restrictive food list document, and actively working in favor of parental termination through inconsistent, dishonest and biased testimony at the termination trial in A.H.'s case, would likely lead to the termination of the parental rights to A.H.

8.11    It was well established federal law during the time of Walker's involvement in A.H.'s case that deliberately fabricating evidence in a dependency and termination case violates the Due Process clause of the Fourteenth Amendment.

8.12    Walker's wrongful conduct as the supervising VGAL in A.H.'s case and then as the GAL was motivated by evil intent to foster parental termination. Walker performed

COMPLAINT FOR DAMAGES - 18

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

her duties with reckless or callous indifference to the Fourth Amendment and Fourteenth Amendment rights of A.H. and the Fourteenth Amendment rights of A.H. Aradon and Hayes.

8.13    A.H.'s Fourth Amendment rights were violated by the prolonged dependency action where A.H. was continually removed from her parents for over seven years.

8.14    The procedural due process rights of Aradon, Hayes and A.H. were violated by the fabricated restrictive food list, Walker's uninformed, inconsistent and dishonest testimony at the termination trial and failing to properly investigate the facts in A.H.'s termination case.

8.15    The substantive due process rights of Aradon, Hayes, A.H. and A.L. were violated through the prolonged dependency phase in their case as Aradon, Hayes, A.H. and A.L. were denied parental care, custody, control and consortium for over seven years.

8.16    By virtue of the above described acts and omissions, defendants Snohomish County and Walker are jointly and severally liable for compensatory damages as alleged below and proven at the time of trial, and defendant Walker is liable for punitive damages for the constitutional violations alleged in this cause of action.

IX.  SIXTH CAUSE OF ACTION

SNOHOMISH COUNTY, KIRSTEN HAUGEN and SARA DI VITTORIO

ABUSE OF PROCESS – FOURTH AMENDMENT (Prolonged Seizure)

FOURTHEETH AMENDMENT (Procedural Due Process and Substantive Due Process)

Plaintiffs incorporate by reference Paragraphs 1.1 through 8.16.

9.1    After the Snohomish County Superior Court established its volunteer Guardian Ad Litem program following the Juvenile Court Act of 1977 the VGAL program (Court Program) became well established at the Snohomish County Superior Court.  Entering

COMPLAINT FOR DAMAGES - 19

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

the 21st century the Court Program had become an arm of the Snohomish County Superior Court.

9.2     At the time of A.H.'s dependency and termination action it was typical for the court to appoint the Court Program as a second GAL.  Court Program staff attorneys took an active role in litigation advancing the Court Program's position by filing motions, cross examining witnesses, raising objections, presenting argument, and adding provisions to court orders before they were signed.

9.3     Additionally, when appointed, Court Program staff attorneys handled all aspects of VGAL and GAL discovery.  Snohomish County Superior Court judges and senior court administration staff became directly involved in the workings of the Court Program.  There was no screening mechanism to avoid improper ex *parte* contact regarding ongoing cases.

9.4     When the Court Program sought legal advice it consulted with several civil deputy attorneys at the Snohomish County Prosecutor's Office.  The Deputy Prosecuting Attorney involved in A.H.'s case was Sara Di Vittorio who advised the judges ex *parte* on legal issues, and represented the Court Program in A.H.'s case.   Staff attorney Kirsten Haugen appeared in A.H.'s case as the attorney for VGAL Brooks and then GAL Walker.

9.5     At the time of A.H.'s dependency and termination case the Court Program had become so intertwined with the Snohomish County Superior Court that it had become an enforcement arm within the court which protected the VGAL Court Program in dependency and termination cases.

9.6     The Court Program without any restriction from the Snohomish County Superior Court implemented discovery policies that protected VGALs from having to produce documents thought to be sensitive by the Court Program.  (Paragraph 3.38).

COMPLAINT FOR DAMAGES - 20

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

9.7     To thwart discovery in A.H.'s case the Court Program through attorney Haugen discriminated against ABC LAW Group by implementing a policy making production of documents more expensive than production charges for other attorneys.   This included the production of repetitive documents, requiring Ballout and Stebbins to get discovery by traveling to Court Program offices and be supervised and monitored by Court Program staff.

9.8     The Court Program had a vindictive component to it which was exhibited after Ballout and Stebbins filed a formal complaint against GAL Walker.

9.9     Following the filing of the complaint the Court Program responded by contacting the Office of Public Defense with the goal of jeopardizing the funding of ABC Law Group which depends on the Office of Public Defense for funds.

9.10     Following the filing of the grievance complaint, attorney Di Vittorio wrote Ballout and Stebbins a letter threatening legal action for what she alleged were confidentiality violations.

9.11     There was no adequate justification for the Court Program's conduct outside of punishing plaintiffs and their attorneys for revealing improprieties within the Court Program.

9.12     Di Vittorio's letter was a non-judicial act outside of any proper court or litigation act.

9.13     The Court Program had an ulterior motive in A.H.'s dependency and termination case.   The ulterior motive became protecting the discovery of Court Program improprieties, and punishing plaintiff parents and their lawyers for opposing the Court Program.

9.14     To actualize the ulterior motive of protecting the Court Program, Staff Attorney Haugen and Deputy Prosecutor Di Vittorio misused the power of the process of the

COMPLAINT FOR DAMAGES - 21

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822.2200 Telephone
425.822.0783 Fax

court. Attorney Haugen hid relevant discovery, delayed production of documents, and misrepresented and failed to disclose relevant information sought by Aradon and Hayes in discovery.

9.15    Deputy Prosecutor Di Vittorio engaged in retaliation, assisted in discovery violations, and satellite litigation abuse with the ulterior motive of protecting the Court Program from detection of VGAL improprieties.

9.16    The discovery violations and abuse of process had the effect of prolonging A.H.'s dependency and the removal of A.H. from her parents and A.L. in violation of the Fourteenth Amendment due process rights of Aradon, Hayes, A.H. and A.L., and the Fourth Amendment rights of A.H.

9.17    It was well established federal law when the above described abuse of process occurred that it is a violation of due process to misuse the judicial process in a dependency and termination case, to hide relevant facts, to retaliate against parents, and prolong the dependency phase of a dependency and termination case.

9.18    The abuse of process conduct by attorneys Haugen and Di Vittorio was outside of proper litigation in A.H.'s dependency and termination case, was done with evil intent or with reckless indifference to the Fourth Amendment rights of A.H. and Fourteenth Amendment procedural and substantive due process rights of Aradon, Hayes, A.H. and A.L.

9.19    By virtue of the above described acts and omissions defendants Snohomish County, Kirsten Haugen and Sara Di Vittorio are jointly and severally liable for compensatory damages as alleged below and proven at the time of trial; attorney Kirsten Haugen is liable for punitive damages; and attorney Sara Di Vittorio is liable for punitive damages.

COMPLAINT FOR DAMAGES - 22

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

X.  SEVENTH CAUSE OF ACTION

ALL DEFENDANTS

OUTRAGE

Plaintiffs incorporate Paragraphs 1.1 through 9.19 and allege as follows:

10.1    The above described conduct of defendants in violation of plaintiffs Fourth Amendment (A.H.) and Fourteenth Amendment (Aradon, Hayes, A.H. and A.L.) rights constitutes the tort of outrage.

10.2    The above described conduct engaged in by defendants was inflicted intentionally or recklessly and beyond mere negligence.

10.3    The above described conduct of all defendants in A.H.'s dependency and termination case has been outrageous and extreme.  The conduct of all defendants has been so outrageous in character and extreme in nature as to go beyond all possible bounds of decency, and would be regarded as atrocious and utterly intolerable in a civilized community.

10.4    The conduct of all defendants has resulted in emotional distress damages to Aradon, Hayes, A.H. and A.L.  All plaintiffs will need long-term psychological counselling and treatment to deal with the seven year separation of parents and child.

XI.  PRAYER FOR RELIEF

Plaintiffs pray for relief as follows:

1.    Under the First Cause of Action plaintiffs seek special and general damages, past, present and future as allowed by Washington law against Snohomish County in amounts proven at the time of trial;

2.    Under the Second Cause of Action plaintiffs seek special and general damages, past, present and future as allowed by Washington law against Snohomish County and Susan Walker in amounts proven at the time of trial;

COMPLAINT FOR DAMAGES - 23

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

3.      Under the Third Cause of Action plaintiffs seek special damages that include the cost of all psychological and mental health treatment for A.H., and general damages, past, present and future as allowed by Washington law against Snohomish County and Susan Walker in amounts proven at the time of trial;

4.      Under the Fourth Cause of Action plaintiffs seek special and general damages, past, present and future as allowed by Washington law against Snohomish County in amounts proven at the time of trial;

5.      Under the Fifth Cause of Action plaintiffs seek special and general damages, past, present and future as allowed by Washington law against Snohomish County and Susan Walker in amounts proven at the time of trial, and punitive damages against defendant Walker in an amount found appropriate by the jury;

6.      Under the Sixth Cause of Action, plaintiffs seek special and general damages, past, present and future, as allowed by Washington law, against Snohomish County and Defendants Haugen and Di Vittorio in amounts proven at the time of trial,  and punitive damages against defendant Haugen and defendant Di Vittorio in amounts found appropriate by the jury;

7.      Under the Seventh Cause of Action plaintiffs seek special and general damages past, present and future, as allowed by Washington law, against all defendants in amounts proven at the time of trial;

8.      For plaintiffs' costs, expenses and attorney's fees pursuant to all applicable statutory authority including but not limited to 28 U.S.C. § 1920, 42 U.S.C. §1988 and RCW 4.84.010;

9.      For such other relief the court deems just and equitable;

COMPLAINT FOR DAMAGES - 24

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

10.   For permission to amend their pleadings to conform to the proof offered at trial.

DATED this __16__ day of October, 2020.

KORNFELD TRUDELL BOWEN &
LINGENBRINK PLLC


By _____
Patrick A. Trudell, WSBA No. 11363
Attorneys for Plaintiffs


By _____
Scott Bowen, WSBA No. 10605
Attorneys for Plaintiffs

LAW OFFICE OF MICHAEL WITHEY


By _____ (telephone authorization)
Michael Withey, WSBA No. 4787
Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES - 25

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax