UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NYLYSHA STARVION BELAFON ARADON, et al., <br><br> Plaintiff, <br><br> v. <br><br> SNOHOMISH COUNTY, et al., <br><br> Defendant. | CASE NO. 2:20-CV-1665-RSM-DWC <br><br> REPORT AND RECOMMENDATION <br><br> Noting Date: March 2, 2021 |

The District Court referred this case to United States Magistrate Judge David W. Christel. This matter comes before the Court on Plaintiffs' Motions to Remand the case to state court. Dkt. 20, 22. Defendants object. Dkt. 24. For the reasons discussed below this Court recommends[1] denying both motions.

---

[1] A magistrate judge presented with a motion for remand "should provide a report and recommendation to the district court that is subject to de novo review," because a 28 U.S.C. § 1447(c) remand order is dispositive of all federal proceedings in a case and is therefore properly characterized as a dispositive motion under 28 U.S.C. § 636(b)(1)(A). *Flam v. Flam*, 788 F. 3d 1043, 1047 (9th Cir. 2015), quoting *Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008).

## **BACKGROUND**

Plaintiffs filed a complaint in King County Superior Court on October 16, 2020, alleging federal due process violations and state common law claims. Dkt. 1–1.

On November 12, 2020, Defendants Snohomish County, Snohomish County Superior Court, and the Snohomish County Volunteer Guardian Ad Litem Program (County Defendants), together with Sara Di Vittorio and John Doe Di Vittorio (Di Vittorio Defendants), filed a notice of removal. Dkt. 1. At the time of removal, Defendants Susan Walker and John Doe Walker (Walker Defendants), and Kirsten Haugen and John Doe Haugen (Haugen Defendants), remained unserved. *Id*. at ¶ 6. However, on December 3, 2020, the Walker Defendants waived service (Dkt. 18), and on December 9, 2020, the Haugen Defendants waived service (Dkt. 19).

On December 14, 2020, Plaintiffs filed their first of two Motions to Remand, this one arguing removal was procedurally flawed. Dkt. 20.

On December 15, 2020, the Haugen Defendants and the Walker Defendants joined in the notice of removal. Dkt. 21.

On December 17, 2020, Plaintiffs filed their second Motion to Remand, arguing this Court lacks "removal" jurisdiction over their claims. Dkt. 22.

On January 4, 2021, Defendants filed a Response in Opposition to both motions. Dkt. 24.

On January 7, 2020, Plaintiffs filed a Reply. Dkt. 25.

## **STANDARDS**

Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court if the federal court would have original subject matter jurisdiction over the action. Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal jurisdiction must be rejected if there is any doubt as to

the right of removal in the first instance. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979). A motion to remand is the proper procedure for challenging removal. 28 U.S.C. § 1447(c). The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

## DISCUSSION

### I. Motion to Remand #1 (Dkt. 20) should be denied.

Plaintiff argues Defendants' notice of removal was procedurally defective because the County Defendants and the Di Vittorio Defendants failed to inform the court within 30 days why the Walker Defendants and the Haugen Defendants did not join in the notice of removal. Dkt. 20 at 3. Defendants disagree, stating that all properly served Defendants joined in removal at the time the notice of removal was filed, and then-unserved Haugen Defendants and Walker Defendants ultimately waived service of process and joined in the notice within 30 days of waiver. Dkt. 24 at 3.

28 U.S.C. § 1446(b)(2) states:

> (2)(A) When a civil action is removed solely under section 1441(a), *all defendants who have been* properly joined and *served* must join in or consent to the removal of the action.
>
> (B) Each defendant shall have *30 days after* receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) *to file the notice of removal*.

28 U.S.C. § 1446(b)(2)(A),(B) (emphasis added). According to the Ninth Circuit, if all "properly joined and served" parties consent to removal at the time a notice of removal is filed, there is "no defect in the removal under § 1446" and "no basis for the district court to remand under 28 U.S.C. § 1447." *Baiul v. NBC Sports, LLC*, 732 Fed. Appx. 529, 530–31 (9th Cir. 2018), as amended (June 13, 2018); *see also Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011)

REPORT AND RECOMMENDATION - 3

1  (absence of non-served defendants in removal petition did not render notice defective). The

2  Ninth Circuit has declined to adopt the "first-served" rule, which requires that non-served parties

3  consent to removal within 30-days of service of the first-served party. *United Computer Sys., Inc.*

4  *v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (cautioning that the "first-served" rule

5  "standard would encourage unfair litigation tactics"). Instead, the Ninth Circuit favors the "later-

6  served" rule, where each defendant is entitled to a 30-day removal period after being served.

7  *Destfino*, 630 F.3d at 956.

8      This Court finds that all defendants timely joined in the notice of removal, satisfying the

9  requirements of 28 U.S.C. § 1446(a).

10  **II.   Motion to Remand #2 (Dkt. 22) should be denied.**

11      In Plaintiffs' second motion they argue this Court lacks subject matter jurisdiction over

12  their claims because 28 U.S.C. § 1441 and § 1443 do not provide a proper jurisdictional basis for

13  removal. Dkt. 22 at 3-6. Defendants respond that Plaintiffs erroneously argue "[t]he sole

14  jurisdictional basis set forth by removing defendants is § 1443," when, in fact, Defendants state

15  in their removal notices that "Jurisdiction of this Court is based on 28 U.S.C. § 1331, 28 U.S.C. §

16  1343, 28 U.S.C. § 1367, 28 U.S.C. § 1441, and/or 28 U.S.C. § 1443." Dkt. 22 at 4; Dkt. 1 at 2 ¶

17  2; Dkt. 21 at 2 ¶ 3. Plaintiffs reply that defendants "have failed to come within the court's

18  removal jurisdiction," pointing to cases that do not support that conclusion[2]. Dkt. 25 at 6.

---

[2] Plaintiffs point to *Hurt v. Dow Chemical*, 963 F.2d 1142 (8th Cir. 1991), claiming it holds that the existence of federal question jurisdiction depends on which party seeks to invoke it. In *Hurt*, the Eight Circuit reversed the district court's denial of a motion to remand because the complaint did not state a claim under the Federal Insecticide, Fungicide, and Rodenticide Act, and thus did not present a claim within the court's federal question jurisdiction, nor were the requirements for diversity jurisdiction met.

    Plaintiff's also erroneously argue that *Smith v. Winter*, 717 F.2d 191 (5th Cir. 1983), and *State of Ga. v. Rachel*, 384 U.S. 780 (1966), stand for the proposition that federal jurisdiction requires removed federal claims to seek vindication of race-based discrimination. In *Smith,* the Fifth Circuit affirmed the district court's remand for lack of federal jurisdiction where plaintiffs failed to state a claim under the Voting Rights Act, divesting the court of

1    The federal question jurisdiction statute—28 U.S.C. § 1331—"explicitly grants the federal courts 'original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Wisconsin Dep't of Corrections v. Schact*, 524 U.S. 381, 386–387 (1998) (quoting 28 U.S.C. § 1331). To determine whether an action arises under federal law, courts apply the "'well-pleaded complaint rule.'" *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir.1998) (quoting *Metro. Life. Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). Under this rule, a claim arises under federal law "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Here, Plaintiffs' complaint alleges violations of their Fourth and Fourteenth Amendment rights under the United States Constitution. Dkt. 2-1. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

When courts exercise federal question jurisdiction, the supplemental jurisdiction statute—28 U.S.C. § 1367—extends federal jurisdiction to state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Schact*, 524 U.S. at 387 (quoting 28 U.S.C. § 1367(a)). Here, Plaintiffs' complaint alleges state law negligence and outrage claims that are part of the same case or controversy as their federal question claims. Dkt. 2-1. Accordingly, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

///

///

---

federal question jurisdiction. In *Rachel*, the Supreme Court upheld the Fifth Circuit's reversal of the district court's remand to state court of a case removed by defendants who were asked to leave a restaurant solely for racial reasons, finding the mere pendency of prosecution for trespass was sufficient to predict that defendants would be denied their federal civil rights in state court.

1 **CONCLUSION**

2       This Court recommends denying both of Plaintiffs' Motions to Remand. Dkt. 20, 22.

3       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

4 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

5 6. Failure to file objections will result in a waiver for purposes of *de novo* review by the district

6 judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P.

7 72(b), the clerk is directed to set the matter for consideration on March 2, 2021, as noted in the

8 caption.

9       Dated this 16th day of February, 2021.

David W. Christel
United States Magistrate Judge