Honorable Ricardo S. Martinez
The Honorable David W. Christel

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NYLYSHA STARVION BELAFON ARADON, CAREY ALLEN HAYES, A.H., a minor, A.L., a minor,<br><br>                                    Plaintiffs<br><br>vs.<br><br>SNOHOMISH COUNTY and its SNOHOMISH COUNTY SUPERIOR COURT, and the SNOHOMISH COUNTY VOLUNTEER GUARDIAN AD LITEM PROGRAM; SUSAN WALKER and JOHN DOE WALKER, individually and the marital community; KIRSTEN HAUGEN and JOHN DOE HAUGEN, individually and the marital community; and, SARA DI VITTORIO and JOHN DOE DI VITTORIO, individually and the martial community,<br><br>                                    Defendants | No.  2:20-cv-01665-RSM/DWC<br><br>PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT ON COLLATERAL ESTOPPEL<br><br>**NOTE ON MOTION CALENDAR: JULY 30, 2021**<br><br>**ORAL ARGUMENT REQUESTED** |

## I.    OVERVIEW AND REQUEST FOR RELIEF

Plaintiffs Nylysha Aradon and Carey Hayes, mother and father of Plaintiffs

A.H., and A.L., bring this Motion for Partial Summary Judgment. Plaintiffs have alleged in

PLAINTIFFS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COLLATERAL ESTOPPEL - 1

**KORNFELD TRUDELL BOWEN & LINGENBRINK, PLLC**
3724 Lake Washington Blvd
Kirkland, Washington 98033
425.822.2200 Telephone
425.822-0783 Fax

the complaint and establish in this motion that Defendants are collaterally estopped from denying the facts and holdings in the related litigation *Matter of Dependency of A.E.T.H.*, 9 Wash. App.2d 502, 517, 446 P.3d 667, 675–76 (2019).

This motion sets forth the procedural history of the underlying dependency/termination case, the specific factual issues resolved by the court of appeals, and the court of appeal's holding that defendants violated the due process rights of Plaintiffs by conducting a biased hearing and creating the appearance of unfairness. *Id.*   Plaintiffs ask this court to find that the court of appeals' findings of facts and legal holding, that Defendants violated Plaintiffs' due process rights, establishes liability against Defendants under Plaintiffs' Section 1983 claim. Plaintiffs ask this court to estop the Snohomish County defendants, as well as their employees, named defendants Walker, Haugen, and Di Vittorio, from denying the facts found by the court of appeals on all of Plaintiffs 1983 causes of actions against these defendants.  As such, partial summary judgment for Plaintiffs on these elements is justified. Plaintiffs remain responsible to establish causation and damages under Section 1983 and Plaintiffs' other claims at trial in this proceeding.

## II.  STATEMENT OF FACTS

Plaintiffs submit that the factual findings of the Washington State Court of Appeals in the termination case should be taken as verities for the purpose of this motion and binding on Snohomish County and County defendants, including named defendants Walker, Haugen and DiVittorio.  Plaintiffs further submit the Declaration of Adam Ballout in support of this Motion.  This Declaration attaches the relevant Orders of the Snohomish County Superior Court which describe in detail the role the County defendants and individually named

PLAINTIFFS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COLLATERAL ESTOPPEL - 2

**KORNFELD TRUDELL BOWEN**
**& LINGENBRINK, PLLC**
3724 Lake Washington Blvd
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

defendants played in the violation of Plaintiff's rights to fundamental due process in the termination proceeding. It further describes the role each of the individual defendants played as parties, in privity with parties and as the "moving force" in the violation of Plaintiffs' rights as found by the superior court and court of appeals.

**A.      Dependency Period**

Plaintiffs Nylysha Aradon (Aradon) and Carey Hayes (Hayes) are the mother and father of A.H. and the younger brother A.L.  Four days after the birth of A.H., the Washington Department of Social and Health Services (DSHS) removed A.H. from her parents' custody and placed her with a foster parent. *Id.* at 507-08, 466 P.3d at 671. Subsequently, DSHS filed a dependency petition in Snohomish County Superior Court. Following a 2013 trial, Judge Linda Krese found A.H. dependent. The court appointed Denise Estabrook (Brook) to serve as the volunteer guardian ad litem (VGAL). *Id.* 505/671.

Throughout the dependency, VGAL Brook committed numerous breaches of her duty of care because she believed it was in A.H.'s best interest to remain permanently with her foster parent. *Id.* Specifically, VGAL Brook: (1) disclosed Aradon and Hayes's previous parental terminations and criminal records to the foster parent; (2) did not permit Aradon and Hayes to know the name of A.H.'s medical providers; (3) lobbied the VGAL Program to cancel parental visitations for Aradon and Hayes if a strict  and medically unnecessary food plan was not followed; and (4) attempted to observe A.H. and Aradon in a parenting class, without Aradon's knowledge after an instructor told her she could not attend for confidentiality reasons. *Id.* at 508, 446 P.3d. at 671.

PLAINTIFFS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COLLATERAL ESTOPPEL - 3

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

In 2015, VGAL Brook passed away. The court appointed Susan Walker, VGAL Brook's program coordinator, to serve as her replacement. *Id.* During GAL Walker's tenure, she interfered with the plaintiffs' ability to connect with A.H.  GAL Walker contacted only one service provider for one parent, observed only one parent at one visit, and never personally spoke to either parent. *Id.* 509/672.  GAL Walker also never contacted A.H.'s medical providers to inform the parents that A.H.'s diet had no need for medically predicated restrictions. *Id.* See Declaration of Adam Ballout at 3-6.

**B.     The 2016 Termination Trial**

On August 26, 2015, Snohomish County Judge Anita Farris held the termination trial.  *Id.* Plaintiffs and Snohomish County and their employees attended and participated in the proceeding.  *Id.*   Judge Farris found GAL Walker's testimony to be particularly troubling.  *Id.*  Indeed, Judge Farris found Walker's testimony to be "uniformed, inconsistent, dishonest and biased."  *Id.*  Further Judge Farris described "numerous instances during trial when . . . Walker's testimony lacked candor." *Id.* at 509, 446 P.3d at 671. Walker failed to diligently do her job as a GAL for A.H.   In fact, "during her seven-month tenure . . . Walker contacted only one service provider for one parent, observed only one parent at one visit, and never personally spoke to the parents." *Id.* at 509, 446 P.3d at 672. "Walker's termination testimony at the termination trial was of no assistance to Judge Farris." *Id.* at 510, 446 P.3d at 672.

Judge Farris concluded the VGAL program at the Snohomish County Superior Court denied Plaintiffs the due process right to an impartial trial. *Exhibit 6.* Judicial conflicts existed by using court employees as parties, lawyers, and witnesses. *Id.* at 1. The VGAL program was allowed to enter Plaintiffs' case as a litigant represented by the lawyer who

PLAINTIFFS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COLLATERAL ESTOPPEL - 4

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

represented the GAL party and the superior court. *Id.* The lawyer that represented the superior court assisted Walker's lawyer in litigating against plaintiffs. *Id.* at 6. *See Matter of Dependency of A.E.T.H.*, 9 Wash. App. 502, 510, 446 P.3d. at 672.

As seen in the A.E.T.H. case, Judge Farris did enter an order of parental termination. Plaintiffs appealed the termination order, arguing that the superior court violated their due process right to a proceeding free from bias. The court of appeals agreed and reversed, holding that the "tribunal in which A.H.'s dependency and termination proceedings took place was biased because of the involvement of superior court employees working against the parents in this case." *Id.* at 517, 446 P.3d at 676. Snohomish County appealed for discretionary review to the Washington State Supreme Court. On January 30, 2020, the court denied review. *In re A.E.T.H.*, 195 Wash. 2d 1013, 446 P.3d 196 (2020). The ruling of the court of appeals is a final and non-appealable. This motion sets forth the binding court of appeals' findings of facts and legal holdings.

### III.  RELIEF REQUESTED

**1.     Collateral Estoppel as to the Facts Decided.**

Plaintiffs ask this court to apply the doctrine of collateral estoppel to preclude Snohomish Country and its superior court from relitigating the due process violation facts found by the court of appeals. *See Matter of Dependency of A.E.T.H.*, 9 Wash. App. 2d 502, 446 P.3d 667 (2019):

To illustrate, after Kristen Haugen and the Aradon's attorneys got in a discovery dispute, Haugen had "private meetings about the discovery dispute with the Head Superior Court Administrator and the Civil Division attorneys representing the Superior Court and Judges." *Id.* at 518, 446 P.3d at 676. During those meetings the head administrator of the

PLAINTIFFS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COLLATERAL ESTOPPEL - 5

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

Superior Court instructed Haugen to apply strict procedures to any discovery requests by Aradon's attorney. *Id.*. This includes this blanket objections to every discovery request; refusal to produce any discovery unless a discovery conference is first conducted at the VGAL Offices; refuse to produce any discovery unless opposing counsel come to the VGAL Offices and read the discovery in the offices first and identify page by page the discovery requested; and avoid the requirement to provide free discovery to indigent parents by charging the court appointed attorneys personally for each page of discovery rather than charging the indigent clients. *Id.*

These discovery impediments had an effect on A.H.'s termination trial because they remained in place during the first two years of the dependency case when the GAL in the case was engaging in significant misconduct that was only much later discovered. The GAL misconduct was not discovered when it was occurring because GAL discovery was not being exchanged due to the improper discovery procedure. *Id.* at 518-19, 446 P.3d at 676.

During the termination trial and subsequent litigation related to the VGAL's misconduct, Di Vittorio met with Haugen to advise and direct Haugen to move to strike and redact the parent's pleadings. She gave directions on what to include in the motions and she advised Haugen on the meaning of applicable law. *Id.* at 519/677.

Di Vittorio also sent Plaintiff's attorneys a letter threatening to take legal action against them for filing certain evidence in the case. *Id.* This in essence threatened to take some legal action against Plaintiff's attorneys if they failed to capitulate and allow pleadings to be stricken or redacted as requested by Haugen. These actions call the superior court's impartiality into doubt; the court's attorneys, as part of their representation of the court and

PLAINTIFFS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COLLATERAL ESTOPPEL - 6

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd
Kirkland, Washington 98033
425.822.2200 Telephone
425.822-0783 Fax

threatened to take legal action against a litigant for filing evidence in a termination case when the case was pending before a judge in the same court. *Id.*

Di Vittorio created an appearance of fairness issue when she repeatedly referred to the superior court and the VGAL Program collectively as the court in response to Aradon's motion for sanctions. At the September 2016 hearing on sanctions, Di Vittorio identified herself as being present on behalf of the Snohomish County Superior Court. Di Vittorio's representation that she was there on behalf of the court and the VGAL Program created bias within the proceedings. *Id.*

During the November 4, 2016, hearing on the recusal motion, Di Vittorio brought two other superior court judges, along with the Presiding Judge, to court for the hearing having them sit directly behind her. In addition to creating an appearance of improper influence or pressure on Judge Farris, this action created an appearance of an attempt to intimidate or pressure Plaintiff's attorneys. The presence of these judges gave the appearance of trying to send a message from defense counsel that superior court judges were personally involved in opposing Plaintiff's motion. *Id.* at 519-520/677.

The VGAL Program used abusive litigation tactics against the parents. These included posttrial document dumps that purposefully made information hard to find, the destruction or withholding of relevant e-mails, and the proffering of false and misleading statements. Perhaps most egregiously, VGAL Brook's entire hard copy file for this dependency mysteriously disappeared from the VGAL Program's possession during the posttrial proceedings regarding VGAL misconduct. *Id.* at 520, 466 P.3d at /677.

PLAINTIFFS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COLLATERAL ESTOPPEL - 7

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

The superior court, and its own attorneys, under the supervision of judges, repeatedly aligned with and became a party litigating the case against Plaintiffs throughout the case. These circumstances, which existed before, during, and after the termination trial, resulted in a tribunal that was biased and violated both parents' right to due process and the appearance of fairness doctrine.

Judge Small was not a judge seated in Snohomish County.  Nonetheless, he heard "oral argument on the motions in Snohomish County and relied on a record generated in that biased tribunal in making his decisions. For that reason, the orders entered by Judge Small do not escape the taint of the bias and must be vacated." *Id.* at 520, 446 P.3d at 677.

Before, during, and after the termination trial, attorneys representing the superior court helped the VGAL program by litigating against plaintiffs. Indeed, the bias evidenced here was such that although Judge Farris herself did not participate in the superior court's improper acts or show any personal bias, Judge Farris determined that she was precluded from taking further action in the case." *Id.* at 521, 446 P.3d at 678.

2.   **Collateral Estoppel as to the Holdings.**

Plaintiffs also ask this court to apply the Doctrine of Collateral Estoppel to preclude defendants, including the individual defendants from relitigating the court of appeals findings and legal holding, that defendants violated plaintiffs' due process rights by creating a biased proceeding and that its superior court showed an appearance of impropriety.  *Id.* at 520, 446 P.3d at 677.

PLAINTIFFS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COLLATERAL ESTOPPEL - 8

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

## III.  AUTHORITY AND ARGUMENT

### A.    COLLATERAL ESTOPPEL STANDARD

Both federal and state law apply the basic principles of collateral estoppel, also known as issue preclusion, which prevents a party from relitigating an issue, even though a different claim or cause of action is asserted.  The United States Supreme Court explains that a federal court when determining the preclusive effect of a state court judgment must "refer to preclusion law of the State in which judgment was rendered." *Marrese v. Am. Acad. of Orthopedic Surgeons*, 470 U.S.C. 373, 380 (1985).  Thus, we must look to federal law as well as Washington State law.

### 1.    Federal Law

Res judicata encapsulates two preclusion concepts - issue preclusion and claim preclusion. *Lovilia Coal Co. v. Harvey*, 109 F.3d 445, 449 (8th Cir. 1997) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984), *cert. denied*, 118 S.Ct. 1385 (1998). Issue preclusion, or collateral estoppel, means that "once a court has decided an issue of fact or law necessary to its judgment, 'the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Id.* at 449-50 (quoting *Tyus v. Schoemehl*, 93 F.3d 449, 453 (8th Cir. 1996) (internal citations omitted) (abrogated on other grounds); *see also Montana v. United States*, 440 U.S. 147, 153 (1979). The same issues cannot be re-litigated. *Ideker v. PPG Indus., Inc.*, 788 F.3d 849, 852 (8th Cir. 2015). Collateral estoppel therefore is critical for judicial efficiency, and for "promot[ing] the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Allen v. McCurry*, 449 U.S. 90, 95-96 (1980) (citing *Younger v. Harris*, 401 U.S. 37,

PLAINTIFFS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COLLATERAL ESTOPPEL - 9

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

43-45 (1971)). Moreover, it "fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana*, 440 U.S. at 154. Furthermore, under federal collateral estoppel case law, courts may estop a non-party from re-litigating when that party "assumed control over a previous action." *United States v. Bhatia*, 545 F.3d 757, 759–60 (9th Cir. 2008) (citing to *Montana v. United States*, 440 U.S. 147, supra).

28 U.S.C. § 1738 provides that "judicial proceedings of any court of any such State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State." 28 U.S.C. § 1738. In *Allen,* the Supreme Court explained how § 1738 interacts with the common law doctrine of res judicata, reasoning that "though the federal courts may look to the common law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen*, 449 U.S. at 96; *see also Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466 (1982) (reaffirming that federal courts should "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged").

This rule still holds in a federal question case (in federal court) follows a state court proceeding, and even still when that federal question was not or could not actually be litigated in state court. *See Migra*, 465 U.S. at 85; *see also Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367 (1996).  *See also, Diane MacCormack et al v. Ingersoll-Rand Company*, Case No. 4:16CV414 JCH, (US District Court, ED of Missouri,

PLAINTIFFS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COLLATERAL ESTOPPEL - 10

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

Eastern Division January 30, 2018)(Applying Massachusetts law and giving full faith and credit in federal court).

Accordingly, this court is required to give full faith and credit to the final opinion of the Washington State Court of Opinion  in *Matter of Dependency of A.E.T.H.*, 9 Wash. App. 2d 502, 517, 446 P.3d 667, 675–76.

**2.      State Law.**

Washington State law commands the same result as under federal law. *See Seattle First Nat'l Bank v. Kawachi,* 91 Wash. 2d 223, 225–26, 588 P.2d 725 (1978). Collateral estoppel precludes only those issues that were actually litigated and necessary to the final determination in the earlier proceeding.  *Reninger v. State Dep't of Corr.*, 134 Wash. 2d 437, 449, 951 P.2d 782, 788 (1998). A party asserting collateral estoppel must establish four factors:

(1)     the issue decided in the prior adjudication must be identical with the one presented in the second;

(2)      the prior adjudication must have ended in a final judgement on the merits;

(3)     the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and

(4)     application of the doctrine must not serve an injustice.

*Shoemaker v. City of Bremerton,* 109 Wash. 2d 504, 507, 745 P.2d 858 (1987).  The burden of persuading the court that these requirements have been met is on the party asserting collateral estoppel. *State Farm Mut. Auto. Ins. Co. v. Avery*, 114 Wash. App. 299, 57 P. 3d 300. Plaintiffs meet this.

PLAINTIFFS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COLLATERAL ESTOPPEL - 11

**KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC**
3724 Lake Washington Blvd
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

**B.   COLLATERAL ESTOPPEL BARS DEFENDANTS FROM RELITIGATING THE COURT OF APPEALS' FINDINGS OF FACT AND HOLDINGS**

**1.   The Issues Decided by the Court of Appeals are Identical to Plaintiff's Section 1983 Claim**

The elements of collateral estoppel apply in this case.   First, the issues underlying Plaintiffs' Section 1983 claim, are identical to the issues decided by the Court of Appeals in its determination that Snohomish County violated Plaintiffs' due process rights and created the appearance of impropriety. In this case, now in federal court, Plaintiffs' Section 1983 claims have already been decided. To determine whether an issue was "decided" depends on whether the issue was "actually litigated and necessarily determined." *Shoemaker v. City of Bremerton*, 109 Wash. 2d 504, 508, 745 P.2d 858 (1987); *Seattle-First Nat. Bank v. Kawachi*, 91 Wash. 2d 223, 229, 588 P.2d 725, 729 (1978) (holding that collateral estoppel can only be applied to "ultimate facts," meaning facts directly at issue in the first proceeding, upon which the plaintiff's claim rested); *State Farm Mut. Auto. Ins. Co. v. Avery*, 114 Wash. App. 299, 305, 57 P.3d 300, 304 (2002) ("if the issue was essential to the first judgment, it most likely received the attention of the parties and the court. This justifies giving it preclusive effect.")

The facts analyzed by the Court of Appeals to determine whether Snohomish County and the other defendants violated Plaintiffs' due process rights, summarized above, were essential to its determination.   To determine whether the County, its superior court staff, and others violated both the appearance of fairness doctrine and plaintiffs' due process right to a proceeding free from bias, the Court of Appeals analyzed the actions of the individual defendants, Snohomish County employees, throughout the termination process. *Matter of*

PLAINTIFFS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COLLATERAL ESTOPPEL - 12

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

*Dependency of A.E.T.H.*, 9 Wash. App. 2d 502, 518, 446 P.3d 667, 676-78.  Specifically, the court reviewed Judge Farris' findings of fact regarding individual employees' misconduct and how those actions created a biased tribunal. *Id.* at 518.

These included that Kristen Haugen met with the Head Superior Court Administrator and the Civil Division attorneys representing the Superior Court and Judges on how to respond to discovery requests). *Id.* at 519. That defendant Di Vittorio "advised and directed" Haugen on pleadings and motions practice. *Id.* at 519-520 . And that Di Vittorio brought "two other Superior Court Judges, including the Presiding Judge, to the courtroom for the hearing to sit directly behind [Di Vittorio]." *Id.* at 519, 446 P.2d 677.

These same facts underly plaintiffs Section 1983 claim, that Defendants violated the procedural due process rights of Plaintiffs.  Although plaintiffs are asserting a different claim than was asserted in the termination proceeding, under *Shoemaker*, this does not prevent a court from finding that collateral estoppel applies.

In *Shoemaker v. City of Bremerton*, 109 Wash. 2d 504, 512, 745 P.2d 858, 863 (1987) the Ninth Circuit certified this question to the Washington Supreme Court: "Does Washington law afford preclusive effect to the factual findings of the Bremerton Civil Service Commission that Joe Shoemaker's reductions in rank were not retaliatory?" Id at 858. The Court, after analyzing the procedural history before the Commission and applicable law held:

"While the Commission could not have adjudicated the section 1983 claim, 28 U.S.C. § 1343, it may have decided an issue of fact that is common to both Shoemaker's petition for reinstatement before the Commission and to his section 1983 claim. If it did, and

PLAINTIFFS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COLLATERAL ESTOPPEL - 13

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

if the adjudication was adequate under the Restatement standards adopted here, then the issue

has been decided for all purposes." *Id.*

See also *Rains v. State*, 100 Wash. 2d 660, 665, 674 P.2d 165, 169 (1983)

(court held that collateral estoppel applied when the claims and issues were identical in both

proceedings).

      a.     **The Court of Appeals applied the federal law on due process in**

**reaching its decision.**

Here, as in *Shoemaker*, the Court of Appeals applied the same governing legal

regime, i.e., the due process principles protected by U.S. Constitution's Fourteenth

Amendment, as is applicable to Plaintiffs' Section 1983 claim.  In determining whether

Plaintiffs' due process rights were violated, the court analyzed federal case law that recognizes

that "due process requires a competent and impartial tribunal" and that "due process is denied

by circumstances that create the likelihood or the appearance of bias." *Peters v. Kiff*, 407 U.S.

493, 501-502, 92 S. Ct. 2163, 33 L. Ed. 2d 83 (1972). After reviewing Defendants' actions

under this standard, the court held that Plaintiffs' due process rights were violated because the

"tribunal in which A.H.'s dependency and termination proceedings took place was biased

because of the involvement of superior court employees working against the parents in this

case." *Matter of Dependency of A.E.T.H.,* 9 Wash. App. 2d 502, 517, 446 P.3d 667, 676.

It is particularly important for this federal court to apply the principle of comity

in federal-state relations by giving full faith and credit to the Washington Court of Appeals'

opinion. See *Allen v. McCurry*, 449 U.S. 90, 95-96 (1980) (citing *Younger v. Harris*, 401 U.S.

PLAINTIFFS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COLLATERAL ESTOPPEL - 14

**KORNFELD TRUDELL BOWEN**
**& LINGENBRINK, PLLC**
3724 Lake Washington Blvd
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

37, 43-45 (1971)). Moreover, it "fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana*, supra 440 U.S. at 154.

> **b.** **Section 1983 provides a civil remedy for due process violations as found by the Court of Appeals.**

Plaintiffs' Section 1983 claim relies upon the same question that was answered by the Court of Appeals: whether plaintiffs' due process rights were violated. The Due Process Clause of the Fourteenth Amendment protects persons against deprivations of life, liberty, or property. U.S. CONST. amend. XIV § 1; *see also Wilkinson v. Austin,* 545 U.S. 209, 125 S.Ct. 2384, 2393, 162 L.Ed.2d 174 (2005). To invoke these protections of the Fourteenth Amendment, the court must address two questions. First, whether the plaintiff was deprived of a life, liberty, or property interest that is constitutionally protected as a matter of substantive law. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). Second, whether the procedures utilized were constitutionally sufficient. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

Both prongs of this test are satisfied here as a matter of law. The U.S. Supreme Court has long recognized parents' fundamental liberty interest in caring for and retaining custody of their children. *Troxel v. Granville*, 530 U.S. 57, 65, 120 S. Ct. 2054, 2060, 147 L. Ed. 2d 49 (2000); *see Santosky v. Kramer,* 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (discussing "[t]he fundamental liberty interest of natural parents in the care, custody, and management of their child"); *Quilloin v. Walcott,* 434 U.S. 246, 255, 98 S.Ct. 549, 54 L.Ed.2d 511 (1978) ("We have recognized on numerous occasions that the relationship between parent and child is constitutionally protected.") Plaintiffs have a fundamental liberty interest in preventing the erroneous termination of their relationship with each other.

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

*See Santosky,* 455 U.S. at 765, 102 S.Ct. at 1401 ("the parents and the child share an interest in avoiding erroneous termination").

Second, the Court of Appeals has found that "the procedures utilized" were NOT constitutionally sufficient because they violated the due process rights of the family. Thus, the Court of Appeals' holding that the actions of Snohomish County, its Superior Court and court personnel violated the due process rights of Plaintiffs is identical to Plaintiffs' claim in the present action. There is no reason defendants should be allowed to relitigate these issues and facts by giving them two bites at the due process apple. The facts and law are decided.

**2.      The Court of Appeals Findings Were a Final Adjudication on the Merits**

Second, the Court of Appeals' ruling was a final adjudication on the merits. A final judgement includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect. *See Cunningham v. State*, 61 Wash. App. 562, 811 P.2d 225 (Div. 1 1991). In *Cunningham*, the court analyzed various factors to determine whether a previous judgement was sufficiently firm, including: "whether the prior decision was adequately deliberated, whether it was firm rather than tentative, whether the parties were fully heard, whether the court supported its decision with a reasoned opinion, and whether the decision was subject to appeal or in fact was reviewed on appeal." *Id. at 567.* Defendants had a full and fair opportunity to be heard and to present their case at both the Superior Court and the Court of Appeals. Further, after the Court of Appeals reversed the termination order, Snohomish County appealed for discretionary review to the Washington Supreme Court, which the court denied. *In re A.E.T.H.*, 195 Wash. 2d 1013, 464 P.3d 196 (2020).

PLAINTIFFS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COLLATERAL ESTOPPEL - 16

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

### 3.    The Same Parties Were Present at Both Proceedings

Third, Plaintiffs and all Defendants were present for the termination proceeding and are parties to this civil suit. A final judgment is binding on all parties to the original litigation, including all persons in privity with such parties. *Lucas v. Velikanje*, 2 Wash. App. 888, 894, 471 P.2d 103, 107 (1970). In *Hackler v. Hackler*, the Court of Appeals held that "[o]ne who was a witness in an action, fully acquainted with its character and object and interested in its results, is estopped by the judgment as fully as if he had been a party." *Hackler,* 37 Wash. App. at 795, 683 P.2d 241 (citing *Bacon v. Gardner,* 38 Wash.2d 299, 229 P.2d 523 (1951)). In *Hackler,* the plaintiff testified on behalf of his son during a dissolution proceeding that he had sold his son a home. However, the plaintiff failed to reveal that the house had been resold back to himself. The court held that the plaintiff was estopped from relitigating the ownership of the home, because he had taken an active role in the controversy and was clearly interested in its results. *Id.*

Similarly, under federal collateral estoppel case law,  courts may estop a non-party from re-litigating when that party "assumed control over a previous action." *United States v. Bhatia*, 545 F.3d 757, 759–60 (9th Cir. 2008) (citing to *Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210). In *Montana*, the Supreme Court found that the government was barred from re-litigating issues determined in a previous litigation, because the government was in privity with the original plaintiff. *Id.* at 155. While the Supreme Court acknowledged that the government was not a party, it did find that the government had a "sufficient 'laboring oar' in the conduct of the state-court litigation in order to actuate the principles of estoppel." *Id.*

PLAINTIFFS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COLLATERAL ESTOPPEL - 17

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

Here, the named defendants, Snohomish County employees and Superior Court personnel, took decisive and active roles in A.H.'s termination proceedings. The facts stated by the Court of Appeals, and which are stated above (Section III (1)) and are stated in the Ballout Declaration, clearly set forth what each of the named individual defendants did to violate due process. Like in *Hackler* and *Montana*, while these individual defendants were not parties to the termination proceeding, the findings of fact found by the Court of Appeals establishes that they were extremely involved within the proceedings, were the "moving force" and provided the "laboring oar" to the due process violations.  They clearly directed DSHS and the Snohomish County Superior Court during the dependency and termination trial on discovery and trial tactics.

In the Court of Appeals' findings, the court held that "superior court attorneys assisted the VGAL Program in litigation against the parents during discovery and during the motions regarding the VGALs' misconduct." *Matter of Dependency of A.E.T.H.*, 9 Wash. App. 2d 502, 521, 446 P.3d 667, 677. Furthermore, the court found that Snohomish County was not only involved during the six-day termination trial but was also "involved in this litigation well before the sanctions motion." *Id* at 678. While Washington courts apply the doctrine of "privity" cautiously due to the danger of depriving a nonparty of its day in court, *Frese v. Snohomish* County, 129 Wash. App. 659, 655, 120 P.3d 89 (2005), Snohomish County, its employees and Superior Court personnel did have their day in court by assisting DSHS throughout the dependency, termination, and subsequent appeal.  These individual defendants were the driving force behind the County's violations of due process found.

PLAINTIFFS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COLLATERAL ESTOPPEL - 18

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

The Plaintiffs have attached the various pleadings and orders of the Snohomish County Superior Court in the Declaration of Adam Ballout in Support of Plaintiffs' Motion for Partial Summary Judgment which sets forth and cites to the trial court and appellate record the facts underlying the role of the individual defendants Walker, Haugan and DiVittorio played in securing the termination order entered by Judge Farris.  *See* Exhibits 1-6 of Ballout Declaration.  Thus, the individual defendants as well as Snohomish County, are all deemed to be collaterally estopped from denying the findings and holdings of the Court of Appeals and the Snohomish County Superior Court.

**4.      Equitable Estoppel Will Not Be an Injustice to Defendants**

Fourth, the application of collateral estoppel will not result in an injustice to Defendants, particularly Snohomish County.  The fourth element of collateral estoppel, the injustice element, is rooted in procedural unfairness. *Schibel v. Eymann*, 189 Wash. 2d 93, 102, 399 P.3d 1129, 1133–34 (2017).  The court must determine whether "the parties to the earlier proceeding received a full and fair hearing on the issue in question." *Thompson v. Dep't of Licensing*, 138 Wash. 2d 783, 795-96, 982 P.2d 601 (1999) (quoting *In re Marriage of Murphy*, 90 Wash. App. 488, 498, 952 P.2d 624 (1998)).  In *State Farm v. Avery*, the court considered the following factors to determine whether preclusion will serve justice: the character of the court, the scope of its jurisdiction, and the procedural safeguards provided. 114 Wash. App. 299, 306, 57 P.3d 300, 304 (2002).  Not only did Defendants have a full and fair opportunity to litigate, they also did so in state courts, where there was not a lack of procedural informality. Snohomish County had the opportunity to present witnesses, relevant evidence, and appeal the Court of Appeals decision.  This is not a case where Snohomish

PLAINTIFFS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COLLATERAL ESTOPPEL - 19

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

County experienced a lack of procedural unfairness. Rather, this is a case where Snohomish County employees purposefully created barriers in order to prevent Plaintiffs Aradon and Hayes from uniting with their daughter. The harm to the parent-child relationship was palpable and devasting to their daughter.

Plaintiffs have met the elements to establish collateral estoppel. The Court of Appeals' findings must be binding and estop Snohomish County from relitigating the facts and issues that have already been decided.   These defendants are also collaterally estopped from denying these facts in ALL causes of action alleged by Plaintiffs, not just the due process violation.

## IV.   CONCLUSION

There are no disputed issues of fact regarding the Defendants' violations of the procedural and substantive due process rights of Plaintiffs because the factual issues have been resolved against the Defendants on all the elements of this constitutional violations. As a matter of both federal and state law, the Defendants should be estopped from relitigating the issues of fact and law resolved by the Court of Appeals. Plaintiffs respectfully ask this Court to grant this Motion.

RESPECTFULLY SUBMITTED this 2nd day of July, 2021.

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC

Patrick A. Trudell, WSBA #11363
Attorney for Plaintiffs

PLAINTIFFS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COLLATERAL ESTOPPEL - 20

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC
3724 Lake Washington Blvd
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

<u>CERTIFICATE OF MAILING</u>

I hereby certify under the penalty of perjury under the laws of the State of Washington that on this day I delivered via mail, fax and/or legal messengers a copy of the foregoing document for delivery to the following:

Shannon M. Ragonesi
Keating, Bucklin & McCormack, Inc.
801 Second Avenue, Suite 1210
Seattle, WA  98104

Audrey M. Airut Murphy
Keating, Bucklin & McCormack, Inc.
801 Second Avenue, Suite 1210
Seattle, WA  98104

Kristofer J. Bundy
Kulshan Law Group, PLLC
114 W. Magnolia Street, Suite 302
Bellingham, WA  98225

Allison Croft
Freimund Tardiff, PLLC
711 Capitol Way South, Suite 602
Olympia, WA  98501

DATED this  2nd day of July, 2021.

KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC

*Barbara Faidley*

Barbara  Faidley

PLAINTIFFS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COLLATERAL ESTOPPEL - 21

**KORNFELD TRUDELL BOWEN
& LINGENBRINK, PLLC**
3724 Lake Washington Blvd
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax