UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NYLYSHA STARVION BELAFON ARADON, et al.,

Plaintiff,

v.

SNOHOMISH COUNTY, et al.,

Defendant.

CASE NO. 2:20-CV-1665-RSM-DWC

ORDER GRANTING MOTION TO APPPOINT GUARDIAN AD LITEM

The District Court referred this case to United States Magistrate Judge David W. Christel. This matter comes before the Court on Plaintiffs' Motion for Appointment of a Litigation Guardian Ad Litem (Dkt. 40).

BACKGROUND

On October 16, 2020, Plaintiffs filed a complaint in King County Superior Court alleging causes of action for negligent administration of the Snohomish County Parental Dependency and Termination Program, negligent investigation, negligent infliction of mental distress, violation of the Fourteenth Amendment, violation of the Fourth Amendment, abuse of process, and outrage. Dkt. 1-1.

On November 12, 2020, Defendants Snohomish County, Snohomish County Superior Court, and the Snohomish County Volunteer Guardian Ad Litem Program (County Defendants), together with Sara Di Vittorio and John Doe Di Vittorio (Di Vittorio Defendants), filed a notice of removal. Dkt. 1.

In December 2020, Plaintiffs moved to remand the case to state court. Dkt. 20, 22.

On February 16, 2021, this Court entered a Report and Recommendation denying Plaintiff's motion to remand (Dkt. 30), and on March 22, 2021, the Honorable Ricardo S. Martinez adopted it (Dkt. 34).

On July 16, 2021, Plaintiffs filed the pending Motion for Appointment of a Litigation Guardian Ad Litem. Dkt. 40. The Court ordered Respondents to file a response, which they did on August 9, 2021, indicating that do not oppose the appointment. Dkt. 43. Plaintiff's also filed a reply. Dkt. 44.

## STANDARD

"The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Federal Rule of Civil Procedure (Rule) 17(c)(2). "[Rule] 17(c) requires a court to take whatever measures it deems proper to protect an incompetent person during litigation." *U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash*., 795 F.2d 796, 805 (9th Cir.1986). The Ninth Circuit has established that "[i]f an infant or incompetent person is unrepresented, the court should not enter a judgment which operates as a judgment on the merits without complying with Rule 17(c)." *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989); *Allen v. Calderon*, 408 F.3d 1150, 1153–54 (9th Cir. 2005) ("Because there was sufficient evidence of Allen's

incompetence, the district court abused its discretion in dismissing the petition for failure to prosecute without first holding a competency hearing or otherwise considering his claim.”).

“Capacity to sue or be sued is determined ... for an individual who is not acting in a representative capacity, by the law of the individual's domicile.” Rule 17(b)(1). In Washington, a guardian ad litem should be appointed “when the court is reasonably convinced that the litigant is not competent to understand the significance of legal proceedings and the effect of such proceedings on the litigant's best interests.” *Graham v. Graham*, 40 Wash. 2d 64, 66–67 (1952). Pursuant to RCWA 4.08.060:

> When an incapacitated person is a party to an action in the superior courts he or she shall appear by guardian, or if he or she has no guardian, or in the opinion of the court the guardian is an improper person, the court shall appoint one to act as guardian ad litem. Said guardian shall be appointed as follows:
>
> (1) When the incapacitated person is plaintiff, upon the application of a relative or friend of the incapacitated person.

Generally, the role of the guardian ad litem in a federal lawsuit is to protect the interests of the minor. Rule 17(c). A district court “maintains a continuing obligation to supervise the guardian ad litem's work.” *Neilson v. Colgate–Palmolive Co*., 199 F.3d 642, 652 (2nd Cir. 1999) (citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1079 (9th Cir. 1978); *Noe v. True*, 507 F.2d 9, 12 (6th Cir. 1974)). Thus, a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem. *Salmeron v. U.S*., 724 F.2d 1357, 1363 (9th Cir. 1983).

The district court may remove the guardian ad litem at any time. *Hull by Hull v. United States*, 53 F.3d 1125, 1127 n. 1 (10th Cir. 1995) (noting that parties seeking to challenge the

decisions of a guardian ad litem have a remedy of applying to the court to have the guardian ad litem removed or to have another guardian ad litem appointed).

DISCUSSION

Plaintiffs request the appointment of Jo-Hanna Reed as the Litigation Guardian Ad Litem for A.H., a minor child who was removed from her mother (also a Plaintiff in this case) four days after birth, and placed into the dependency and termination program at the Snohomish County Superior Court. Dkt. 40 at 2.

According to Plaintiffs, A.H., who is now eight years old, remains in foster care. *Id*. at 2-3. Plaintiffs also represent to this Court that Jo-Hanna Reed is willing and able to serve as A.H.'s Litigation Guardian Ad Litem. *Id*. at 3. It appears Ms. Reed is an attorney licensed to practice in the State of Washington with substantial experience serving as a Guardian Ad Litem for incapacitated persons, including minor children, and that she is on the approved "SGAL list" in both King and Snohomish County Superior Court. Dkt. 40 at 3-4, 7.

Based on these representations, the Court is satisfied that A.H. is not competent to understand the significance of the legal proceedings in this case, and therefore that appointment of a Litigation Guardian Ad Litem is in her best interests. The Court further finds that Ms. Reed is qualified and willing to execute the responsibilities of Litigation Guardian Ad Litem to A.H.

Plaintiffs also request that the Court authorize Plaintiffs' counsel, Patrick A. Trudell and Robert Scott Bowen, to continue to appear as counsel on behalf of A.H. Dkt. 40-1 at 3. However, the Court declines to do so, as this decision must be made by Ms. Reed. *See Fong Sik Leung v. Dulles*, 226 F.2d 74 (9th Cir. 1955)(guardian ad litem has authority to engage counsel, file suit and prosecute, control and direct litigation, and as officer of the court a guardian ad litem has full

responsibility to assist the court to secure the just, speedy and inexpensive determination of action).

CONCLUSION

Plaintiff's unopposed motion for the appointment of a guardian ad litem pursuant to RCW 4.08.060 (Dkt. 40) and for Jo-Hanna Reed to serve as guardian ad litem is hereby GRANTED.

Dated this 11th day of August, 2021.

David W. Christel
United States Magistrate Judge