UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NYLYSHA STARVION BELAFON ARADON, et al.,

Plaintiff,

v.

SNOHOMISH COUNTY, et al.,

Defendant.

CASE NO. 2:20-CV-1665-RSM-DWC

ORDER RE: PLAINTIFFS' MOTION TO COMPEL AND DEFENDANT HAUGEN AND WALKER'S MOTIONS FOR SUMMARY JUDGMENT

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Several motions are presently pending before the Court. This order addresses Plaintiffs' Motion to Compel Answers and Documents from Defendants Haugen and Walker to Outstanding Discovery and to Continue Summary Judgment Motions of Defendants Haugen and Walker to Fed. R. Civ. P. 56(d) (Dkt. 67), and Defendant Haugen and Walker's pending Motions for Summary Judgment. Dkt. 48, 57.

BACKGROUND

The Court previously summarized the factual background of this case in the Report and Recommendation Denying Plaintiff's Motion for Partial Summary Judgment. *See* Dkt. 77. For purposes of this motion, the Court adds the following relevant procedural history:

On August 20, 2021, Plaintiffs served upon both Defendants Haugen and Walker discovery requests entitled "Plaintiffs' First Interrogatories and Requests for Production." Dkt. 67-1; Dkt. 67-2.

On August 23, 2021, Defendant Haugen filed a motion for summary judgment (Dkt. 48), and on September 2, 2021, Defendant Walker also filed a motion for summary judgment (Dkt. 57). In both motions these Defendants seek to be dismissed from this case on the basis of absolute judicial immunity.

On September 20, 2021, Defendants Haugan and Walker both objected to responding to Plaintiff's discovery requests until this Court rules on their absolute judicial immunity defense. Dkt. 61-1 at 6; Dkt. 67-2 at 6.

That same day, Plaintiffs responded to Defendant Haugan and Walker's motions by arguing, *inter alia*, that their alleged entitlement to absolute judicial immunity cannot be determined on summary judgment without first permitting discovery of "the relevant facts as to the precise functions [D]efendants exercise …". Dkt. 61 at 12.

On November 2, 2021, Plaintiffs followed up with the pending motion (Dkt. 67), which both Defendants Haugen and Walker oppose for the reasons discussed, *infra* (Dkt. 69; Dkt. 72). On November 18, 2021, Plaintiffs filed a reply. Dkt. 74.

///

///

STANDARD

Fed. R. Civ. P. 56(d) permits the district court to continue summary judgment proceedings and permit further discovery where the nonmoving party shows what material facts would be discovered that would preclude summary judgment. *Hall v. Hawaii*, 791 F.2d 759, 761 (9th Cir. 1986). Fed. R. Civ. P. 56(d) states, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order."

"To prevail under Fed.R.Civ.P. 56(f) [1], parties opposing summary judgment must make (a) a timely application which (b) sufficiently identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co*., 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n. v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir. 1986)).

"Rule 56(f) motions should be granted almost as a matter of course unless the moving party has not diligently pursued discovery of evidence." *Wichita Falls Office Assocs. v. Banc One Corp*., 978 F.2d 915, 919 n. 4 (5th Cir. 1992). The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment. *Ngerntongdee v. Vaughan*, 2008 WL 5000244 (W.D. Wash, Nov.

---

[1] Federal Rule of Civil Procedure 56(d) was previously numbered 56(f), thus older case law refers to it as 56(f).

21, 2008); *Chance v. Pac-Tel Teletrac, Inc*., 242 F.3d 1151, 1161 n. 6 (9th Cir. 2001); *Nidds v. Schindler Elevator Corp*., 113 F.3d 912, 921 (9th Cir. 1996).

DISCUSSION

Plaintiffs argue they need discovery from Defendants Walker and Haugen in order to establish that many of the "functions" these Defendants performed during the Snohomish County Superior Court proceedings involving A.H. were not the "functions" shielded by the doctrine of absolute judicial immunity, as they contend. Dkt. 67 at 6-8; Dkt. 74 at 6. Both Defendants Haugen and Walker object to this motion.

Turning first to the question of timeliness, both Defendants argue that Plaintiffs' motion is untimely, though neither directs this Court to supporting authority. Dkt. 69 at 3; Dkt. 72 at 6. To the contrary, the cases cited by Defendant Haugen (Dkt. 69 at 3) support the conclusion that a Rule 56(d) motion is "timely" if brought before a hearing or ruling on a pending motion for summary judgment. *See Ashton-Take Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir. 1990)(a Rule 56(f) motion must be made prior to the summary judgment hearing); *United States v. Kitsap Physicians Service*, 314 F.3d 995, 997 (9th Cir. 2002)(district court did not err by refusing to grant more time under Rule 56(f) where moving party failed to make a Rule 56(f) motion before the summary judgment hearing). Thus, this Court rejects Defendants' argument that the pending motion is untimely.

Next, both Defendants Haugen and Walker contend Plaintiffs have not diligently pursued the discovery they now seek to compel. Dkt. 69 at 3-4; Dkt. 72 at 9-10. This alleged lack of diligence, however, is based upon Plaintiffs' attorney's lack of response to an email from Defendant Walker's attorney the day her discovery responses were due, asking Plaintiffs to concur that she and Defendant Haugen were not required to respond to discovery until this Court

ruled on their absolute immunity defense. Dkt. 69 at 4-5. Defendants Walker and Haugen also complain that Plaintiffs' response to their own discovery requests has been unsatisfactory (Dkt. 69 at 3-4; Dkt. 72 at 2-3). Needless to say, procedures exist to obtain the Court's assistance with discovery disputes, when necessary, but raising them in a response to the opposing party's motion to compel is not one of them. In any event, the record before the Court does not demonstrate a lack of diligence by Plaintiffs.

Finally, the Court finds that by attaching the discovery requests at issue Plaintiffs have identified relevant information that would aid this Court in deciding if material facts could be discovered that would foreclose Defendant Haugen and Walker's absolute immunity defense. Defendants should know that, to the extent they insist the existing record[2] is sufficiently developed for the Court to rule on the absolute immunity issue now, that ruling would be to deny summary judgment on the absolute immunity defense because the record contains sufficient evidence of a potential genuine dispute about a material issue that cannot be resolved without further discovery.

Absolute judicial immunity's protection depends on "the specific function performed, and not the role or title of the official." *Miller v. Gammie*, 335 F.3d 889, 897 (9th Cir. 2003). Many of the specific functions Plaintiffs allege Defendants Haugen and Walker engaged in

---

[2] Defendant Walker argues Plaintiffs requested "essentially identical" discovery from Snohomish County. Dkt. 72 at 4-5. The Court has reviewed that request, and does not concur with this conclusion. Defendant Walker also contends that "Plaintiffs have not articulated what additional information they need apart from their own documentation as well as documentation from Defendant Snohomish County to oppose Ms. Walker's motion for summary judgment." Dkt. 72 at 8-9. The Court finds the answer to this question in the discovery requests Plaintiffs attached as exhibits to their motion. Defendant Walker also erroneously asserts that the controlling standard is a motion for judgment on the pleadings. Dkt. 72 at 7 (citing *Simms v. Sinclair*, 2019 WL 5862812, *1 (W.D. Wash. Nov. 8, 2019)).

during the course of their involvement in A.H.'s dependency and termination proceedings may be considered "discretionary or investigatory actions" not covered by the doctrine (*Id. at* 897-898). *See, e.g.*, *Beltran v. Santa Clara County*, 514 F.3d 906, 908 (9th Cir. 2008) (en banc) (holding social workers are not entitled to absolute immunity from claims they fabricated evidence during an investigation or made false statements in a dependency petition affidavit signed under penalty of perjury).

Thus, Defendant Haugen's conclusory argument that she is entitled to absolute "quasi-judicial" immunity because all of her work involved "serving the interests of the Court and its judges in dependency matters by representing VGALs, whose primary function was assisting the Court in determining what the affected child's best interests were," ignores Plaintiffs' accusations against her of performing functions in A.H.'s case that do not fit within this description. *See* Dkt. 48 at 4. Conversely, Defendant Walker describes Plaintiffs' accusations against her as "submitting a fake food list, working against reunification of A.H. with her parents and towards adoption with J.B., interfering with the parents' visitation rights, delaying the dependency process, and giving false or misleading testimony." Yet, she argues these were all functions of her job as "an employee of the Snohomish County Superior Court," and therefore she is entitled to absolute "quasi-judicial" immunity. Dkt. 57 at 6. Plaintiff has submitted sufficient evidence for this Court to reject Defendant Walker's contention at this time and without more discovery that the above acts fell within the category of functions covered by the doctrine.

The discovery requests at issue are attached as exhibits to the pending motion. They seek both answers to interrogatories and the production of limited documents that appear reasonably likely to elicit evidence that would defeat summary judgment. *See* Dkt. 61-1 at 6; Dkt. 67-2 at 6.

Thus, this Court finds that it would be grossly unfair to rule on Defendant Haugen and Walker's pending motions for summary judgment without first permitting Plaintiffs an opportunity to substantiate their opposition to Defendant Haugan and Walker's absolute immunity defense through the limited outstanding discovery they seek. Accordingly, the Court grants, in part, Plaintiffs' pending motion (Dkt. 67), and denies Defendant Haugen and Walker's motions for summary judgment (Dkt. 48; Dkt. 57), without prejudice, and with leave to refile.

CONCLUSION

(1) Plaintiffs' Motion to Compel Answers and Documents from Defendants Haugen and Walker to Outstanding Discovery and to Continue their Motions for Summary Judgment Pursuant to Fed. R. Civ. P. 56(d) (Dkt. 67) is GRANTED. Defendants Haugen and Walker are DIRECTED to respond to Plaintiffs' outstanding discovery requests on or before December 15, 2021; and,

(2) Defendants' Motions for Summary Judgment (Dkt. 48; Dkt. 57) are denied without prejudice, and with leave to refile on or before the current dispositive motions deadline of January 20, 2022.

Dated this 1st day of December, 2021.

David W. Christel
United States Magistrate Judge