UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NYLYSHA STARVION BELAFON ARADON, et al.,

Plaintiffs,

v.

SNOHOMISH COUNTY, et al.,

Defendants.

CASE NO. 2:20-CV-1665-RSM-DWC

ORDER GRANTING PLAINTIFFS' MOTION TO APPOINT GUARDIAN AD LITEM FOR A.L.

The District Court referred this case to United States Magistrate Judge David W. Christel. This matter comes before the Court on Plaintiffs' Motion for Appointment of a Litigation Guardian Ad Litem for minor A.L. Dkt. 153.

BACKGROUND

On October 16, 2020, Plaintiffs filed a complaint in King County Superior Court alleging causes of action for negligent administration of the Snohomish County Parental Dependency and Termination Program, negligent investigation, negligent infliction of mental distress, violation of the Fourteenth Amendment, violation of the Fourth Amendment, abuse of process, and outrage. Dkt. 1-1.

On November 12, 2020, Defendants Snohomish County, Snohomish County Superior Court, and the Snohomish County Volunteer Guardian Ad Litem Program, together with Sara Di Vittorio and John Doe Di Vittorio filed a notice of removal. Dkt. 1.

On August 11, 2021 the Court granted Plaintiff's motion to appoint a guardian ad litem (GAL) for minor Plaintiff A.H. Dkt. 45. Minor Plaintiff. A.L. has not been represented by a GAL and the Court has not been asked to consider appointing a GAL for A.L. until the filing of the pending motion (Dkt. 153). Nevertheless, after taking under advisement the pending motions for summary judgment (Dkt. 86, 88, 91) the Court, on May 18, 2022, directed the parties to indicate whether a GAL should also be appointed to represent A.L. *See* Dkt. 147.

On June 1, 2022, Plaintiffs responded in the affirmative, and filed the motion at bar. *See* Dkt. 153. Defendants Filed a Joint Status Report indicating they oppose the appointment of a GAL for A.L. "to the extent that it would require further proceedings or delay the progression of litigation ...". Dkt. 156 at 1. Defendants also asserted that a GAL was not necessary for A.L. because his claims should be dismissed. *Id*. On June 3, Defendants also filed a "Response" stating simply, "For the reasons set forth in Dkt.156, all Defendants oppose Plaintiffs' motion to appoint a GAL for Plaintiff A.L. (Dkt. 153)." *See* Dkt. 158. In their reply, Plaintiffs advise that mediation will occur on August 9, 2022, so A.L. will require a GAL to evaluate the reasonableness of any settlement that may result from mediation. Dkt. 159 at 2, 5.

On June 2, 2022, the Court entered an order directing Plaintiffs' Counsel to explain their understanding of the funding source from which GAL fees in this case will be paid. Dkt. 157. On June 5, 2022, Plaintiffs responded by stating GAL fees will be paid from a "global settlement" in the event one is reached, from any money judgment should Plaintiffs prevail at trial, or directly

from Plaintiffs' Counsel in the event a defense verdict is reached as to either minor child. Dkt. 160.

STANDARD

"The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Federal Rule of Civil Procedure (Rule) 17(c)(2). "[Rule] 17(c) requires a court to take whatever measures it deems proper to protect an incompetent person during litigation." *U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash*., 795 F.2d 796, 805 (9th Cir.1986). The Ninth Circuit has established that "[i]f an infant or incompetent person is unrepresented, the court should not enter a judgment which operates as a judgment on the merits without complying with Rule 17(c)." *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989); *Allen v. Calderon*, 408 F.3d 1150, 1153–54 (9th Cir. 2005) ("Because there was sufficient evidence of Allen's incompetence, the district court abused its discretion in dismissing the petition for failure to prosecute without first holding a competency hearing or otherwise considering his claim.").

"Capacity to sue or be sued is determined ... for an individual who is not acting in a representative capacity, by the law of the individual's domicile." Rule 17(b)(1). In Washington, a guardian ad litem should be appointed "when the court is reasonably convinced that the litigant is not competent to understand the significance of legal proceedings and the effect of such proceedings on the litigant's best interests." *Graham v. Graham*, 40 Wash. 2d 64, 66–67 (1952). Pursuant to RCWA 4.08.060:

> When an incapacitated person is a party to an action in the superior courts he or she shall appear by guardian, or if he or she has no guardian, or in the opinion of the court the guardian is an improper person, the court shall appoint one to act as guardian ad litem. Said guardian shall be appointed as follows:

(1) When the incapacitated person is plaintiff, upon the application of a relative or friend of the incapacitated person.

A district court "maintains a continuing obligation to supervise the guardian ad litem's work." *Neilson v. Colgate–Palmolive Co*., 199 F.3d 642, 652 (2nd Cir. 1999) (citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1079 (9th Cir. 1978); *Noe v. True*, 507 F.2d 9, 12 (6th Cir. 1974)). Thus, a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem. *Salmeron v. U.S.*, 724 F.2d 1357, 1363 (9th Cir. 1983).

The district court may remove the guardian ad litem at any time. *Hull by Hull v. United States*, 53 F.3d 1125, 1127 n. 1 (10th Cir. 1995) (noting that parties seeking to challenge the decisions of a guardian ad litem have a remedy of applying to the court to have the guardian ad litem removed or to have another guardian ad litem appointed).

## DISCUSSION

Plaintiffs request the appointment of Seattle attorney Bruce Wolf as the Litigation Guardian Ad Litem (GAL) for A.L., the minor sibling of Plaintiff A.H. who was placed into the dependency and termination program at the Snohomish County Superior Court four days after birth. Dkt. 40 at 2.

Under Washington law, a minor child may not be a party to a lawsuit without representation by a guardian. *See* R.C.W. § 4.08.050; *Supanich v. Rundle*, 2010 WL 4286210, at * 3 (W.D. Wash. Oct. 26, 2010). A parent without guardianship status and without legal custody does not have standing to bring claims on behalf of a child. *Supanich*, 2010 WL 4286210, at *3. While there is no indication A.L.'s parents lack standing to bring claims on A.L.'s behalf, the Court finds a GAL will ensure A.L.'s interests are protected throughout this case and, in

particular, at any future settlement discussion and mediations. For these reasons, the Court finds it is appropriate to appoint a GAL for A.L.

Plaintiffs request Bruce Wolf be appointed as A.L.'s GAL. Dkt. 153. The record reflects that Mr. Wolf is an attorney licensed to practice in the State of Washington and has substantial experience serving as a GAL for incapacitated persons, including minor children. Dkt. 154 at 2. In addition, Plaintiffs' Counsel states that Mr. Wolf is listed on the approved "SGAL list" in King County. Dkt. 153 at 3. Based on these representations, the Court is satisfied that Mr. Wolf is qualified and willing to execute these responsibilities of a GAL to A.L., who is not competent to understand the significance of the legal proceedings in this case.

GAL fees will be paid from a "global settlement" in the event one is reached,[1] from any money judgment should Plaintiffs prevail at trial, or directly from Plaintiffs' Counsel in the event a defense verdict is reached as to either minor child. *See* Dkt. 160. Plaintiffs' Counsel does not indicate how GAL fees would be paid in the event summary judgment is entered against either

---

[1] In the context of proposed settlements in suits involving minor plaintiffs, the Court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir.1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir.1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

In addition to approving the amount of a settlement apportioned to a minor plaintiff, the Court must consider "the allowance and taxation of all fees, costs, and other charges incident to the settlement." SPR 98.16W(f); *see also In re Settlement/Guardianship of AGM*, 223 P.3d 1276, 1283 (Wash Ct. App. 2010) ("SPR 98.16W authorizes attorney fees for settlements on behalf of a minor and contemplates the superior court's exercise of discretion over these fees."). The GAL is required to include "a discussion regarding expenses and fees for which payment is requested" in his or her report. SPR 98.16W(e)(12).

Further, "[a]ny attorney claiming fees, costs or other charges incident to representation of [a minor] from the claim proceeds or otherwise, shall file an affidavit or declaration ... in support thereof." SPR 98.16W(g); *see also In re Settlement/ Guardianship of AGM*, 223 P.3d at 1283 ("[SPR 98.16W(g) ] ... contemplates that in determining a reasonable fee amount for representing a minor, the superior court will consider both the minor's attorney's submissions and the [GAL's] recommendations."). "Copies of any written fee agreement must be attached to the [attorney's] affidavit or declaration." SPR 98.16W(g).

minor child, however the Court finds this outcome should be treated the same as if a defense verdict were reached against either minor Plaintiff's claims.

The Court declines to grant Plaintiffs' Counsel's request to continue appearing on behalf of A.L., as Mr. Wolf must determine if this is in A.L.'s best interest. *See Fong Sik Leung v. Dulles*, 226 F.2d 74 (9th Cir. 1955) (guardian ad litem has authority to engage counsel, file suit and prosecute, control and direct litigation, and as officer of the court a guardian ad litem has full responsibility to assist the court to secure the just, speedy and inexpensive determination of action). Mr. Wolf is directed to file a status report identifying who he has retained as counsel for A.L..

Finally, the Court notes that since A.L. has not had a GAL at any time during the pendency of this case Mr. Wolf may desire to conduct discovery to respond to the pending Motions for Summary Judgment. Therefore, the Court directs Mr. Wolf to file a status report indicating whether he believes additional discovery is necessary. If Mr. Wolf recommends additional discovery, counsel for A.L. should file a motion to reopen discovery.[2]

CONCLUSION

Plaintiffs' motion for appointment of a guardian ad litem to represent A.L. (Dkt. 153) is hereby GRANTED, under the terms discussed herein. Mr. Wolf is directed to file a status report

---

[2] The Court notes that in their Joint Status Report Defendants also argue, for the first time since the inception of this case, that

> A.L. lacks capacity to sue in his own name, so his claims should be dismissed for lack of standing unless he is appointed a GAL. However, because A.L. lacks protectable interests in this lawsuit given that Plaintiffs have presented no evidence of A.L.'s damages, Rule 17 does not require that the Court appoint a GAL. Instead, the Court should dismiss A.L.'s claims for lack of capacity and standing rather than divert more judicial resources to selecting and appointing an appropriate GAL.

Dkt. 156. The Court finds that Defendant's arguments regarding A.L.'s standing have not been properly raised. This Court will, therefore, not consider whether A.L. has standing to sue.

on or before June 30, 2022 identifying who he has retained as counsel for A.L and regarding his recommendation on whether additional discovery is necessary in this case. Counsel for A.L. should file a motion to reopen discovery on or before June 30, 2022 if Mr. Wolf finds additional discovery is necessary.

Dated this 10th day of June, 2022.

David W. Christel
United States Magistrate Judge