UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NYLYSHA STARVION BELAFON ARADON, et al., <br><br> Plaintiff, <br><br> v. <br><br> SNOHOMISH COUNTY, et al., <br><br> Defendant. | CASE NO. 2:20-CV-1665-RSM-DWC <br><br> AMENDED ORDER RE: GUARDIAN AD LITEM JO-HANNA READ |

The District Court referred this case to United States Magistrate Judge David W. Christel. On August 11, 2021 the Court granted Plaintiff's motion to appoint a guardian ad litem (GAL) for minor Plaintiff A.H. Dkt. 45. The purpose of this Order is to clarify the funding source from which GAL fees in this case will be paid.

On June 5, 2022, Plaintiffs responded to the Court's order (Dkt. 157) directing Plaintiffs' Counsel to explain their understanding of the funding source from which GAL fees in this case will be paid, stating they will be paid from a "global settlement" in the event one is reached, from any money judgment should Plaintiffs prevail at trial, or directly from Plaintiffs' Counsel in the event a defense verdict is reached as to either minor child. *See* Dkt. 160.

The Court concurs with Plaintiffs' Counsel's proposal that GAL fees will be paid from a "global settlement" in the event one is reached,[1] from any money judgment should Plaintiffs prevail at trial, or directly from Plaintiffs' Counsel in the event a defense verdict is reached as to either minor child. *See* Dkt. 160. Plaintiffs' Counsel does not indicate how GAL fees would be paid in the event summary judgment is entered against either minor child, however the Court finds this outcome should be treated the same as if a defense verdict were reached against either minor child's claims.

IT IS SO ORDERED.

Dated this 10th day of June, 2022.

David W. Christel
United States Magistrate Judge

---

[1] In the context of proposed settlements in suits involving minor plaintiffs, the Court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir.1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir.1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

In addition to approving the amount of a settlement apportioned to a minor plaintiff, the Court must consider "the allowance and taxation of all fees, costs, and other charges incident to the settlement." SPR 98.16W(f); *see also In re Settlement/Guardianship of AGM*, 223 P.3d 1276, 1283 (Wash Ct. App. 2010) ("SPR 98.16W authorizes attorney fees for settlements on behalf of a minor and contemplates the superior court's exercise of discretion over these fees."). The GAL is required to include "a discussion regarding expenses and fees for which payment is requested" in his or her report. SPR 98.16W(e)(12).

Further, "[a]ny attorney claiming fees, costs or other charges incident to representation of [a minor] from the claim proceeds or otherwise, shall file an affidavit or declaration ... in support thereof." SPR 98.16W(g); *see also In re Settlement/ Guardianship of AGM*, 223 P.3d at 1283 ("[SPR 98.16W(g) ] ... contemplates that in determining a reasonable fee amount for representing a minor, the superior court will consider both the minor's attorney's submissions and the [GAL's] recommendations."). "Copies of any written fee agreement must be attached to the [attorney's] affidavit or declaration." SPR 98.16W(g).