UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

NYLYSHA STARVION BELAFON
ARADON, et al.,

                    Plaintiffs,

      v.

SNOHOMISH COUNTY, et al.,

                    Defendants.

CASE NO. 2:20-CV-1665-RSM-DWC

ORDER GRANTING MOTION TO
REOPEN DISCOVERY AND
DENYING PENDING MOTIONS
WITHOUT PREJDUICE

On June 10, 2022, the Court appointed a guardian ad litem (GAL)—Bruce Wolf—to represent minor Plaintiff A.L. Dkt. 161. The Court directed Wolf to file a status report on or before June 30, 2022 identifying who he has retained as counsel for A.L. *Id*. The Court also directed counsel for A.L. to file a motion to reopen discovery on or before June 30, 2022 if Wolf found additional discovery necessary. On June 30, 2022, Wolf filed a status report and counsel filed the Motion of Plaintiff A.L. and Bruce Wolf, his Guardian Ad Litem, for Limited Discovery ("Motion for Limited Discovery"). Dkts. 165, 166. On July 11, 2022, Defendants filed a joint response in opposition (Dkt. 169), and on July 15, 2022 Plaintiffs filed a reply (Dkt. 171).

1    After considering the relevant record, the Motion for Limited Discovery (Dkt. 165) is

2  granted.

3    Further, as the Court is allowing additional discovery, the pending Motion Pursuant to

4  Federal Rule Civil Procedure 37(e) for Sanctions Against Defendants Walker and Snohomish

5  County and its VGAL Program for Spoliation of Evidence ("Motion for Sanctions") (Dkt. 128)

6  and the Motions for Summary Judgment (Dkts. 86, 88, 91) are denied without prejudice with the

7  right to refile.

8    I.    **Motion for Limited Discovery**

9    In the Motion for Limited Discovery, Wolf[1] seeks to reopen the discovery period to

10  conduct limited discovery. Dkt. 165. Specifically, Wolf requests a court order allowing

11  Plaintiffs' counsel to issue a subpoena duces tecum to Jamie French Bialek (Bialek), the former

12  foster mother for Plaintiff A.H. *Id*. Wolf states communications between Bialek and the

13  Snohomish County Volunteer Guardian Ad Litem ("VGAL") Program that were deleted by

14  VGAL personnel may continue to exist electronically in the possession of Bialek. Dkt. 166, Wolf

15  Dec. at 3. Depending on information revealed during the electronic retrieval process, Wolf may

16  seek the Court's permission to take the deposition of Bialek and "potential other depositions

17  depending on what the electronic discovery retrieval process reveals." *Id*. Counsel states this

18  limited discovery is necessary to allow this Court to resolve the pending Motion for Sanctions

19  and the Motions for Summary Judgment. Dkt. 165.

20    Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be

21  modified for good cause and with the judge's consent. *See also* Local Civil Rule ("LCR")

22

23  —————————

24  [1] As Wolf has been appointed GAL for Plaintiff A.L., the Court will refer to Plaintiff A.L. and GAL Wolf as "Wolf."

16(b)(6); Fed.R.Civ.P. 6(b)(1)(A). "[R]equests for extensions of time made before the applicable

deadline has passed should normally be granted in the absence of bad faith on the part of the

party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624

F.3d 1253, 1259 (9th Cir. 2010) (internal quotations and alterations omitted). However, if a

motion for an extension is made *after* a deadline, the Court may not extend time absent a

showing of excusable neglect. Fed.R.Civ.P. 6(b)(1)(B). To determine whether neglect is

excusable, the Supreme Court has stated that the test "is at bottom an equitable one, taking

account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services

Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993).

In this case, the discovery period has closed and, thus, Wolf must show excusable neglect

to reopen discovery. First, the Court invited a motion to reopen discovery because Wolf was

appointed to represent A.L. after the discovery period closed. *See* Dkt. 161. Second, due to

Wolf's appointment as A.L.'s GAL on June 10, 2022, the Court found it was necessary to re-set

the trial date. Dkt. 163. Any of the parties could have brought this representational deficiency to

the Court's attention at any time including before the discovery deadline. On this basis, the Court

finds excusable neglect.

Defendants contend that even if the Court finds good cause, the motion should be denied

because further delay in this case would prejudice them. Dkt. 169 at 3. The Court notes the

pending summary judgment motions have been re-noted and stricken several times due, in part,

to Plaintiff's post-discovery motions. Dkts. 117, 163. However, as noted above, Defendants

share responsibility for not bringing the representational deficiency to the Court's attention

before the discovery deadline and before the dispositive motions deadline. Thus, while the Court

is reluctant to further delay consideration of the motions for summary judgement, the interests of

1   justice require the Court to reopen the discovery period for the limited purpose requested by A.L.

2   Also, any prejudice to Defendants in allowing Wolf to conduct limited discovery does not

3   outweigh Plaintiffs' interests in completing discovery to ensure A.L. has been able to fairly

4   litigate this case.

5       Finally, Wolf's request is narrowly tailored to obtain relevant and potentially spoiled

6   evidence, and to potentially seek this Court's approval to depose A.H.'s former foster mother

7   and others "depending on what the electronic discovery retrieval process reveals." Dkt. 165 at

8   12; Dkt. 166 at 3. The Court also notes Plaintiffs' motion withdraws their previously expressed

9   intent to potentially seek future leave to conduct additional discovery. *Id*. at 3.

10       In sum, the Court has considered all relevant circumstances surrounding Wolf's request

11   to reopen the discovery period and finds, for the above stated reasons, Plaintiffs have shown

12   excusable neglect. Therefore, the Motion for Limited Discovery (Dkt. 165) is granted. The

13   discovery period is re-opened from the date of this Order through September 30, 2022 for the

14   limited purpose of executing the subpoena duces tecum on Bialek and requesting and completing

15   (if leave is granted by this Court) any depositions related directly thereto.

16       The clerk of court is directed to issue to Jamie French Bialek the Fed. R. Civ. P. 45

17   subpoena duces tecum located at Docket Entry 165-1. Plaintiffs' counsel is responsible for

18   ensuring the subpoena duces tecum is properly served.

19   **II.**   **Motions for Sanctions and Summary Judgment**

20       The Court finds the potential new discovery may impact the Motion for Sanctions and the

21   Motions for Summary Judgment. Therefore, the Motion for Sanctions (Dkt. 128) and the

22   Motions for Summary Judgment (Dkts. 86, 88, 91) are denied without prejudice with the right to

23

24

refile. *See* Fed. R. Civ. P. 56(d) (when a nonmovant cannot present facts essential to justify its opposition, the court may defer or deny the motion).[2]

The parties are not required to refile evidence previously filed in this case. However, the Court intends to consider only the evidence cited to in any motions for summary judgment; thus, the parties must, in any subsequent motion for summary judgment, specifically cite to the evidence on which they rely. *See* Fed. R. Civ. P. 56(c)(3) ("[t]he court need consider only the cited materials ..."). The parties may not refile any motion for summary judgment or request for sanctions until after the discovery period has closed.

### III. Conclusion

For the above stated reasons, the Motion for Limited Discovery (Dkt. 165) is granted, the Motion for Sanctions (Dkt. 128) and the Motions for Summary Judgment (Dkts. 86, 88, 91) are denied without prejudice with the right to re-file.

The discovery period is reopened from the date of this Order through September 30, 2022 for the limited purpose of executing the subpoena duces tecum on Bialek and requesting and completing any additional depositions. **All discovery, including any potential deposition, must be completed by September 30, 2022.** Thus, the Court directs the parties to schedule all potential deposition while awaiting Court approval. No additional extensions will be granted

---

[2] The denial of a motion without prejudice is non-dispositive. *See Jones v. Corr. Corp. of Am.*, 2011 WL 1706838, at *4 (D. Ariz. May 5, 2011) (internal quotations omitted) ("A denial without prejudice is different than a denial with prejudice in the sense that the former does not preclude a subsequent motion based on the same argument."). Therefore, in the interest of judicial efficiency and because the Court has denied the Motions for Summary Judgment without prejudice, the Court enters this Order denying the Motions for Summary Judgment, not a report and recommendation. *See McCain v. California Highway Patrol*, 2011 WL 6328221, at *1, n.1 (E.D. Cal. Dec. 16, 2011) (noting the magistrate judge's denial without prejudice of the plaintiff's partial motion for summary judgment was non-dispositive and, therefore, the magistrate judge was not required to submit findings and recommendations).

1 | absent a showing of extraordinary circumstances. Further, dispositive motions may not be refiled

2 | until after the close of discovery. The Court will issue a separate amended scheduling order.

3 |     *Directions to the Clerk.* The Court previously removed the Motions for Summary

4 | Judgment from the Court's calendar, therefore the Clerk is directed to re-open those Motions for

5 | Summary Judgment (Dkts. 86, 88, 91) and indicate they are denied without prejudice. The Clerk

6 | is also directed to issue the subpoena duces tecum located at Docket Entry 165-1.

7 |     Dated this 19th day of July, 2022.

8

9

David W. Christel
United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24