UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NYLYSHA STARVION BELAFON
ARADON, et al.,

              Plaintiff,

    v.

SNOHOMISH COUNTY, et al.,

              Defendant.

CASE NO. 2:20-CV-1665-RSM-DWC

ORDER

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiffs' "Motion to Allow Expert Dr. Kliman to Contact Particular Witnesses and to Allow Plaintiffs to Supplement Their Expert Disclosure of Dr. Kliman with a Final Report." Dkt. 178.

The Court notes that additional motions are currently pending and will be addressed separately. *See* Dkts. 182, 186, 188, 191, 192.

<u>INTRODUCTION</u>

The Court incorporates the facts of this case as set forth in its previous orders. *See e.g.*, Dkt. 77.

Plaintiffs seek to allow Psychiatrist Gilbert Kliman, M.D. (Kliman) to "interview A.H.'s current foster parents, and to allow him time to complete the work he believes is necessary to (a) interview relevant parties and witnesses in this case and (b) formulate his opinions based upon such review and (c) provide to the parties his final opinions". Dkt. 178.[1] In support of this motion Kliman prepared a declaration in which he provides a more expansive list of efforts he hopes to engage in:

> a.    We want to review recently obtained discovery from the former foster mother, including the correspondence between and among her, a new Amara adoption agency representative, Anne-Marie Holloway, and the MSW social worker Colleen Stark-Bell relating to the backdrop of how and why she was removed as A.H.'s foster mother. I have received these documents and we are reviewing them now.
>
> b.    We want to read the letters the former foster mother wrote to A.H. after A.H.'s removal from her home on December 15, 2020, to the present which were first provided to the parties on Sept. 12, 2022. We have received these documents and we are reviewing them now.
>
> c.    We need to review the deposition recently taken from the former foster mother, which is not yet available.
>
> d.    We would like to interview the Blacks [A.H.'s current foster parents].
>
> e.    We would like to interview A.H. which may entail multiple in[t]erviews, and to conduct psychological testing of A.H.
>
> f.    We would like to complete interviews, already ongoing, with A.H.'s biological parents [Plaintiffs Aradon and Hayes].
>
> g.    We reserve the right and ability, in our discretion, to have the Court approve of interviews with Dr. Marion Harris, MSW, Colleen Stark-Bell and Amara social worker [sic] Annie-Marie Holloway along with other individuals involved in the King County Dependency action who were disclosed by the recently obtained documents.

Dkt. 180 at 3-4.

---

[1] Notably, the exact scope of Plaintiffs' request is not clear as Plaintiffs set forth different versions in their supporting materials. *Compare* Dkt. 178 at 1-2 *with* Dkt. 178-1 *and* Dkt. 180 at 3-4.

1    Defendants oppose the motion as an untimely and prejudicial request to re-open

2    discovery for the fifth time, and because Kliman is not a properly disclosed expert in this case.

3    *See generally*, Dkts. 198, 201, 203.

4                              PROCEDURAL BACKGROUND

5    Plaintiffs initiated this case in King County Superior Court on October 16, 2020. *See*

6    *generally*, Dkt. 1-1. It was removed to this Court on November 12, 2020. Dkt. 1. The discovery

7    deadlines in this Court have already been revised four times.

8    The first discovery deadline was October 1, 2021. Dkt. 28. Expert witness disclosures

9    were due August 2, 2021. *Id*. at 1.

10    Second, on September 23, 2021 the deadline to file discovery motions was amended to

11    December 10, 2021, with the discovery deadline moved to December 31, 2021. Dkt. 63 at 1.

12    Third, on March 8, 2022 the Court held a hearing regarding Plaintiffs' Motion to

13    Continue Summary Judgment and Compel Discovery. Dkts. 95-114, 117. At that hearing the

14    Court ordered the parties to file a stipulated protective order by March 15, 2022 and ordered

15    Defendants to produce documents in response to discovery requests Plaintiffs had propounded

16    before the December 31, 2021 discovery deadline. Dkt. 117. On March 9, 2022 the Court issued

17    a Third Amended Scheduling Order moving the trial date to September 19, 2022 and amending

18    pretrial deadlines, and stated that "All other portions of the Orders Setting Trial Date and Related

19    Dates (Dkt. 28, 63) remain in full force and effect." Dkt. 118. Thus, on March 9, 2022 the Court

20    affirmed that the discovery deadline of December 31, 2021 remained in effect. *Id.*

21    On May 18, 2022 the Court *sua sponte* noted that *guardian ad litem* Jo-Hanna Read

22    (GAL Read) had not entered a notice of appearance nor identified who would be appearing as

23    counsel for A.H., and that a *guardian ad litem* had not been appointed for the other minor

24

1   Plaintiff, A.L. Dkt. 147. The Court directed the parties to file a status report regarding these

2   issues. *Id.*

3          After the parties filed their status reports, on June 10, 2022 the Court appointed Bruce

4   Wolf (GAL Wolf) as Plaintiff A.L.'s *guardian ad litem* and directed him to designate counsel for

5   A.L. and inform the Court whether he desired to conduct discovery to respond to the pending

6   motions for summary judgment.[2] Dkt. 161. On June 30, 2022 GAL Wolf, together with

7   Plaintiffs' counsel (whom both GALs have designated as counsel for A.H. and A.L.), filed a

8   motion to reopen discovery for the limited purpose of issuing a *subpoena duces tecum* to A.H.'s

9   former foster mother (J.B.) for communications between her and the Snohomish County

10  Volunteer *Guardian Ad Litem* (VGAL) program, and to depose J.B. and potentially others,

11  depending on what the electronic discovery retrieval process revealed. *See generally*, Dkt. 165.

12         On July 19, 2022 the Court found GAL Wolf had shown excusable neglect and granted

13  the motion for a limited reopening of discovery, stating:

14         The discovery period is re-opened from the date of this Order through September
           30, 2022 for the limited purpose of executing the subpoena duces tecum on [J.B.]
15         and requesting and completing (if leave is granted by this Court) any additional
           depositions related directly thereto.

16                                          * * *

17
           **All discovery, including any potential deposition, must be completed by**
18         **September 30, 2022.** Thus, the Court directs the parties to schedule all potential
           depositions while awaiting Court approval. No additional extensions will be
19         granted absent a showing of extraordinary circumstances.

20  Dkt. 172 at 4-6 (emphasis in original). In the same order, the Court denied the pending motions

21  for summary judgment without prejudice and with the right to re-file. *Id.* at 6. The Court then

22

23  _____

24         [2] Each of the Defendants had summary judgment motions pending. Dkts. 86, 88, 91.

1  entered the Fourth Amended Scheduling Order, moving the trial from September 19, 2022 to

2  April 17, 2023, reopening discovery for the limited period of July 19, 2022 through September

3  30, 2022, setting the deadline for any dispositive motions, *Daubert* motions, or motions for

4  sanctions for spoliation for October 14, 2022, and amending the pretrial dates. Dkt. 173. That

5  Order also stated: "All other portions of the Orders Setting Trial Date and Related Dates (Dkt.

6  28, 63, 118) remain in full force and effect." *Id*.

7          On October 6, 2022, Plaintiffs filed the pending motion.

8  <u>DISCUSSION</u>

9          Plaintiffs ask the Court to issue an order permitting their desired damages expert, Kliman,

10  to supplement his expert report after he conducts further interviews of witnesses and reviews

11  additional evidence, some of which may need to be obtained through *subpoena*. Dkt. 178 at 4-5.

12          Plaintiffs state they seek to supplement Kliman's report, but the record before the Court

13  reflects that Plaintiffs have not yet produced an initial report from Kliman. Dkts. 41, 56.

14  Plaintiffs' August 2, 2021 expert witness disclosure document did not enclose an initial expert

15  report from Kliman; it only contained counsel's statements about what Kliman was "expected to

16  testify" about at trial, as well as his CV, a list of expert appearances he has made, and expert fee

17  information. Dkt. 41 at 3-4. Defendants confirm that Plaintiffs have not provided them with any

18  reports from Kliman. Dkt. 198 at 6; Dkt. 201 at 7.

19          Plaintiffs also seek to conduct further discovery, the scope of which is not clear, but at a

20  minimum includes interviewing and conducting psychological testing of Plaintiff A.H.,

21  interviewing witnesses known to the parties before the December 31, 2021 discovery deadline,

22

23

24

and interviewing the foster parents A.H. has been living with for the last two years. [3] Dkt. 178 at 5; Dkt. 180 at 3-4.

In support, Plaintiffs indicate that "Damages to A.H. are seen in the destruction of her cultural identity and her relationship with her parents", and "A.H. and her dependency situation are being reviewed by Plaintiff's psychiatric expert, Dr. Gilbert Kliman and further damages will be articulated upon Dr. Kliman's report on the case." Dkt. 217 at 71. Notably, GAL Read submitted a declaration in support of the motion at bar indicating she now recommends "that A.H. may be interviewed by [] Kliman and assessed by him for a comprehensive life care plan that will insure [sic] her continued forward progress and assist the trier of facts [sic] in this matter." Dkt. 206 at 9. However, in February 2022, GAL Read expressed the opinion that A.H. should not undergo psychiatric interviews, research, evaluation, or depositions until "well after she is reunited with her parents". *See* Dkt. 100 at 14.

Defendants oppose this motion for many reasons, including that Plaintiffs have never actually produced an initial report for Kliman even though the first scheduling order required them to do so on or before August 2, 2021. Dkt. 28 at 1. Defendants also insist that Plaintiffs have had ample opportunity to obtain the information they now seek for Kliman to review. Plaintiffs have not requested to have Kliman interview A.H.'s foster parents before now and have never sought to access the King County dependency records. *See* Dkt. 202 at 2. Defendants state that in August 2021 Plaintiffs knew that Kliman would need additional time, yet Plaintiffs ignored Defendants' request to continue the trial date or stay the matter until A.H.'s situation had stabilized. Dkt. 108; Dkt. 109 at 10. As such, Defendants argue this motion is an untimely

---

[3] A.H. was removed from her former foster mother, J.B., in December 2020, and placed with her current foster parents. Dkt. 178 at 8.

1  motion to reopen discovery two years into this case and only months away from trial, and is

2  unsupported by excusable neglect or "extraordinary circumstances". *See generally*, Dkts. 198,

3  201, 203.

4       **Standard of Review.** Pursuant to local rule, a motion for relief from a deadline should be

5  filed before the deadline lapses. LCR 7(j). The party requesting the extension must show good

6  cause for the extension. Fed. R. Civ. P. 26(b), 6(b)(1). The extension "normally will be granted

7  in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse

8  party." *California Trout v. Fed. Energy Regulatory Comm'n*, 572 F.3d 1003, 1027 n.1 (9th Cir.

9  2009). If a motion for an extension is made after a deadline the Court may not extend time absent

10  a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Additionally, due to the multiple

11  scheduling orders entered in this case the Court has emphasized that "No additional extensions

12  will be granted absent a showing of extraordinary circumstances." Dkt. 172 at 5-6.

13       For the reasons that follow, the Court finds Plaintiffs' motion is untimely and that

14  Plaintiffs have failed to show excusable neglect.

15       **Reopening Discovery.** Plaintiffs contend their request is not to reopen discovery and

16  extend the expert disclosure deadline. Dkt. 178 at 9. Plaintiffs write, "Discovery normally refers

17  to the use of compulsory legal process (subpoenas, notices of deposition, propounding of

18  interrogatories or requests for information or admissions of facts) to obtain information from

19  parties, persons, or organizations. It does not refer to an expert's process of interviewing

20  witnesses to complete their evaluation of the case and formulate opinions to present to the court."

21  *Id*.

22       In the alternative, Plaintiffs posit an adequate "cure" for permitting Kliman access to

23  witnesses who have never been deposed in this case, medical records that have never been

24

1   produced to opposing counsel (which Plaintiffs indicate may need to be *subpoenaed*) and

2   psychiatric testing and interviewing of A.H., would simply be to permit Defendants to depose

3   Kliman after he produces an expert report. *Id.* at 12.

4          As stated above, the expert witness report deadline was August 2, 2021. Dkt. 28 at 1. And

5   although Plaintiffs disclosed Kliman as an expert on August 2, 2021 they failed to provide an

6   expert report by Kliman with their disclosure document. Dkt. 41 at 3-4. Thus, Plaintiffs never

7   produced an initial expert report by Kliman capable of being "supplemented".

8          If the Court were to grant Plaintiffs' motion, Defendants would be entitled to depose

9   Kliman, depose any witnesses he references in any report (including A.H.), review all

10  documentation upon which his opinions are based including any testing data, perform their own

11  psychological testing of A.H. vis-à-vis their own psychological rebuttal expert, conduct

12  depositions, etc. Thus, the Court construes Plaintiffs' motion as a motion to reopen discovery.

13         **Timeliness.** As noted above, the discovery deadline in this case was originally October 1,

14  2021 and was extended to December 31, 2021. Eleven days prior to the discovery deadline, on

15  December 20, 2021, Plaintiffs had not scheduled any depositions, had failed to produce any

16  documents to Defendants pertaining to the underlying dependency proceeding, and had not

17  followed up on Defendants' request for a stipulated protective order. Dkt. 109 at 8-9.

18  Consequently, counsel for Defendants suggested to counsel for Plaintiffs that the parties have a

19  conference call to discuss a stipulated motion for an extension of all deadlines and a new trial

20  date. Dkt. 103-3 at 3; Dkt. 108 at 9.[4]

21

22         [4] In a letter dated December 20, 2021, Counsel for Defendants Snohomish County and DiVittorio,
           Audrey Airut Murphy wrote:

23         "I write on behalf of Defendants' counsel to request a conference this week to discuss stipulating to
           an extension of scheduling order deadlines. As you are aware, our discovery cutoff is December 31,

24

1    Plaintiffs did not respond to this request until after the discovery deadline, when, on

2  January 14, 2022, they expressed concern that Defendants sought leave of court to file

3  overlength briefs in support of their Motions for Summary Judgment. Dkt. 108 at 10. Plaintiffs

4  indicated in that communication that they would soon be producing 7000 of an estimated 30,000-

5  page file requested by Defendants, and asked Defendants to supply dates for "an appropriate

6  meet and confer next week" regarding Defendants' earlier request. *Id*. at 9-10; *see also*, Dkt. 95

7  at 4.

8    In response, Defendants stated, "the deadline for conducting discovery passed last month

9  so a meet and confer at this point would be moot. Only the Court can grant an extension of

10  discovery, [it cannot be done by] agreement of the parties." Dkt. 108 at 10.

11    Rather than immediately seek leave of Court to reopen discovery, on January 27, 2022

12  Plaintiffs filed a Motion to Continue Summary Judgment and Compel Discovery, seeking to

13  compel Defendants to produce documents they had objected to producing without a protective

14  order, which Plaintiffs argued Defendants should have sought leave of court to obtain. Dkt. 95 at

15  10.

16

17  ─────────────────────

18  2021, yet the discovery responses you served last week indicate that you anticipate you will need
    two more weeks to produce the 30,000 documents you have in your possession regarding the
19  A.E.T.H. case. Your responses also indicate that you intend to have your damages expert examine
    A.H. and A.L. at a future, unspecified date.

20  Of course, receiving expert reports and most of your discovery production so close to (or after) the
    discovery cutoff deadline makes it impossible for Defendants to analyze Plaintiffs' responses and
21  adequately investigate liability and damages issues to prepare for trial.

22  Defendants again request a discovery conference call to discuss filing a stipulated motion for a new
    trial date and an extension of the scheduling order deadlines. Please provide us your availability to
23  attend a discovery conference this week on Tuesday, December 21-Thursday December 23."

    Dkt. 108-15 at 3.

24

1    The Court held oral argument on the motion on March 8, 2022. At that hearing, counsel

2    for Plaintiffs indicated that after he received the documents sought by his motion to compel he

3    intended to "schedule depositions", to which Defendants objected. Dkt. 137 at 15. While

4    Plaintiffs should have moved to compel production as soon as Defendants registered their

5    objections instead of waiting until discovery was closed,[5] the Court granted Plaintiffs' motion, in

6    part, and ordered Defendants to produce documents in response to discovery requests Plaintiffs

7    propounded before the December 31, 2021 discovery cutoff. Dkt. 117. However, in its ruling

8    from the bench, the Court made abundantly clear it was denying Plaintiffs' untimely request to

9    reopen discovery, stating:

10        The balance of [P]laintiffs' motion under Docket 95 is denied.

11        Mr. Trudell, on that point, **to the extent that Docket 95 was seeking either
          directly or indirectly to extend the discovery deadline, I want to make it very**
12        **clear that that is denied.** To the extent that any part of my ruling on Docket 95
          could be interpreted as indirectly endorsing that you now have the right to seek
13        depositions, I am expressly making it clear that that is not included in my order. I
          think [P]laintiffs did not ask, as far as I know, to have any depositions or notice any
14        depositions before the discovery deadline. At this point, I am not agreeing or
          ordering that [P]laintiffs will have the right to conduct depositions.

15
     Dkt. 137 at 38 (emphasis added).
16
          On April 24, 2022, Plaintiffs filed a Motion for Sanctions for Spoliation of Evidence, in
17
     which they indicated the documents Defendants produced in response to the Court's above order
18
     were insufficient, and Defendants had been unwilling to engage in expert "electronic extraction"
19
     of files from the home computers and mobile phones of VGAL employees. Dkt. 128 at 7.
20
     Defendants responded by arguing the motion was an untimely attempt by Plaintiffs to reopen
21
     discovery. *See e.g.*, Dkt. 138 at 2, 11. The motion for sanctions remains pending. Dkt. 186.
22

23
        ────────────────
24      [5] *See Federal Procedure, Lawyers Edition* § 26:778 ("Once a party registers a timely objection to requested
        production, the initiative rests with the party seeking production to move for an order compelling.").

1    Finally, when given the opportunity by the Court to seek limited additional discovery

2  (from July 19, 2022 through September 30, 2022), Plaintiffs only sought to depose A.H.'s former

3  foster mother and to search her electronic devices. Dkt. 165. Plaintiffs have not adequately

4  explained why they did not seek to depose A.H.'s current foster parents and all the other

5  witnesses they now wish to obtain through their pending motion.

6    For all of these reasons, the Court finds Plaintiffs' attempt to again reopen discovery to

7  be untimely.

8    **Excusable Neglect.** As stated above, if a motion for an extension is made after a

9  deadline, the Court may not extend time absent a showing of excusable neglect. Fed. R. Civ. P.

10  6(b)(1)(B). To determine whether neglect is excusable, the Supreme Court has stated that the test

11  "is at bottom an equitable one, taking account of all relevant circumstances surrounding the

12  party's omission." *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S.

13  380, 395 (1993). Additionally, due to the multiple scheduling orders entered in this case the

14  Court has emphasized that "No additional extensions will be granted absent a showing of

15  extraordinary circumstances." Dkt. 172 at 5-6. As the motion is untimely, Plaintiffs must show,

16  at minimum, excusable neglect to reopen discovery.

17    Plaintiffs do not expressly argue that excusable neglect or extraordinary circumstances

18  exist to merit reopening discovery, but simply assert that the "facts and circumstances" of this

19  case warrant doing so. Dkt. 178 at 9. Plaintiffs state, "the normal process of conducting

20  [Kliman's work] is greatly restricted by the confidentiality requirements of the dependency

21  action in King County, including requiring a court order to allow [Kliman] to interview the

22  current foster parents." Dkt. 178 at 9.

23

24

A review of confidentiality-related issues in this case, however, reveals a lack of diligence on Plaintiffs' part to prosecute discovery disputes and timely provide potential experts with the information needed to prepare their reports. For instance, Plaintiffs point to Defendants' late-disclosure of certain confidential information as one reason Kliman has been unable to complete his work before now. Dkt. 178 at 7. And, while it is true that Defendants initially asked Plaintiffs to stipulate to an extension of time for them to respond to Plaintiffs' requests for production (Dkt. 67 at 9; Dkt. 72-1 at 9) counsel for Defendants also attempted to enter into a stipulated protective order to facilitate production of confidential documents in their possession (Dkt. 72-1 at 6).

Plaintiffs' counsel offered various reasons for failing to cooperate with opposing counsel's attempts to enter into a stipulated protective order before the discovery deadline, such as that they needed a *guardian ad litem* to be appointed for A.H. first to "assist in determining what files in the dependency action should be made available to [D]efendants by way of stipulation". Dkt. 44 at 2. Plaintiffs' counsel also states that Plaintiffs' state-court counsel in the termination proceedings instructed them to "refrain from entering into a protective order that would allow any interference with the underlying action during the sensitive time when the parties are working on reunification of A.H. with her parents". Dkt. 96 at 4. Yet, Plaintiffs proved perfectly capable of coming to an acceptable protective order when the Court ordered them to do so in March 2022. Dkt. 95; Dkt. 108 at 2; Dkt. 117.

Another example of Plaintiffs' lack of diligence is waiting eight months after filing this case to request the court appoint a *guardian ad litem* for A.H., as well as their oversight in not requesting appointment of a *guardian ad litem* for minor Plaintiff A.L. until the Court brought it to the parties' attention in May 2022.  Dkt. 72-1 at 12; Dkt. 40; Dkt. 147.

On February 3, 2022, GAL Read expressed the opinion that A.H. should not undergo psychiatric interviews, research, evaluation, or depositions until "well after she is reunited with her parents". *See* Dkt. 100 at 14. By then, the December 31, 2021 discovery deadline had passed and not a single deposition had been taken. Plaintiffs should have anticipated that A.H.'s indefinite unavailability would create evidentiary issues for them necessitating a request to stay this matter (as suggested by Defendants in the summer of 2021) pending the outcome of the ongoing King County dependency matter. *See* Dkt. 108 at 2-3; Dkt. 109 at 10. Instead, as discussed above, Plaintiffs sought to compel Defendants to produce documents they continued to object to producing without a protective order in place. Dkt. 95 at 10.

Plaintiffs fail to acknowledge their lack of diligence, much less to offer any explanation why they did not conduct the discovery Kliman evidently needed in order to prepare an expert report. Nearly all of the information Plaintiffs now seek to obtain by reopening discovery was available to them or could have been obtained before the original discovery deadline of December 31, 2021 through the exercise of due diligence. And, to the extent it could not have been made available to Kliman before the initial expert disclosure deadline of August 2, 2021, Plaintiffs fail to explain why they did not seek to extend that deadline before it passed—again, something Defendants were amendable to doing. *See* Dkt. 108 at 2.

In sum, the Court concurs with Defendants that "Plaintiffs have not actually provided an explanation as to what circumstances have changed since the expert witness disclosure deadline or their previous motions for continuances." Dkt. 198 at 4-5 (*citing* Dkt. 178 at 5 and Dkt. 63 at 1). Accordingly, the Court finds Plaintiffs have not shown excusable neglect for failing to timely seek to reopen discovery, much less any extraordinary circumstances that prevented them from doing so.

<u>CONCLUSION</u>

The Court finds Plaintiffs' motion seeks to reopen discovery. As it was filed after the

discovery deadlines and Plaintiffs have not shown excusable neglect, Plaintiff's "Motion to

Allow Expert Dr. Kliman to Contact Particular Witnesses and to Allow Plaintiffs to Supplement

Their Expert Disclosure of Dr. Kliman with a Final Report" (Dkt. 178) is DENIED.

Dated this 29th day of November, 2022.

David W. Christel
United States Magistrate Judge

ORDER - 14