UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NYLYSHA STARVION BELAFON ARADON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SNOHOMISH COUNTY, et al.,<br><br>Defendant. | Case No. C20-1665-RSM-DWC<br><br>ORDER DENYING OBJECTIONS TO MAGISTRATE JUDGE ORDER DKT. #232 |

This matter comes before the Court on Defendant Snohomish County's Objections to Magistrate Judge Christel's Order granting in part, denying in part, and deferring in part Plaintiff's Motion for Sanctions for Spoliation of Evidence. Dkt. #240.

Snohomish County brings this Motion under Rule 72(a). Rule 72(a) allows a party whose case is before a magistrate judge to "serve and file objections" to an order addressing nondispositive matters. These objections are to be heard by the district judge in the case, who is to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Snohomish County asserts that Judge Christel's finding "by a preponderance of the evidence that spoliation has occurred by Snohomish County with regard to VGAL Brook's lost

ORDER DENYING OBJECTIONS TO MAGISTRATE JUDGE ORDER DKT. #232 - 1

and/or destroyed ESI" was clearly erroneous and contrary to law for three reasons: (1) he based his decision on "partial recitation of foster mother J.B.'s testimony;" (2) potentially missing emails are not relevant to the issues in this case; and (3) Ms. Brook's lack of opportunity to explain or respond to allegations cannot create a basis for discovery sanctions against the County. Dkt. #240 at 2.

Judge Christel's Order thoroughly and accurately recounted the past procedural history. *See* Dkt. #232 at 2. The parties are familiar with these facts and the Court will not repeat them. Plaintiffs allege Snohomish County destroyed and/or lost evidence relevant to this case during state court dependency and termination proceedings, which took place in Snohomish County Superior Court between 2013 and 2016. Snohomish County asserts that it has met its preservation and production obligations by producing the entire archived file that existed at the time the Plaintiffs filed a tort claim notice in 2020.

First, Snohomish County argues it was clear error for Judge Christel to find spoliation based on partial witness testimony and a recused judge's observations. Dkt. #240 at 3. Snohomish County responds to Judge Christal's citation to J.B.'s testimony with, "the record establishes J.B. downloaded the data from her computer, which was saved on a Passport device, which Plaintiffs' counsel searched." *Id.* at 6. There is a difference between a judge failing to cite the record accurately and coming to an unfavorable discretionary decision about whether lost and/or destroyed ESI can be fully reconstructed or obtained through another source. The Court has reviewed Judge Christel's Order and finds no factual errors. Judge Christel cites additional bases for his Order, including J.B.'s testimony that she engaged in a "double delete" method by deleting email on her home computer and also going into the "Trash" file and again deleting the deleted emails. Dkt. #232 at 18. Similarly, the Court finds no merit in Snohomish County's assertion that

ORDER DENYING OBJECTIONS TO MAGISTRATE JUDGE ORDER DKT. #232 - 2

J.B.'s testimony does not support this "double deletion" theory. *See* Dkt. #240 at 6–7. Even a cursory review of the portion of testimony that Defendants point to in their objection clearly shows that J.B. admitted to double deleting emails. *See id.* at 7 (quoting *Airut Murphy Decl.*, Ex. A (J.B. Dep.), at 34:8-10). Additionally, Snohomish County's objection to Judge Christel's reliance on a recused judge's conclusions as a basis for determining that ESI was lost and/or destroyed also fails. As partially discussed above, there is enough evidence on the record for Judge Christel to find that ESI was lost and/or destroyed by a preponderance of the evidence.

Second, Snohomish County claims that the allegedly missing emails are not relevant to the issues in this case because "there is no factual basis to conclude possible emails between Brook and J.B. could have any probative value in the legal issues involved in this case." *Id.* at 11. The Court finds no factual errors in Judge Christel's order regarding the relevancy of the ESI and Plaintiffs' claims alleging due process violations and state-court negligence claims. Additionally, the issue of how to remedy the spoliation is properly addressed at a forthcoming hearing before Judge Christel. *See* Dkt. #234.

Third, Snohomish County argues it was contrary to law to conclude that it failed to take reasonable steps to preserve VGAL Brook's ESI prior to her death. Dkt. #240 at 13. In support of its claim, Snohomish County points to *The Bermuda*, 70 U.S. 514, 541, 18 L. Ed. 200 (1865), a case in which the Supreme Court recognized that an individual's destructions of documents does not necessarily give rise to sanctions against the employer when there is no evidence that the employer authorized or benefitted from its employee's misconduct. Dkt #240 at 13. However, courts have held that "an employee's misconduct with regard to spoliation can be imputed to an employer." *Hunters Cap., LLC v. City of Seattle*, No. C20-0983 TSZ, 2023 WL 184208 (W.D. Wash. Jan. 13, 2023) (citing *Colonies Partners, L.P. v. County of San Bernadino*, No. 18-cv-

ORDER DENYING OBJECTIONS TO MAGISTRATE JUDGE ORDER DKT. #232 - 3

00420, 2020 WL 1496444, at *10 (C.D. Cal. Feb. 27, 2020). Accordingly, *Bermuda* does not alone demonstrate clear error in this order.

Given the above, the Court finds that Snohomish County has failed to demonstrate that Judge Christel's rulings were clearly erroneous in fact or law. Accordingly, having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendant Snohomish County's Objections to Magistrate Order, Dkt. #240, are DENIED. This matter continues to be referred to Judge Christel.

DATED this 31st day of January, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE