UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NYLYSHA STARVION BELAFON ARADON, et al.,

Plaintiffs,

v.

SNOHOMISH COUNTY, et al.,

Defendants.

CASE NO. 2:20-CV-1665-RSM-DWC

REPORT AND RECOMMENDATION

Noting Date: March 3, 2023

Currently before the Court is the request for sanctions for spoliated evidence contained in the deferred portion of Plaintiffs' Renewed Motion Pursuant to Federal Rule of Civil Procedure 37(e) for Sanctions Against Defendants Susan Walker and Snohomish County for Spoliation of Evidence ("Motion for Sanctions"). After consideration of the relevant record, the Court recommends the Motion for Sanctions be granted-in-part[1] as follows: Sanctions are imposed against Snohomish County for spoliation of electronically stored information ("ESI") in the form

---

[1] While the undersigned has authority to impose sanctions, the recommended sanctions are relevant to the presiding judge's trial decisions and could be deemed dispositive. *See Apple Inc. v. Samsung Electronics Co., Ltd.*, 888 F.Supp.2d 976 (N.D. Cal. 2012). Therefore, in an abundance of caution, the Court enters a Report and Recommendation.

REPORT AND RECOMMENDATION - 1

of an adverse inference instruction, denial of summary judgment as to the federal claims alleged against Snohomish County, and reasonable attorneys' fees and costs.

I. **Background**

The factual background in this case has been detailed in previous orders. *See e.g.*, Dkt. 77, 232. The Court, therefore, sets forth only the procedural background relevant to the instant Motion for Sanctions.

On January 11, 2023, the undersigned entered an Order Re Plaintiffs' Motion for Sanctions, wherein Plaintiffs' Motion for Sanctions was granted-in-part, denied-in-part, and deferred-in-part. Dkt. 232. The undersigned determined Snohomish County spoliated evidence related to Volunteer Guardian ad Litem ("VGAL") Brook's lost and/or destroyed ESI. *Id*. The undersigned deferred on the imposition of sanctions to allow the parties to be heard on what, if any, sanctions are appropriate. *Id*. Snohomish County filed objections to the Order. Dkt. 240. On January 31, 2023, the Honorable Ricardo S. Martinez, the District Judge assigned to this case, denied the objections. Dkt. 243.

The Court allowed the parties to submit supplemental briefing regarding appropriate sanctions. Dkt. 233; *see also* Dkts. 235-239, 244-249. In the Motion for Sanctions and supplemental briefing, Plaintiffs request non-monetary and monetary sanctions against Defendants Susan Walker and Snohomish County. *See* Dkts. 186, 214, 235-239, 247-249. Defendants Walker and Snohomish County assert sanctions are not warranted. Dkts. 244-246. On February 6, 2023, the undersigned held oral argument regarding the imposition of sanctions.

II. **Request to Strike**

Defendants Walker and Snohomish County request the Court strike the portions of Michael Withey's declaration that contain legal argument and analysis which exceed the page

limits set by the Court. Dkts. 244, 246. As the Court set specific page limitations for supplemental briefing, the Court will not consider any portions of Mr. Withey's declaration (Dkt. 236) that contains legal argument or analysis.

### III. Discussion

The Court previously concluded that Snohomish County spoliated evidence. Dkt. 232. The issue before the Court is, therefore, only what sanctions, if any, are appropriate for the spoliation of evidence. Plaintiffs request both non-monetary and monetary sanctions. *See* Dkts. 186, 235.[2]

#### A. *Legal Standard*

District courts have two sources of authority to impose sanctions for spoliation: "the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and ... sanctions under Rule 37 against a party who fails to obey an order to provide or permit discovery." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).

Federal Rule of Civil Procedure Rule 37(e) authorizes the Court to address a party's failure to preserve ESI by (1) ordering measures to the extent necessary to cure prejudice; or, (2) if a party acted "with intent to deprive another party of the information's use in the litigation," (A) presuming the lost information was unfavorable to the destroying party; (B) instructing the jury that it may or must presume the information is unfavorable; or (C) imposing terminating sanctions, i.e., judgment against the offending party.

---

[2] The Court notes Plaintiffs seek sanctions against Defendant Walker in the supplemental briefing under an agency liability theory. *See* Dkt. 235. The Court determined Defendant Walker is not responsible for the spoliation of any evidence. Dkt. 232. In the Motion for Sanctions, Plaintiffs did not sufficiently raise a claim that Defendant Walker was responsible for the spoliation of VGAL Brook's ESI. *See* Dkt. 186. As the agency liability argument against Walker was not adequately raised in the Motion for Sanctions, the Court declines to amend its previous Order finding Plaintiffs failed to show Defendant Walker destroyed or failed to preserve evidence. Thus, the Court will determine sanctions only as to Snohomish County.

B. *Non-monetary sanctions*

Plaintiffs first request several non-monetary sanctions. Dkt. 235. Plaintiffs ask the Court to deny Defendants' motions for summary judgment related to Plaintiffs' alleged failure to prove Defendants' conduct was the proximate cause of injury, strike Defendants' defense that Plaintiffs have failed to prove Defendants were a proximate cause of harm and injury to Plaintiffs, and strike Defendants' defense that Plaintiffs failed to prove VGAL Brook as the VGAL Program acted in concert with A.H.'s former foster mother regarding A.H.'s care. *See id*. In the alternative to striking Defendants' defenses, Plaintiffs request the Court give the jury a "facts taken as established" instruction and an adverse inference instruction regarding causation. *Id*. Finally, Plaintiffs request Defendants Walker and Snohomish County be prohibited from offering evidence that seeks to contradict a finding that the liability-creating acts of Defendants were the proximate cause of any injury, harm, damages, or constitutional violations. *Id*.

When spoliation has occurred, district courts may impose a variety of non-monetary sanctions, including:

> (1) exclusion of evidence, (2) admitting evidence of the circumstances of the destruction or spoliation, (3) instructing the jury that it may infer that the lost evidence would have been unfavorable to the party accused of destroying it, or (4) entering judgment against the responsible party, either in the form of dismissal or default judgment.

*Pettit v. Smith*, 45 F. Supp. 3d 1099, 1105 (D. Ariz. 2014). In determining which sanction to impose, courts may consider: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 888 F. Supp. 2d 976, 992 (N.D. Ca. 2012) (internal quotations omitted).

        i.       *Adverse Inference*

Plaintiffs have requested an adverse inference instruction. *See* Dkt. 235. In determining whether an adverse inference instruction is warranted, courts evaluate whether (1) the spoliator had an obligation to preserve the evidence at the time it was destroyed, (2) the spoliator possessed a culpable state of mind, and (3) the evidence was relevant to a party's claim or defense. *Apple*, 888 F. Supp. 2d at 989. The Court has already found all three prongs have been met: Snohomish County was under an obligation to preserve the ESI and destroyed relevant evidence. Dkt. 232. Further, Snohomish County possessed a culpable state of mind. VGAL Brook acted with conscious disregard of her obligations. She affirmatively sought to destroy ESI and used personal devices in direct violation of Snohomish County's policies. *See id*. Therefore, the requisite mental state for an adverse inference sanction has been satisfied. *See Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.,* 982 F.2d 363, 368 n.2 (9th Cir. 1992) (adverse inference sanction appropriate where spoliator acted in bad faith, willfully, or with fault).

As all three prongs are met, the only remaining question is what instruction to impose. "A district court's adverse inference sanctions should be carefully fashioned to deny the wrongdoer the fruits of its misconduct yet not interfere with that party's right to produce other relevant evidence." *In re Oracle Corp. Securities Litig.,* 627 F.3d 376, 386–87 (9th Cir. 2010). Possible adverse inference instructions range in their degree of harshness, from a relatively severe instruction that the jury regard certain facts as admitted to a mandatory or rebuttable presumption that missing evidence is relevant and favorable to the non-spoiling party. *See Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1150 (N.D. Cal. 2012) (citing *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec. LLC,* 685 F.Supp.2d 456, 470 (S.D.N.Y. 2010) (overruled on other grounds)).

Here, the Court finds an adverse inference instruction is necessary to ensure Snohomish County is not advantaged by its spoliation and to cure any prejudice to Plaintiff. Accordingly, the Court recommends an adverse inference jury instruction against Snohomish County. However, the Court finds it necessary to leave crafting of the specific nature and scope of the instruction to the presiding judge. *See Hall v. City of Depoe Bay*, 2018 WL 4051699, at *7 (D. Or. June 28, 2018), report and recommendation adopted, 2018 WL 4658824 (D. Or. Sept. 25, 2018); *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, 2009 WL 1949124, at *10 (N.D. Cal. July 2, 2009), modified, 2009 WL 2485556 (N.D. Cal. Aug. 12, 2009).

### ii. *Denial of Summary Judgment*

Plaintiffs also request the Court deny Defendants' summary judgment motions as a sanction for spoliation of evidence. Dkt. 235. In the Complaint, Plaintiffs contend, in part, that Snohomish County violated A.H.'s constitutional rights by engaging in conduct that prolonged the dependency action. *See* Dkt. 1-1 at ¶¶ 7.7, 8.13. There is evidence showing that, during the state court dependency action, VGAL Brook, the VGAL assigned to Plaintiff A.H., took actions that harmed Plaintiffs. *See* Dkt. 215-1 at 252-58. There is also evidence showing VGAL Brook took actions contrary to the VGAL Program's policies that were harmful to Plaintiffs A.H., Belafon Aradon, and Hayes and were done in an effort to ensure Plaintiffs Belafon Aradon's and Hayes's parental rights were terminated. Furthermore, the state court of appeals determined the dependency action violated Plaintiffs' due process rights. *See Matter of Dependency of A.E.T.H.*, 9 Wash. App. 2d 502, 446 P.3d 667 (2019).

Plaintiffs contend the spoliated evidence would create a genuine issue of material fact regarding causation. *See* Dkt. 235. Plaintiffs and the Court cannot ascertain what information is contained in the spoliated evidence. Snohomish County provides conclusory assertions that the

1 evidence is not material to summary judgment or the ultimate disposition of this case because
2 Judge Farris did not rely on statements or reports from VGAL Brook or Defendant Walker when
3 terminating parental rights. *See* Dkt. 246. However, Plaintiffs allege Snohomish County's actions
4 prolonged the dependency action in violation of A.H.'s constitutional rights. Evidence shows
5 Plaintiffs' due process rights were violated and the termination decision by Judge Farris was
6 reversed – prolonging A.H.'s dependency hearing – at least partially due to Snohomish County's
7 conduct. The spoliated ESI is presumed to be related to VGAL Brook's conducted regarding
8 A.H.'s dependency action and unfavorable to Snohomish County. Snohomish County has failed
9 to provide any evidence showing the spoliated evidence is not material to the prolonged
10 dependency claims. Snohomish County has, therefore, failed to show the evidence is immaterial.

11    For these reasons, the Court finds it would be prejudicial to Plaintiffs, considering the
12 spoliation of evidence, to grant summary judgment in Snohomish County's favor as to the
13 federal claims. Therefore, the Court concludes an appropriate sanction for Snohomish County's
14 spoliation of ESI is denial of summary judgment as to the federal claims alleged against
15 Snohomish County.

16    iii.    *Remaining Non-Monetary Sanctions*

17    The Court finds Plaintiffs' additional requests for non-monetary sanctions are not
18 warranted. The evidence does not support excluding evidence or defenses nor providing a "facts
19 taken as established" instruction.

20    C.    Monetary Sanctions

21    Plaintiffs also request monetary sanctions. *See* Dkt. 235. "Monetary sanctions may be
22 imposed where one party has wrongfully destroyed evidence." *In re Napster, Inc. Copyright*
23 *Litig.*, 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006). Here, Plaintiffs seek monetary sanctions in
24

the amount of $212,755.31 which includes Plaintiffs request $100,000.00 as a punitive fine; $3,905.56 in forensic costs; $13,916.00 in costs associated with ArcherHall for data recovery; $76,700.00 in attorneys' fees ($70,200.00 attributed to work completed by Michael Withey and $6,520.00 attributed to work completed by Patrick Trudell); and $18,213.75 in GAL fees ($11,270.00 attributed to work completed by GAL Jo-Hanna Reed and $6,943.75 attributed to work completed by GAL Bruce Wolf). *See* Dkts. 235-239.

As the Court previously found, evidence shows VGAL Brook engaged in conduct that was in direct opposition to the interests of Plaintiffs and contrary to Snohomish County's VGAL policies. *See* Dkt. 232. She "double deleted" emails and affirmatively sought to destroy ESI. *See id*. at 19. There is sufficient evidence in the record to show VGAL Brook destroyed the ESI and took actions in an effort to conceal her improper conduct. Therefore, the Court finds the record sufficiently shows VGAL Brook's behavior was tantamount to bad faith.

In light of the record as a whole, including evidence showing VGAL Brook affirmatively sought to destroy her ESI, there is sufficient evidence to show Snohomish County, through VGAL Brook's conduct, intentionally concealed relevant and material evidence in this case. As Plaintiffs may be limited in their ability to prove the extent of a prolonged dependency action due to the spoliated evidence and were required to conduct extensive recovery efforts in an attempt to retrieve the information, the Court finds monetary sanctions are appropriate. The Court declines to award a punitive sanction, but finds reasonable attorneys' fees and costs are warranted. Accordingly, the Court finds Plaintiffs are entitled to a reasonable award of attorneys' fees and costs in the amount of $56,368.00, which is half of the fees and costs requested.

### IV. Conclusion

For the above stated reasons, the Court recommends granting-in-part the remaining portion of Plaintiffs' Motion for Sanctions (Dkt. 186). The Court recommends the following sanctions be imposed against Snohomish County for spoliation of ESI:

1. Plaintiffs are entitled to an adverse inference instruction related to the spoliated evidence to be determined at trial;

2. Snohomish County's motion for summary judgment is denied as to the federal claims alleged against Snohomish County;

3. Snohomish County must pay attorneys' fees and costs in the amount of $56,368.00.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on March 3, 2023, as noted in the caption.

Dated this 15th day of February, 2023.

David W. Christel
United States Magistrate Judge