UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NYLYSHA STARVION BELAFON ARADON, et al.,<br><br>Plaintiff,<br><br>v.<br><br>SNOHOMISH COUNTY, et al.,<br><br>Defendant. | CASE NO. 2:20-CV-1665-RSM-DWC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE EXPERTS |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. The Court grants Defendants' Motion to Exclude Experts (Dkts. 191, 196, 200).

**I. INTRODUCTION**

Defendants seek to exclude the opinions of two experts for whom Plaintiffs failed to fulfill their expert disclosure obligations under Fed. R. Civ. P. 26(a)(2)(B)—Psychiatrist Gilbert Kliman (Kliman), and retired Judge Frank E. Cuthbertson (Cuthbertson). Dkt. 191. Plaintiffs argue the "unique circumstances" of this case justify "supplementation" of their opinions. Dkt. 211.

## II. PROCEDURAL HISTORY

The Court incorporates the facts of this case as set forth in its previous orders. *See e.g.*, Dkt. 77.

The first discovery deadline was October 1, 2021. Dkt. 28. Expert witness disclosures were due August 2, 2021. *Id*. at 1. The deadline to file discovery motions was amended to December 10, 2021, with the discovery deadline moved to December 31, 2021. Dkt. 63 at 1. However the expert witness disclosure deadline of August 2, 2021 remained. Dkt. 28 at 1. Plaintiffs did file, on August 2, 2021, an expert witness disclosure document, listing Kliman as their psychiatric expert and indicating a report of his opinions based upon his work in this matter would be "supplemented". Dkt. 41 at 3-4. No report by Kliman was attached. On August 30, 2021 (28 days after the expert witness disclosure deadline) Plaintiffs filed a "supplemental" expert witness disclosure indicating Cuthbertson was expected to testify about the Snohomish County dependency and termination program and the role of the *guardian ad litem* in that context, as well as to render an opinion regarding the Defendants' conduct in A.H.'s dependency and termination case. Dkt. 56 at 3-4. No report by Cuthbertson was attached. Almost eight months later, on April 24, 2022, Plaintiffs filed a declaration signed by Cuthbertson in support of their Responsive Brief to Defendants' Motions for Summary Judgment. Dkt. 126.

Then, on October 6, 2022 Plaintiffs filed a "Motion to Allow Expert Dr. Kliman to Contact Particular Witnesses and to Allow Plaintiffs to Supplement Their Expert Disclosure of Dr. Kliman with a Final Report." Dkt. 178 (Motion to Supplement). The Court denied this motion (Dkt. 224) and the Honorable Ricardo S. Martinez, the District Judge assigned to this case, denied Plaintiffs' objections (Dkt. 228).

On October 14, 2022 Defendant Walker filed the pending motion (Dkt. 191) which the other Defendants joined (Dkts. 196, 200). Plaintiffs filed a Response (Dkt. 211) and Defendant Walker filed a Reply (Dkt. 213). Plaintiffs also improperly filed a Surreply. Dkt. 216. Pursuant to Local Civil Rule 7(g)(2), surreplies are limited to requests to strike material contained in or attached to a reply brief. "Extraneous argument or a surreply filed for any other reason will not be considered." *Id.*; *see also Herrnandez v. Stryker Corp.*, 2015 WL 11714363, at *2 (W.D. Wash. Mar. 13, 2015). Plaintiffs' Surreply does not request to strike material contained in Defendant Walker's Reply, and therefore will not be considered.

### III. DISCUSSION

Rule 26(a)(2) requires litigants to disclose all expert witnesses "at the times and in the sequence that the court orders." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). The disclosure of experts "retained or specially employed to provide expert testimony in the case" must provide, among other things, a signed report with "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i), (ii).

The record before the Court reflects that Plaintiffs have not produced Rule 26(a)(2)-compliant reports from Kliman or Cuthbertson.

Under Rule 37(c)(1) this failure results in an "automatic" sanction that prohibits the use of improperly disclosed evidence. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). This prohibition is a "self-executing sanction." Fed. R. Civ. P. 37 Advisory Committee Note (1993)(describing it as a "self-executing," "automatic" sanction to "provide[ ] a strong inducement for disclosure of material..."); *see also Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021)("Rule 37(c)(1) is an 'automatic' sanction that prohibits the use of

improperly disclosed evidence" if the district court finds the noncompliant party has failed to show the violation was substantially justified or harmless.). The party facing sanctions bears the burden of proving substantial justification or harmlessness. *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012). The Court has "wide latitude" under Rule 37(c)(1) and need not consider a lesser sanction than exclusion if the party facing sanctions does not request one. *Merchant*, 993 F.3d at 741–42. "A party facing [Rule 37(c)(1)] sanctions ... bears the burden of showing that a sanction other than exclusion is better suited to the circumstances." *Id*. at 741.

Notably, in *R & R Sails, Inc.*, the Ninth Circuit held that "when a Rule 37(c)(1) exclusion sanction amounts to dismissal of a claim, district courts must consider 'whether the claimed noncompliance involved willfulness, fault, or bad faith' in addition to considering lesser sanctions. 673 F.3d at 1247. However, the Ninth Circuit in *Merchant* recently clarified that those factors are considered as part of the harmlessness inquiry, and that under the plain language of Rule 37 the Court need not consider lesser sanctions where Plaintiff has not sought any. *Id*.; *see also Haroon's Halal Kabob LLC v. Food Truck Builders of Phoenix.com LLC*, No. CV-20-01634-PHX-SPL, 2022 WL 1239209, at *2 (D. Ariz. Apr. 27, 2022).

Here, Plaintiffs do not seek a lesser sanction. *See generally*, Dkt. 211. Therefore, to decide this motion the Court need only decide whether Plaintiffs' failure to timely disclose expert reports for Kliman and Cuthbertson was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

**Substantially Justified.** In their Response Plaintiffs incorporate by reference (and reiterate) many of the same arguments they made in their "Motion to Allow Expert Dr. Kliman to Contact Particular Witnesses and to Allow Plaintiffs to Supplement Their Expert Disclosure of Dr. Kliman with a Final Report" (Dkt. 178) for their failure to produce Rule 26(a)(2)-compliant

reports from Kliman or Cuthbertson. For instance, Plaintiffs argue that Defendants' late-produced discovery prevented timely completion of expert reports—an argument that entirely overlooks that Expert Disclosures were due August 2, 2021 and that Plaintiffs did not propound discovery requests to Defendants until August 20, 2021 (18 days AFTER initial expert reports were due). *See*, Dkt. 211 at 4.

In its November 29, 2022 order denying the Motion to Supplement (Dkt. 224), the Court found Plaintiffs failed to exercise diligence in conducting discovery and failed to explain what circumstances have changed since the expert witness disclosure deadline or their previous motions for continuances. *Id*. at 12-13. The Court declines to reconsider Plaintiffs' previously rejected rationale for failing to diligently conduct discovery. In sum, Plaintiffs' failure to prepare and disclose expert reports was not substantially justified.

**Harmless**. In their opposition to this motion Plaintiffs do not argue their failure to timely disclose Rule 26(a)(2)-compliant reports by Kliman and Cuthbertson was harmless. Instead Plaintiffs argue this Court should be guided by case law from other circuits having no bearing on this motion, that the motion is motivated by Defendants' "gamesmanship", and that the Plaintiffs' untimely disclosures are due to Defendants' "delay". Dkt. 211 at 4-7. The Court disagrees.

Due to Plaintiffs' failure to produce Rule 26(a)(2)-compliant reports from Kliman or Cuthbertson, Defendants have been unable to depose these "experts" and conduct a proper *Daubert* analysis. Dkt. 191 at 6 (citing *Daubert v. Merrell Dow Pharms*., Inc., 43 F.3d 1311, 1315 (9th Cir. 1995)); Fed. R. Civ. P. 26(b)(4)(A)(providing that the deposition of an expert retained to testify "may be conducted only after the report is provided").

As the Court recently explained in its order denying Plaintiffs' Motion to Supplement:

> If the Court were to grant Plaintiffs' motion, Defendants would be entitled to depose Kliman, depose any witnesses he references in any report (including A.H.), review all documentation upon which his opinions are based including any testing data, perform their own psychological testing of A.H. vis-à-vis their own psychological rebuttal expert, conduct depositions, etc. Thus, the Court construes Plaintiffs' motion as a motion to reopen discovery.

Dkt. 224 at 8. In other words, the only remedy for Plaintiffs' failure would be to reopen discovery.

Reopening discovery would disrupt the Court's and the parties' schedules and result in harm. *See e.g.*, *Ingenco Holdings, LLC v. ACE American Insurance Company*, Case No. C13-543-RAJ, 2016 WL 4703758, at *3 (W.D. Wash. Sep. 07, 2016)(citing *Oilier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014) (finding defendant's failure to disclose witnesses until 15 months after the close of discovery was harmful, even though witnesses were mentioned in other depositions, because permitting those witnesses to testify would have required reopening discovery and burdening the court and the parties' schedules)).

Thus, for all these reasons the Court finds Plaintiffs' failure to disclose Rule 26(a)(2)-compliant reports by Kliman and Cuthbertson was not harmless.

## IV. CONCLUSION

Plaintiffs failed to properly disclose expert reports from Kliman and Cuthbertson and have also failed to show this discovery violation was substantially justified or harmless. Therefore, Defendants' Motion to Exclude Experts (Dkt. 191, 196, 200) is GRANTED.

Dated this 15th day of February, 2023.

David W. Christel
Chief United States Magistrate Judge