UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NYLYSHA STARVION BELAFON ARADON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SNOHOMISH COUNTY, et al., <br><br> Defendants. | Case No. C20-1665-RSM-DWC <br><br> ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AT DKT. #251 |

This matter comes before the Court on the Report and Recommendation re: the deferred portion of Plaintiffs' Motion for Sanctions. Dkt. #251. The Court has reviewed Defendants' Objections, Dkt. #255, and Plaintiffs' Response, Dkt. #263.

The relevant background has been summarized in previous Orders. *See* Dkts. #77 and #232. On October 13, 2022, Plaintiffs moved for sanctions alleging Snohomish County destroyed and/or lost evidence relevant to this case during the state court dependency and termination proceedings involving minor Plaintiff A.H. (the dependency case), which took place in Snohomish County Superior Court between 2013 and 2016. Magistrate Judge Christel issued an Order granting in part, denying in part, and deferring in part the Motion. Dkt. #232. Relevant to today's discussion, he found by a preponderance of the evidence that "VGAL Brook's double deletion of emails permanently deleted some of her Snohomish County email,

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AT DKT. #251 - 1

and her use of personal email and devices also resulted in lost and/or destroyed evidence," *id.* at 17; that Defendants failed to take reasonable steps to preserve this ESI that they had a duty to preserve, *id.* at 19–22; and that "VGAL Brook's lost and/or destroyed ESI is relevant to Plaintiffs' claims," *id.* at 23. Judge Christel deferred ruling on what sanctions should be imposed and set a date for a hearing. Defendant Snohomish County filed Objections under Rule 72(a). Dkt. #240. The undersigned ruled "there is enough evidence on the record for Judge Christel to find that ESI was lost and/or destroyed by a preponderance of the evidence." Dkt. #243 at 3. The Court found "no factual errors in Judge Christel's order regarding the relevancy of the ESI…" *Id*. The Court found no error in Judge Christel's ruling that Snohomish County failed to take reasonable steps to preserve VGAL Brook's ESI prior to her death. *Id*. at 3–4. The Court will not revisit these findings.

After reviewing supplemental briefing and oral argument, Judge Christel now recommends the following sanctions against Snohomish County:

1. Plaintiffs are entitled to an adverse inference instruction related to the spoliated evidence to be determined at trial;
2. Snohomish County's motion for summary judgment is denied as to the federal claims alleged against Snohomish County;
3. Snohomish County must pay attorneys' fees and costs in the amount of $56,368.00.

Dkt. #251 at 9.

The Court reviews this R&R and the Objections *de novo* as the recommended sanctions are relevant to trial and could be deemed dispositive in nature. *See Apple Inc. v. Samsung Electronics Co., Ltd.*, 888 F.Supp.2d 976 (N.D. Cal. 2012).

Federal Rule of Civil Procedure Rule 37(e) states:

> (e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AT DKT. #251 - 2

> failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.

Defendant Snohomish County first argues the R&R erroneously relies on the Court's inherent authority to issue sanctions *in addition* to the authority under Rule 37(e). Dkt. #255 at 2 (citing, *inter alia*, the Rule 37 2015 Amendment Advisory Committee Notes; *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 335 (D. Ariz. 2022); *Newberry v. Cnty. of San Bernardino*, 750 Fed. Appx. 534, 537 (9th Cir. 2018). The Court agrees that Rule 37(e) sets forth the applicable standard in this case and that the Court cannot rely on its inherent authority.

Monetary sanctions are available under Rule 37(e)(1) because Plaintiffs have demonstrated, and Judge Christel has found, significant prejudice in this case including Plaintiffs' efforts to seek out other sources or reconstruct the spoliated evidenced. Snohomish County agrees that monetary sanctions are available under the above standard. Dkt. #255 at 5–6 ("…to the extent that the Court determines Plaintiffs did experience prejudice, the County does not object to the Magistrate's assessment of monetary sanctions.")

Snohomish County maintains that the remaining recommended sanctions are not available under Rule 37(e)(2) because there is no evidence that it "acted with the intent to deprive another party of the information's use in the litigation." *See* Dkt. #255 at 6.

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AT DKT. #251 - 3

Upon a careful review of the text of the Rule, the Court agrees. There is an insufficient factual basis to rule that Snohomish County acted with intent to deprive Plaintiffs of the information's use in this litigation for two reasons: first, the factual record establishes only a failure to preserve, not an intent to deprive, and second, this failure occurred prior to the instant litigation. Because the Court cannot make the required finding under Rule 37(e)(2), it cannot give an adverse instruction to the jury or use such as a basis to deny summary judgment.

Accordingly, having reviewed the Report and Recommendation, Defendants' Objections, Plaintiffs' Response, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) The Court ADOPTS IN PART and DECLINES IN PART the Report and Recommendation at Dkt. #251.

(2) The remaining portions of the Motion for Sanctions (Dkt. #186) are granted-in-part as follows: Sanctions are imposed against Snohomish County for spoliation of electronically stored information ("ESI") in the form reasonable attorneys' fees and costs in the amount of $56,368. Snohomish County is to pay this amount to Plaintiffs within thirty (30) days. The Motion is otherwise DENIED.

(3) The Clerk is directed to send a copy of this Order to Judge Christel.

DATED this 22nd day of March, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE