UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NYLYSHA STARVION BELAFON ARADON, et al., | Case No. C20-1665-RSM-DWC |
| Plaintiffs, | ORDER ADOPTING REPORT AND RECOMMENDATION ON SUMMARY JUDGMENT MOTIONS |
| v. | |
| SNOHOMISH COUNTY, et al., | |
| Defendants. | |

This matter comes before the Court on Magistrate Judge David W. Christel's Report and Recommendation ("R&R"), Dkt. #253, resolving the following Motions: Defendant Kristen Haugen's Second Renewed Motion for Summary Judgment, Dkt. #182; Defendant Susan Walker's Second Renewed Motion for Summary Judgment, Dkt. #188; and Defendants Snohomish County and Sara Di Vittorio's Renewed Motion for Summary Judgment, Dkt. #192. The Court has reviewed the parties' Objections, Dkts. #254 and #258, and Responses, Dkts. #260, #261, #262, and #264.

The relevant background has been summarized in previous Orders. *See* Dkt. #77.

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly

ORDER ADOPTING R&R ON SUMMARY JUDGMENT MOTIONS - 1

objected to."  *Id*.  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The Court reviews de novo those portions of the report and recommendation to which specific written objection is made.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiffs' Objections first argue the R&R errs in finding that "Defendant Walker met her burden of showing there were no genuine issues of material fact as to whether the functions Walker performed which resulted in her liability for violation of Plaintiffs constitutional rights to due process and negligence in their work as VGAL's were judicial, quasi-judicial or prosecutorial in nature, entitling her to immunities under law."  Dkt. #254 at 2.  The Court agrees with Judge Christel's conclusion that "Plaintiffs have not presented any admissible evidence that Defendant Walker did anything outside of her function as a GAL to prolong the dependency case."  There is no question of fact as to the actions of Defendant Walker that are at issue, and Judge Christel came to the correct legal conclusion as to their nature and her entitlement to immunity based on the record before him.  The Objections to an R&R are not a procedurally appropriate time to raise new arguments, especially in a case such as this, with a procedural history this long.  Plaintiffs otherwise fail to point to any valid legal or factual error as to Defendant Walker.  The Court rejects Plaintiffs "notwithstanding clause" argument as contrary to existing Supreme Court precedent.

Plaintiffs next object to dismissal based on the statute of limitations.  Judge Christel wrote on this topic:

> In this case, the Court finds the latest date Plaintiffs knew or had reason to know of the alleged injuries that form the basis of their causes of action in this case was May 17, 2017, when Judge Farris issued the Farris Memo…. Notably, this accrual date provides

> every benefit of the doubt to Plaintiffs, considering Judge Farris
> issued her oral termination ruling in September 2015, and her
> memorandum decision was the culmination of a years-long
> investigation into alleged wrongdoing by Defendants, initiated by
> Plaintiffs who also pursued parallel bar ethics complaints against
> the individual Defendants…. As Plaintiffs filed their Complaint in
> King County Superior Court on October 16, 2020, more than three
> years after Judge Farris entered the Farris Memo on May 17, 2017,
> all the claims of Plaintiffs Aradon and Hayes are time barred.

Dkt. #253 at 26.  The Court finds no error here.  Judge Christel discussed Plaintiffs' deprivation of parental rights argument (a focus of the Objections), finding "there is simply no merit to Plaintiffs' contention that they did not have standing to bring their case until their parental rights were 'restored' by the Washington Court of Appeals opinion… or even that the Washington Court of Appeals opinion 'restored' their parental rights." *Id*.  After reviewing the Objections, the Court agrees again with Judge Christel.  While the statute of limitations period is determined by state law, the "accrual date" or date the statute of limitations begins to "run" in a Section 1983 case is determined by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Pouncil v. Tilton*, 704 F.3d 568, 573  (9th Cir. 2012). "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996).  Plaintiffs have failed to convince the Court that the termination of their parental rights affected their standing to bring the instant claims on behalf of themselves so as to toll the statute of limitations.  The Court finds there was not a continuous course of conduct that could alter Judge Christel's analysis as to the accrual date under federal law.

Defendant Snohomish County has also filed Objections.  It first objects to dismissal of its Summary Judgment Motion as a sanction.  Dkt. #258 at 2.  The Court has already declined to adopt that recommendation, *see* Dkt. #268, so any further discussion is now moot.

ORDER ADOPTING R&R ON SUMMARY JUDGMENT MOTIONS - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Snohomish County next "generally objects to R&R's application of *Monell* as to each of Plaintiff's federal constitutional claims against the County." Dkt. #258 at 2. The R&R, in summarizing this issue, found "a genuine factual dispute whether, assuming the VGAL program had a de facto policy of failing to train its staff, that policy was the 'moving force' behind Plaintiff's alleged constitutional violations." Dkt. #253 at 38. Snohomish County argues that it could not be the cause of any "prolonged seizure" under the Fourth Amendment because the state removed A.H., not the County. Dkt. #258 at 3. Similarly, Snohomish County states that it was not the "moving force" behind substantive due process claims because there was no "direct causal link" between the alleged VGAL misconduct and Plaintiffs' deprivation of familial relationship rights, which was done by the state. *Id.* at 8–9. Snohomish County also argues it could not have been the cause of any deprivation of due process rights, because Plaintiffs "were afforded and continue to be afforded considerable process under state law regarding their parental rights to A.H." *Id*. at 7. The Court finds that all of these arguments are best left for the jury, as there appears to be a valid legal path to bring these claims against Snohomish County, depending on how the facts shake out, and because these causation questions turn on genuine disputes of material fact.

Finally, addressing the negligent administration state law claim, Snohomish County objects to "the Magistrate's conclusory determination that '[t]he County vis-a-vis the VGAL Program owed a duty of care to Plaintiff A.H.'" Dkt. #258 at 10 (citing Dkt. #253 at 43). Snohomish County argues that "[n]o Washington case law supports the conclusion that it would be appropriate to expand the State's duty regarding foster care placement to apply to county operated VGAL Programs." *Id*. at 11. Snohomish County does not cite any case that stands directly opposed to Judge Christel's legal analysis. The absence of a case directly on

ORDER ADOPTING R&R ON SUMMARY JUDGMENT MOTIONS - 4

point is not a barrier to Plaintiffs pursuing this claim given the extreme and unusual nature of what happened in this case, substantively and procedurally.  The Court finds it appropriate to conclude that the VGAL program owed a duty of care to Plaintiff A.H.

Accordingly, having reviewed the Report and Recommendation, the Objections and Responses of the parties, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1)  The Court ADOPTS the Report and Recommendation at Dkt. #253.

(2)  Defendant Haugen's Motion for Summary Judgment, Dkt. #182, is GRANTED.

(3)  Defendant Walker's Motion for Summary Judgment, Dkt. #188, is GRANTED.

(4)  Defendants Di Vittorio and Snohomish County's Motion for Summary Judgment, Dkt. #192, is GRANTED IN PART AND DENIED IN PART. The Motion is DENIED as to Plaintiff A.H.'s federal claims and state law claim of negligent administration of the parental dependency and termination alleged against Snohomish County. All claims against Defendant Di Vittorio are DISMISSED. All claims seeking relief on behalf of Plaintiffs Nylysha Starvion Belafon Aradon, Carey Allen Hayes, and A.L. are DISMISSED with prejudice. The state law claims for negligent infliction of emotional distress, outrage, and negligent investigation are DISMISSED as to Plaintiff A.H.

(3)  The Clerk is directed to send a copy of this Order to Judge Christel.

DATED this 22nd day of March, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE