UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NYLYSHA STARVION BELAFON ARADON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SNOHOMISH COUNTY, et al.,<br><br>Defendants. | Case No. C20-1665-RSM-DWC<br><br>ORDER RE: MOTIONS IN LIMINE |

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff's Motions in Limine, Dkt. #265, and Defendants' Motions in Limine, Dkt. #266.[1]  The Court has determined it can rule on these Motions without oral argument.  For the reasons below, these Motions are GRANTED, DENIED, and DEFERRED as stated below.

## II.  AGREED MOTIONS IN LIMINE

Defendants have included in their filing a list of "Uncontested" motions. Dkt. #266 at 18–20.  The Court grants these motions as follows: the Court will not allow "golden rule" arguments as defined by the parties; the Court will exclude under FRE 411 evidence or

---

[1] After these Motions were filed, but before responsive briefing, the Court dismissed all claims brought by Plaintiff parents. Dkt. #269.  Only claims brought by Plaintiff A.H. will proceed to trial.  *See* Dkt. #277.  The Court will therefore refer only to "Plaintiff" as the moving party.

ORDER RE: MOTIONS IN LIMINE - 1

argument regarding insurance coverage; the Court will exclude under FRE 403 reference to the County's VGAL Program as a "parental dependency and termination program;" the Court will exclude witnesses from the courtroom before they testify unless they are a party. The Court will exclude as hearsay quotations or citations to Judge Farris's 2016 post-recusal memorandum. Such cannot be used to prove the truth of those findings. The Court will deal with other references to prior judicial filings on a case-by-case basis.

### III.   PLAINTIFF'S MOTIONS IN LIMINE

1. Plaintiff first moves to exclude evidence or argument that minor child A.H. contributed to or failed to mitigate her own damages. Defendants' response to this Motion is one word: "agreed."[2] This Motion is GRANTED.

2. Plaintiff moves to dismiss the defense that the parents are "third parties at fault" because they are not alleged to have acted in an "intentional or willful or wanton manner." Dkt. #265 at 3. These arguments should have been raised earlier as a motion to dismiss or at summary judgment. Plaintiff cites to cases discussing the "parental immunity doctrine." Defendants cite cases indicating that this doctrine only applies when the parents are acting *within* their parental capacity, and argue that the parents here are alleged to be at fault for actions *outside* their parental capacity, including failing to "make sufficient progress in their court-ordered remedial services." Dkt. #266 at 3–4. So long as Defendants stick to evidence of actions outside their parental capacity, such can be used to support this defense. This Motion is DENIED.

---

[2] The Court notes that the parties' approach to motions in limine has been disorganized and unprofessional. The parties should have agreed to this and other no-longer-contested motions when they met and conferred on March 17, 2023, and presented them as a single set of agreed motions. Further, Defendants spend time criticizing Plaintiff for "stating disputed facts and legal conclusions as if they are verities," Dkt. #265 at 1 n.1, but fail to address Plaintiff's last six motions.

ORDER RE: MOTIONS IN LIMINE - 2

3. Plaintiff moves to exclude argument that "any of the rulings of the Snohomish County Superior Court constituted a 'superseding' cause and/or that there were any 'intervening' or 'superseding intervening' causes of A.H.'s injuries."  From the briefing, it appears clear that Defendants are only going to discuss *subsequent* court rulings, not those that occurred prior to their alleged tortious conduct.  All other issues raised by the parties, including foreseeability and whether court rulings were made by an "informed" decision-maker, turn on questions of fact and are best left to the jury.  This Motion is DENIED.

4. Plaintiff seeks to exclude "the content of unabridged DSHS Court Reports, Caretaker Reports, Social Worker Reports and numerous emails and exhibits sent to and from VGAL Brook to the foster mother."  Plaintiff specifically cites to Defendant Exhibits 520, 540, 508-513, and 514-529, which include "documents sent by VGAL Brook to the foster mother, caregiver reports filed by the foster mother in court, and social worker and ISSP reports submitted to the dependency court."  Plaintiff argues that such exhibits are hearsay, irrelevant, and more prejudicial than probative.  On the other hand, Plaintiff hopes to rely on the fact that these documents were sent to prove her case.  Defendants need to refer to the content of these documents to prove that the state court would have separated A.H. from the parents regardless of their actions.  It does not appear possible for either party to present their case to the jury without revealing this content.  The Court finds that these documents, though prejudicial, are relevant and highly probative.  It is likely that a limiting instruction will be necessary at the outset of the case or when such documents are introduced to the jury.  This Motion is DENIED.

ORDER RE: MOTIONS IN LIMINE - 3

The Court may exclude the content of exhibits if it can be shown that such were not submitted in dependency proceedings or otherwise relevant to any defense.

5. Plaintiff moves to exclude "the content of an unabridged Seattle Police Department report on Carey Hayes, but not the fact that that record was sent from VGAL Brook to Deborah Collins, the adoption representative of the foster mother." This Motion is DENIED for the reasons discussed in MIL 4.

6. Plaintiff moves to exclude "evidence to prove the truth of the matter that the parents are 'horrible parents, have had at least ten children that have all been terminated, are criminals, are drug dealers, are drug addicts, have stolen people's identity, that they never do any services and are never going to do anything to get A.H. back' as stated by VGAL Brook to the foster mother." However, Plaintiff argues "the Court should admit the fact that VGAL Brook made these statements to the foster mother and the circumstances surrounding such statements." The Court cannot exclude these statements *and* admit the fact that the statements were made. Rather, as Plaintiff suggests in the next sentence, the Court will need to issue a limiting instruction. This Motion is DENIED for the reasons discussed in MIL 4.

7. Plaintiff moves that "the Court should exclude evidence to prove the truth of the matter that the 'food list' for A.H. created by foster mother was created in conjunction with A.H.'s allergist but should admit evidence that Brook and Walker untruthfully claimed it was." This is not a proper motion in limine, and no evidentiary rules are cited. If Defendants present evidence on this issue, Plaintiff is free to demonstrate otherwise with evidence and argument. DENIED.

ORDER RE: MOTIONS IN LIMINE - 4

8. Plaintiff moves the Court to "exclude the content of any rulings or orders entered by Chelan County Judge Small regarding any topic because those orders were set aside by the Court of Appeals in its opinion," pointing to FRE 403 and jury confusion, and offering only a single sentence of analysis on this issue. Defendants argue that Judge Small "assumed jurisdiction of A.H.'s dependency case… upheld the termination of rights order, and denied the mother's motion for sanctions against the VGAL Program," and that this "is yet another superseding/intervening cause of Plaintiff's damages." Plaintiff has failed to present sufficient argument at this time that any of this is more prejudicial than probative or that such will confuse the jury. DENIED.

9. Plaintiff moves to "exclude evidence that the birth parents were living together in violation of a court order" as hearsay and more prejudicial than probative under FRE 403. Plaintiff also argues that such suggests the "fault" of the parents. However, such may explain the actions of the state court in the dependency proceedings, which will support Defendants' intervening cause defense without reliance on the truth of the matter asserted. Such is highly probative, and this issue does not seem significantly prejudicial given the rest of the record being presented to the jury. DENIED.

10. Plaintiff moves to "exclude evidence of the alleged 'fault' of DSHS or the social workers assigned to the dependency of A.H." Plaintiff does not cite any rule of evidence, arguing instead that "A.H.'s recovery of full compensatory damages cannot be reduced by any negligence of a third party" and that DSHS and the social workers cannot legally be assigned fault. Defendants assert that they are "not affirmatively alleging DSHS violated any duty; that the foster parent acted improperly; or that there was any need for A.H. to be removed from her placement with foster parent J.B.,"

ORDER RE: MOTIONS IN LIMINE - 5

but to the extent Plaintiff intends to argue the foster parent was unfit, acted unlawfully, or A.H. should have been removed from her care, "Defendant intends to present evidence to the jury that this is the duty of DSHS, not the VGAL, and further point out Plaintiff has not sued DSHS or taken issue with the Department's decision to leave A.H. with the foster mom." Dkt. #272 at 12.  Defendants are free to accurately describe the duties of DSHS and the VGAL program.  Indicating to the jury that Plaintiff has not sued DSHS or taken issue with the Department's decision to leave A.H. with the foster mom may be objectionable.  DEFERRED.

11. Plaintiff moves to "preclude counsel from repeating, referring to, or mentioning any sidebar remarks or non-evidentiary statements made during the testimony of any of the witnesses who have testified in this case."  Defendants agree.  GRANTED.

12. Plaintiff does not want exhibits published to the jury until they have been admitted. Plaintiff wants this to apply to "demonstrative" exhibits but not "illustrative" exhibits. Defendants agree in principle but are unclear about the distinction between demonstrative and illustrative.  GRANTED IN PART, DEFERRED IN PART.  The Court can deal with individual demonstrative/illustrative exhibits at trial.

13. Plaintiff moves to preclude counsel from referring to objections to discovery requests or discussing discovery disputes under FRE 402 and 403.  Defendants argue that such may be relevant and that the Court should reserve ruling, but do not provide a fuller explanation.  Discovery disputes are almost always excluded at trial, and Defendants fail to present an adequate basis for presenting such to the jury.  It would prejudice Plaintiff's ability to prepare for trial to defer ruling on this issue.  GRANTED.

ORDER RE: MOTIONS IN LIMINE - 6

14. Plaintiff moves for the Court to exclude testimony about "the probable testimony of a witness who is absent, unavailable, or not properly identified or called to testify in this case." Defendants argue that they should be able to challenge Plaintiff's lack of evidence. The Court agrees with Plaintiff that witnesses should not testify about the above subject *and* agrees with Defendants that they will be able to challenge Plaintiff's lack of evidence in closing. GRANTED.

15. The parties will inform the Court and each other as to the identification of live witnesses they intend to call with 24 hours-notice. GRANTED. Defendants want the same notice for the presentation of evidence by transcript, but cite no legal basis for such a demand.

16. The parties agree not to discuss the effect of a jury verdict on the County budget or taxpayers. GRANTED.

17. Plaintiff moves to preclude questions as to Plaintiff's "motivation for secondary gain" under FRE 401 and 403. The Court agrees with Defendants that this motion is not sufficiently explained or briefed. DEFERRED.

18. Plaintiff moves to preclude "references to how Plaintiff might use the proceeds of any judgment or that her parents may access it" under FRE 401 and 403. Plaintiff discusses the use of a GAL in this case and that a trust account will be set up for any jury verdict or recovery. Defendants argue they have "a right… to impeach witnesses and present their bias and motivation for providing testimony at trial." Defendants believe the parents may mislead the jury by saying they will try to help A.H. with the proceeds, but will not or cannot given that "Plaintiff has still not been returned to the full custody of the parents." This is speculation. Such is insufficient to overcome the low probative

ORDER RE: MOTIONS IN LIMINE - 7

value and high prejudice that would occur from a discussion of how the proceeds in this case will be used. This type of argument is properly excluded under FRE 403. GRANTED. Nothing in this ruling prevents Defendants from directly impeaching witness testimony, or from discussing this issue if Plaintiff opens the door to its relevancy.

19. Plaintiff moves to exclude discussions of attorney fees, how Plaintiff employed her current attorneys, or details of the fee agreements or legal advice. GRANTED.

20. Plaintiff moves to exclude an attorney's personal opinion, citing RPC 3.4(e). Defendants fail to respond. GRANTED.

21. Plaintiff requests "adequate notice and an opportunity to review and verify the accuracy of exhibits that will be used by defendant at trial for illustrative or demonstrative purposes before presentation." Defendants fail to respond. GRANTED.

22. Plaintiff moves to exclude argument along the lines of "Plaintiff filed this lawsuit for the money" or in hopes of "winning the lottery." Defendants fail to respond. The Court does not expect Defendants to use these or similar phrases. GRANTED.

23. Plaintiff moves the Court to permit the use of illustrations, videos, evidence, and PowerPoint presentations during opening statements so long as such are exchanged by the parties prior to use, objections are permitted to be made to the Court, and that such are not shown until the Court rules on those objections. Defendants fail to respond. GRANTED.

24. Plaintiff moves to exclude non-party witnesses under FRE 615. Defendants fail to respond. The Court has already addressed this issue above. GRANTED.

ORDER RE: MOTIONS IN LIMINE - 8

25. Plaintiff moves to preclude any reference to motions in limine. Defendants fail to respond. GRANTED.

### IV. DEFENDANTS' MOTIONS IN LIMINE

1. Defendants first move to exclude all witnesses and evidence not timely disclosed by Plaintiff. Plaintiff's response limits what is at issue to four witnesses (Colleen Stark-Bell, Anne-Marie Holloway, Taylor Black, and Anne Black) and roughly 30 exhibits (reports to the Court and emails and comments to each other and the former foster mother Jamie Bialek about the emotional health of A.H.), essentially abandoning a defense of any other witnesses or exhibits untimely disclosed. Defendants move to exclude everything not timely disclosed or produced in discovery, citing Rule 37(c)(1), which states, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence… at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1) is an "automatic" sanction that prohibits the use of improperly disclosed evidence. *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021). It "is automatic in the sense that a district court *may* properly impose an exclusion sanction where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless." *Id.* (emphasis in original). Defendants present sufficient evidence that certain witnesses and exhibits were not timely disclosed, and in fact were disclosed after the discovery cutoff in a haphazard and unprofessional way. Plaintiff does not dispute this. The Court need not get into the details of any earlier discovery dispute. The burden is on Plaintiff now to demonstrate that her failure to disclose was substantially justified or harmless. Plaintiff first argues that "[a]t the

time of Plaintiff's initial Rule 26 disclosures, Plaintiff's counsel did not know of Colleen Stark-Bell, Anne-Marie Holloway or Taylor and Anne Black." This is not dispositive, as Rule 26(e) requires *supplementation* of initial disclosures. Plaintiff argues that disclosure of witnesses after the discovery cutoff was harmless because Defendants could have moved to reopen discovery. The Court disagrees. Plaintiff has failed to demonstrate any clear justification for her behavior, and it has harmed Defendants' ability to prepare for trial. This Motion is GRANTED.

2. Defendants move to exclude "evidence and argument regarding events that occurred after Defendant's involvement in A.H.'s dependency proceedings completely ceased" citing FRE 401 through 403. This is evidence to support damages and whether Plaintiff can demonstrate proximate cause. Defendants appear to make two arguments—first, that events that occurred after they allegedly stopped harming Plaintiff are flatly irrelevant, and second that such events will confuse the jury because A.H. went through subsequent legal proceedings that did not involve Defendants. The first argument is easily rejected. As pointed out by Plaintiff's car crash analogy, what happens after a defendant leaves the scene of an accident (the hospital stay, the surgeries) is relevant to prove damages. The second argument is trickier. However, the Court believes the proper solution here is to allow Defendants to object at trial to specific testimony on relevance grounds, and to allow Defendants to argue at closing what events they can and cannot be liable for, and to discuss superseding and intervening causation. DEFERRED.

3. Defendants' third motion is to exclude testimony from Adam Ballout, Colleen Stark-Bell, and Dr. Marian Harris regarding A.H.'s dependency and damages from witnesses

ORDER RE: MOTIONS IN LIMINE - 10

who lack personal knowledge. Colleen Stark-Bell is already being excluded for failure to disclose. The Court is convinced that Adam Ballout can testify as to his personal observations and first-hand knowledge. Dr. Harris is being called as an expert witness and can therefore testify outside of her personal knowledge. Specific objections can be made at trial. If Plaintiff fails to present adequate evidence to support her claims through these or other witnesses, Defendants can move to dismiss claims at the close of Plaintiff's case. DEFERRED.

4. Defendants move to exclude "any evidence or argument that suggests the VGAL Program or Snohomish County had authority to remove A.H. from her biological parents, place her in foster care, or monitor her foster parents." Plaintiff states she "will not argue that the VGAL Program by itself entered the order to place A.H. in dependency or terminate parental rights." Dkt. #270 at 17. The parties are free to describe the duties and authorities of the various actors in this case, but may not misstate the law. DEFERRED.

5. Defendants move to preclude reference to the VGALs in this case as "social workers" or to a conflation of the two terms. Plaintiff agrees. GRANTED.

6. Defendants move to exclude evidence or argument regarding alleged damages to A.H.'s cultural identity under FRE 401 and 403. Defendants argue that they cannot be liable for such damages; the Court disagrees with granting this Motion based on those arguments. Defendants assert that such a theory of damages was not pleaded and that they did not have "fair notice" of this allegation. Plaintiff has failed to directly respond to this Motion. The Court is inclined to grant for lack of notice. However, given the disorganized way in which these Motions have been briefed, and the thin argument

ORDER RE: MOTIONS IN LIMINE - 11

from Defendants, the Court will instead DEFER ruling on this Motion to the start of trial and hear oral argument from both sides.

7. Defendants move to exclude evidence and argument of subsequent remedial measures citing FRE 407. Several years after A.H.'s termination trial, Snohomish County replaced its VGAL Program with a Court Appointed Special Advocate ("CASA") Program. Plaintiff responds that, under FRE 407, remedial measures may be admitted for purposes of "impeachment or – if disputed – proving ownership, control, or the feasibility of precautionary measures." The Court would have expected Plaintiff to then argue that she needs to discuss the CASA program as impeachment, or to prove ownership or control, or the feasibility of precautionary measures. Instead, Plaintiff states only, "[u]nless the County concedes it was empowered to use the CASA system rather than the VGAL Program, the evidence should be admitted." Dkt. #270 at 18. This appears to point to the feasibility of precautionary measures, but actually does not make any argument at all. The Court will exclude any evidence or argument of subsequent changes implemented by Defendants. GRANTED.

## V. CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the above Motions in Limine are GRANTED, DENIED, AND DEFERRED as stated above.

DATED this 2nd day of June, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER RE: MOTIONS IN LIMINE - 12