UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NYLYSHA STARVION BELAFON ARADON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SNOHOMISH COUNTY, et al., <br><br> Defendants. | Case No. C20-1665-RSM <br><br> ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff A.H.'s Motion for Reconsideration of the Court's ruling on Defendant Snohomish County's first Motion in Limine. Dkt. #292. Defendant sought to exclude all witnesses and exhibits not properly disclosed until after the discovery cutoff, citing Rule 37(c)(1), which states, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence… at a trial, unless the failure was substantially justified or is harmless." The Court granted the Motion, stating:

> Defendants present sufficient evidence that certain witnesses and exhibits were not timely disclosed, and in fact were disclosed after the discovery cutoff in a haphazard and unprofessional way. Plaintiff does not dispute this. The Court need not get into the details of any earlier discovery dispute. The burden is on Plaintiff now to demonstrate that her failure to disclose was substantially justified or harmless.

ORDER DENYING MOTION FOR RECONSIDERATION - 1

Dkt. #286 at 9. Plaintiff did not satisfy this burden. Plaintiff's only argument to justify her failure to disclose was that, at the time of the initial Rule 26 disclosures, counsel did not know of these witnesses. This is not dispositive, as Rule 26(e) requires supplementation of initial disclosures. In arguing that the failure was harmless, Plaintiff spent significant time talking about the importance of these witnesses and exhibits and Defendant's lack of diligence pursuing discovery, quickly glossing over the fact that Defendant would have had to move to reopen discovery in order to depose these witnesses or to follow up on any questions from the exhibits produced after the cutoff. The Court found Plaintiff failed to demonstrate substantial justification and that this has harmed Defendant's ability to prepare for trial. *Id*. at 9–10.

Plaintiff asks the Court to reverse its decision to strike witnesses Colleen Stark-Bell, Anne Black, and Taylor Black, as well as "the decision to exclude all documents formally produced by Plaintiff after the discovery cut-off in 2021." *Id.* Plaintiff flips the above burden of proof, asserting that Defendant made no showing of prejudice, surprise, or harm flowing from the timing of these disclosures and highlighting that the Court failed to apply Plaintiff's preferred five-factor test for determining whether a party's Rule 26 violation was harmless. *See id*. at 3 (citing *Bal Seal Eng'g, Inc. v. Nelson Prod., Inc.*, 2019 WL 7865198, at *1 (C.D. Cal. Oct. 17, 2019); *San Francisco Baykeeper v. West Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011)); Dkt. #270 at 4 (citing same).

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters

ORDER DENYING MOTION FOR RECONSIDERATION - 2

being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2).

The five-factor test from *Bal Seal* and *Baykeeper*, *supra*, comes from the Fourth Circuit. It is cited in scores of California cases but has been noted only once by the Ninth Circuit Court of Appeals when discussing situations where "the sanction amounted to dismissal of a claim," although the factors themselves were not applied. *R & R Sails, Inc. v. Ins. Co. of the Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012). It is the Court's understanding that this test has not been cited in the Western District of Washington.

The Court considered and declined to apply this test. Even if it had, the burden would remain on Plaintiff to demonstrate that her failure to disclose was substantially justified or harmless. Even though some factors favor Plaintiff, the final factor is "the nondisclosing party's explanation for its failure to disclose the evidence," which the Court has already found lacking and continues to find lacking. While the harm caused by the failure to disclose could possibly have been mitigated by a reopening of discovery and further delay of trial, given the tortured procedural history of this case, the Court concluded and continues to conclude that such would not be "harmless" to Defendant.

Plaintiff also argues that certain exhibits it did not produce before the discovery cutoff were "already in the possession of Defendant and were produced by them [after the discovery cutoff," Dkt. #292 at 5, and that other exhibits were not produced prior to the discovery cutoff because they were first produced to both parties after that date, *id.* at 7. The Court finds that Plaintiff failed to adequately address these exhibits in response to Defendant's Motion in Limine. *See* Dkt. # 270. There is thus no requirement for the Court to reconsider the Court's ruling. However, in order to provide clarity, the Court finds that exhibits that were in

ORDER DENYING MOTION FOR RECONSIDERATION - 3

Defendant's possession but not disclosed or produced by Plaintiff fall within the scope of the Order and are inadmissible. Exhibits that originated from a September 2022 production to both parties at the same time are arguably outside the Court's ruling, and the Court will entertain argument on that point at the start of trial, if necessary.

Plaintiff has failed to demonstrate manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. Accordingly, the instant Motion will be denied.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff A.H.'s Motion for Reconsideration, Dkt. #292, is DENIED.

DATED this 21st day of June, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION - 4