UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.H., a minor,<br><br>    Plaintiff,<br><br>vs.<br><br>SNOHOMISH COUNTY and its SNOHOMISH COUNTY SUPERIOR COURT, and the SNOHOMISH COUNTY VGAL PROGRAM<br><br>    Defendants. | No. 2:20-cv-01665-RSM<br><br>ORDER OF THE COURT APPROVING MINOR SETTLEMENT |

**ORDER**

This matter comes before the Honorable Ricardo S. Martinez, United States District Judge, pursuant to the Motion for Approval of Settlement of the claims for A.H., a minor. Dkt. #297. The minor is represented by her attorneys, Patrick A. Trudell of Kornfeld, Trudell, Bowen & Lindquist, PLLC, and Michael Withey, of the Law Offices of Michael Withey, and by her Court-appointed Guardian Ad Litem ("GAL"), attorney Jo-Hanna Read.

The Court has considered the records and filings herein, which included the Motion for Approval of Minor Settlement and Settlement Trust, and the Report of the Guardian ad Litem regarding the adequacy of this settlement and was fully advised.

The Court hereby ORDERS, ADJUDGES AND DECREES as follows:

1. <u>Amount of Settlement</u>.  The total settlement consisting of up-front cash and future periodic payments with a present cash cost of $575,000 to Snohomish County on behalf of A.H. as set forth in the Motion for Approval of Settlement, is approved.

ORDER APPROVING MINOR SETTLEMENT - 1

KORNFELD TRUDELL BOWEN &
LINDQUIST, PLLC
4055 Lake Washington Blvd NE, Suite 240
Kirkland, Washington 98033
425.822.2200 Telephone
425.822.0783 Fax

2. <u>Execution of Release</u>.  Guardian ad Litem Jo-Hanna Read is authorized to execute a full and complete release of A.H.'s claims, as well as any supplemental documentation required to effectuate the terms of settlement, such as a Periodic Payment Agreement.

3. <u>Attorney's Fees and Costs</u>.  The requested attorney fees represent one-third of the settlement amount and are found to be reasonable.  The requested costs of $128,504.8, however, include an $80,000 fee for the guardian ad litem that the Court finds excessive.[1]  The Court was surprised to see such a high figure given its understanding of the role of a GAL.  Ms. Read's billing records include dozens of entries for reviewing court filings.  This is not unusual, but such review, standing in the shoes of the minor, should not have taken more than an hour or two each time.  To take more time frankly duplicates the work of Plaintiff's attorneys.  A request to be paid $350 an hour to simply "review" opposing counsel's motions for hour after hour would not be approved by the Court absent a good explanation.  None is provided here.  Instead, the billing descriptions are terse and opaque, almost cryptic.  For example, on March 7, 2022, GAL Read billed 3.00 hours for "Review documents: court filings." Dkt. #300 at 9.  On October 15, 2022, she billed 5.60 hours for "Review documents: motion and declaration; Telephone with attorneys." *Id*. at 7.  This is also improper block-billing.  On October 27, 2022, she billed 8.00 hours for "Review documents: motions." *Id.*  This entry is, at best, poor record keeping; at worst it is patently incredible.  Few attorneys could stand the tedium of reviewing "motions" for eight hours, and again GAL

---

[1] The Court notes that former Plaintiff Nylysha Aradon, a parent of A.H., expressed her "displeasure" with GAL Read's fees to Plaintiff's counsel, and this was documented in a submitted declaration.  *See* Dkt. #298 at 6.

ORDER APPROVING MINOR SETTLEMENT - 2

Read's primary duty was to be standing in the shoes of a minor, not acting as that minor's attorney. On August 3, 2023, she billed 5.20 hours for "Review documents: from atytorney [sic]." *Id*. at 3. The next day there is an entry that states, simply, "Review documents: ." *Id*. There are many other entries for reviewing "documents" that are five hours or greater. No reasonable GAL or attorney should bill that much time for document review without a more detailed explanation. On September 22, 2023, there is an entry for an unbelievable 23.90 hours with the description "Telephone with Angela Macey-Cushman re trust; Drafting documents : report." *Id*. at 3. GAL Read asks the Court and the parties to believe she worked 23.90 hours of *billable time* in a single day. Once again, this is either very slapdash record-keeping, combining tasks from several days in one entry, or flat out fallacious. This is particularly troubling, problematic, and only made worse considering the underlying issue in this case was the unprofessional behavior of a GAL. The undersigned is familiar with Ms. Read. She has served as a GAL in many cases throughout her long career and has generally received favorable reviews. Conceivably, this may all be a matter of inattentive record-keeping and nothing more. Regardless, the Court cannot accept her requested fees with this documentation. Ms. Read's submitted billing records total 345 hours, billed at $350 an hour, for a total of $120,750, which she has volunteered to reduce to $80,000 with little explanation. *See id.* at 2 ("I do not want to overly deplete the net settlement going to A.H.'s benefit, so I propose to decrease my outstanding fees to $80,000.00, a reduction of approximately one third)." The Court finds this reduction inadequate given the above and will further reduce the cost of her fees down to $65,000. The Court calculated this reduction by striking vague, duplicative, excessive, and block-billed entries and rounding to a reasonable number given

ORDER APPROVING MINOR SETTLEMENT - 3

KORNFELD TRUDELL BOWEN &
LINDQUIST, PLLC
4055 Lake Washington Blvd NE, Suite 240
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

the circumstances. The Court will therefore award costs in the amount of $113,504.81 and attorney fees in the amount of $191,666.67.

   4. <u>Payment of Settlement.</u> Snohomish County is directed to make the following payments:

    A. **<u>Up Front Cash Payment:</u>** Snohomish County shall pay $375,000.00 to the [A.H.] Recovery Trust (also "Claimant") , which shall be distributed as follows:   The Plaintiff Recovery Trust is then authorized to disburse the settlement funds to pay to Patrick Trudell the above-referenced attorney's fees and costs, and Plaintiff Recovery Trust fees, and to pay the net amount to Summit Fiduciary Services on behalf of A.H. to fund the [A.H.] Settlement Trust.

    B. **<u>Structured Settlement a/k/a Future Periodic Payments:</u>** Snohomish County shall pay $200,000.00 to MetLife Assignment Company, Inc., to fund the following future periodic payment obligation to the A.H. Settlement Trust (also "Payee"):

> Period Certain Annuity - $15,133.90 payable annually, guaranteed for 15 year(s), beginning on 02/01/2024, increasing at a rate of 3.00% compounded annually, with the last guaranteed payment on 02/01/2038.

Snohomish County (the "Obligor") shall transfer the obligation to make the future periodic payments set forth above to **MetLife Assignment Company, Inc.** ("the Owner"). The Owner shall fund the obligation to make the future periodic payments by the purchase of an annuity contract(s) from **Metropolitan Tower Life Insurance Company**. The Owner shall be substituted as obligor of such future periodic payments for the Obligor, as the Obligor and its insureds shall be released from any further obligation to make said future periodic payments. The Owner shall be the sole owner of the annuity contract(s). None of the periodic payments (including any Claimant's or Payee's rights to such payments), or any portion thereof, may be accelerated, deferred, increased, or decreased, anticipated, sold, assigned,

ORDER APPROVING MINOR SETTLEMENT - 4

KORNFELD TRUDELL BOWEN &
LINDQUIST, PLLC
4055 Lake Washington Blvd NE, Suite 240
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

pledged, or encumbered by any Claimant or Payee (or by any other person who becomes a recipient of periodic payments pursuant to the terms of the Periodic Payment Agreement or by operation of law).

     5.     The above-listed checks shall be issued within thirty (30) calendar days of the date of this order.  While the premium check in the amount of $200,000.00 used to fund the structured portion of this settlement shall be made payable to MetLife Assignment Company, Inc., it shall be delivered for processing to Anthony V. Alfieri (WSBA #24036) of Settlement Professionals Inc. located at 13220 NE 80th St, Redmond, WA 98052.

     6.     The [A.H.] Settlement Trust submitted by GAL Read is approved. The trust should be submitted to the King County Superior Court for ongoing monitoring and supervision.

     7.     The Settlement Guardian ad Litem shall be discharged upon completion of all actions necessary to complete this settlement, including transfer of the Settlement Trust to King County and completion of all necessary payments and paperwork referenced herein.

     8.     The Court approves in full the recommendations of the Settlement Guardian ad Litem for the initial funding of the A.H. Settlement Trust and structuring of this settlement as set forth above.

     9.     All parties shall cooperate in executing the settlement documentation required to effectuate the terms of this settlement.

//

//

//

ORDER APPROVING MINOR SETTLEMENT - 5

KORNFELD TRUDELL BOWEN &
LINDQUIST, PLLC
4055 Lake Washington Blvd NE, Suite 240
Kirkland, Washington 98033
425.822-2200 Telephone
425.822-0783 Fax

DATED this 30th day of October, 2023.

                                                               *[signature]*

                                                      RICARDO S. MARTINEZ
                                                      UNITED STATES DISTRICT JUDGE

ORDER APPROVING MINOR SETTLEMENT - 6

**KORNFELD TRUDELL BOWEN &**
**LINDQUIST, PLLC**
4055 Lake Washington Blvd NE, Suite 240
Kirkland, Washington 98033
425.822.2200 Telephone
425.822.0783 Fax